Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
200 W 57th Street, Suite 900
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
VERONICA ROBLEDO, Individually And On Behalf Of
All Other Persons Similarly Situated,

                                *Plaintiffs*,

             -against-

No. 9 PARFUME LEASEHOLD, INC. a/k/a
BOND No. 9 PARFUME LEASEHOLD, INC. a/k/a
BOND ON BROADWAY a/k/a
BOND No. 9 a/k/a and d/b/a
BOND No. 9 FRAGRANCE, INC.,
LAURICE & BLEECKER CORP.,
LAURICE MADISON, LTD.,
LAURICE SOUTHAMPTON, INC.,
LAURICE WASHINGTON, LTD,
LAURICE EL BADRY RAHME, LTD.,
LAURICE & CO. a/k/a LAURICE & CO. UPTOWN, INC., and
LAURICE RAHME, Individually,

                                *Defendants*.
------------------------------------------------------------------------X

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

<u>**NATURE OF ACTION**</u>

1.    Plaintiff alleges on behalf of herself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive over time premium pay, as required

by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.      Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.*

## VENUE AND JURISDICTION

3.      This Court has subject matter jurisdiction over this proceeding to 28 U.S.C. §§ 1331, 1337, and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff, VERONICA ROBLEDO ("ROBLEDO"), was, at all relevant times, an adult individual, residing in the State of New York, Bronx County.

7.      Upon information and belief, No. 9 PARFUME LEASEHOLD ("BOND No. 9") the Defendant herein, at all times hereinafter mentioned, was and still is, a global organization that maintains stores throughout the United States, including but not limited to New York, California, Oklahoma, Connecticut, Florida, Alabama, Louisiana, Virginia, and Missouri, and that is duly organized and existing under and by virtue of the laws of the State of New York,

duly engaged in business in the State of New York, with its principal place of business at 9 Bond Street, New York, NY 10012.  BOND No. 9 is a privately owned company that sells high-end perfumes, was responsible for managing Plaintiff, and was responsible for paying Plaintiff's wages.

8.      BOND No. 9 products are sold worldwide in several countries.

9.      Furthermore, BOND No. 9 products are sold nationwide via strategic cooperation with both Saks, Inc. and Nordstrom, Inc., wherein BOND No. 9 manages sales stations and controls all aspects of employer-employee relationships including hiring and firing, excepting payment, which payment is made first to Saks, Inc. or Nordstrom, Inc., which then pays the employees who are under BOND No. 9 control and supervision.

10.      In the New York City region, BOND No. 9 products are sold as set forth in the paragraph above.  In addition, the products are sold through BOND No. 9 boutiques, the employees of which are under control and supervision of BOND No. 9.

11.      Upon information and belief, LAURICE RAHME ("RAHME"), the Defendant herein, owns, operates and controls the day-to-day operations and management of Defendant BOND No. 9 FRAGRANCE, INC.

12.      Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant BOND ON BROADWAY.

13.      Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant No. 9 PARFUME LEASEHOLD, INC.

14.      Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant BOND No. 9 PARFUME LEASEHOLD, INC.

15.     Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant LAURICE & BLEECKER CORP.

16.     Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant LAURICE MADISON, LTD.

17.     Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant LAURICE SOUTHAMPTON, INC.

18.     Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant LAURICE WASHINGTON, LTD.

19.     Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant LAURICE EL BADRY RAHME, LTD.

20.     Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant LAURICE & CO.

21.     Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant LAURICE & CO. UPTOWN, INC.

22.     Upon information and belief, Defendant RAHME owns, operates and controls the day-to-day operations and management of Defendant BOND No. 9.

23.     All individual Defendants separately defined in ¶¶ 11-22 are hereinafter referred to as "Defendants."

24.     Upon information and belief, Defendant RAHME acted intentionally and maliciously, is an "employer" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is thus jointly and severally liable with Defendant BOND No. 9 and various other Defendants.

25.     Defendant RAHME's home address is presently unknown to Plaintiff ROBLEDO but her business address is the same as Defendant BOND No. 9; 9 Bond Street, New York, NY 10012.

26.     Defendant RAHME, on behalf of Defendant BOND No. 9, directly controlled Plaintiff ROBLEDO's work schedule and conditions of employment, determined the rate and method of payment, and kept at least some records regarding her employment.

## THE FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Pursuant to 29 U.S.C. § 207, Plaintiff ROBLEDO seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant BOND No. 9 at any time since April 9, 2009 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours works in excess of forty (40) hours per workweek  (the "Collective Action Members").

28.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons in unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant BOND No. 9, upon information and belief, there are hundreds of Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

29.     Plaintiff ROBLEDO will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the

fields of employment law and class action litigation.  Plaintiff ROBLEDO has no interest that is contrary to or in conflict with those members of this collective action.

30.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

31.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff ROBLEDO and other Collective Action Members are:

a.     Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c.     Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action Members are employed, in violation of C.F.R. § 516.4;

d.     Whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated

thereafter;

e.     Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.     Whether Defendants should be enjoined from such violations of the FLSA in the future.

32.     Plaintiff ROBLEDO knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.


## THE RULE 23 CLASS ACTION ALLEGATIONS

33.     Plaintiff ROBLEDO brings this action on behalf of herself and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

34.     Plaintiff ROBLEDO brings her New York Labor Law claim on behalf of all persons who were employed as sales associates by Defendant BOND No. 9 at any time since October 26, 2004, to the entry of judgment in this case (the "Class Period"), who were classified by Defendant BOND No. 9 as exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

35.     As the members of the Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the

facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of members of the Class during the Class Period.

36.     The claims of Plaintiff ROBLEDO are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

37.     Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

38.     Plaintiff ROBLEDO is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

39.     Plaintiff ROBLEDO has the same interests in this matter as all other members of the Class and Plaintiff ROBLEDO's claims are typical of the Class.

40.     There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

a.     Whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

b.     Whether Defendants' sales associates were improperly and uniformly classified as exempt in violation of the New York Labor Law;

c.     What proof of hours worked is sufficient where employers fail in their

duty to maintain time records;

d.     Whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the New York Labor Law;

e.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive ad statutory damages, interests, costs and disbursements and attorneys' fees; and

f.     Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

41.     This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

42.     Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants who oppose the Class.

43.     Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties.  The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and

uniform policies, practices, and procedure that violate the New York Labor Laws.

## FACTUAL ALLEGATIONS

44.     Plaintiff ROBLEDO was employed as a sales associate for Defendant BOND No. 9 from in or about June 2007 until in or about February 2012.

45.     Plaintiff ROBLEDO's work was performed in the normal course of Defendant BOND No. 9's business and was integrated into the business of Defendant BOND No. 9.

46.     The work performed by Plaintiff ROBLEDO required little skill and no capital investment.  Her duties did not include managerial responsibilities or exercise of independent judgment.

47.     Plaintiff ROBLEDO often worked in excess of forty (40) hours a week, yet Defendants willfully failed to pay Plaintiff ROBLEDO overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and the New York Labor Law.

48.     Throughout Plaintiff ROBLEDO's tenure with Defendant BOND No. 9 and, upon information and belief, both before that time and continuing until today, Defendants have likewise employed other sales associates like Plaintiff ROBLEDO (the Collective Action Members/the Class).  Like Plaintiff ROBLEDO, they too do not have the authority to hire and fire other employees, and they are not responsible for making hiring and firing recommendations.

49.     Such individuals have worked in excess of forty (40) hours a week, yet Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

50.     As stated, the exact number of such individuals is presently unknown, but is

within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

51.     Throughout all relevant time periods, upon information and belief, Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

52.     During the course of Plaintiff ROBLEDO's own employment, and while Defendants employed Plaintiff ROBLEDO and the Collective Action Members/the Class, Defendants failed to maintain accurate and sufficient time records.

53.     Defendants knew the nonpayment of overtime would economically damage Plaintiff ROBLEDO and violate Federal and New York State labor laws.

54.     Plaintiff ROBLEDO will seek leave of this Court for an Order permitting a formal notice to be sent to potential class members and to establish the opt-in procedures by authorization of the Court.

55.     Plaintiff ROBLEDO will also move the Court to order Defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former sales associates of Defendant BOND No. 9.


### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Overtime

56.     Plaintiff ROBLEDO, on behalf of herself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

57.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58.     At all relevant times, Defendants employed, and/or continued to employ, Plaintiff ROBLEDO and each of the Collective Action Members within the meaning of the FLSA.

59.     Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000.

60.     Plaintiff ROBLEDO consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

61.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its sales associates for their hours worked in excess of forty (40) hours per workweek.

62.     As a result of Defendants' willful failure to compensate its sales associates, including Plaintiff ROBLEDO and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

63.     As a result of Defendants' failure to record, report, credit and/or compensate its sales associates, including Plaintiff ROBLEDO and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

64.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65.     At all relevant times, Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

66.     Due to Defendants' willful violation of the FLSA, Plaintiff ROBLEDO, on behalf of himself and the Collective Action Members, is entitled to recover from Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### New York State Labor Law – Failure to Pay Overtime

67.     Plaintiff ROBLEDO, on behalf of herself and the members of the Class, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

68.     At all relevant times, Plaintiff ROBLEDO and the members of the Class were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

69.     Defendants willfully violated Plaintiff ROBLEDO's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

70.     Defendants' New York State Labor Law violations have caused Plaintiff ROBLEDO and the members of the Class, irreparable harm for which there is no adequate remedy at law.

71.     Due to Defendants' New York State Labor Law violations, Plaintiff ROBLEDO and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **JURY DEMAND**

72.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff ROBLEDO demands a trial by jury on all issues raised in this action.

**WHEREFORE**, Plaintiff ROBLEDO, on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff ROBLEDO and his counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff ROBLEDO and her counsel to represent the Collective Action Members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            May 4, 2012

                                    By:   _____
                                          Walker G. Harman, Jr., Esq. [WH-8044]
                                          THE HARMAN FIRM, P.C.
                                          *Attorneys for Plaintiffs*
                                          200 West 57th Street, Suite 900
                                          New York, New York 10019
                                          (212) 425-2600
                                          wharman@theharmanfirm.com

TO:    Dennis A. Lalli, Esq.
       BOND SCHOENECK & KING
       *Attorneys for Defendants*
       330 Madison Avenue
       New York, NY 10017
       (646) 253-2312
       dlalli@bsk.com