Dennis A. Lalli (DL-0575)
BOND, SCHOENECK & KING, PLLC
330 Madison Avenue
New York, New York  10017-5001
646-253-2300
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VERONICA ROBLEDO, individually and on
behalf of all others similarly situated,

                            Plaintiffs,

      - against -

NO. 9 PARFUME LEASEHOLD and
LAURICE RAHME, individually,

                            Defendants.
------------------------------------------------------------------X

**ANSWER**

Civil Action
No. 12 Civ. 3579 (RLC)

NO. 9 PARFUME LEASEHOLD (referred to herein as "Bond No. 9") and LAURICE RAHME (collectively referred to herein as the "defendants"), by and through their attorneys, Bond, Schoeneck & King, PLLC, hereby answer the Complaint as follows:

1.    Paragraph 1 of the Complaint purports to describe the nature of the action and appears to contain no allegations of fact to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, defendants deny those allegations.

2. Paragraph 2 of the Complaint purports to describe the nature of the action, and appears to contain no allegations of fact to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, defendants deny those allegations.

3. Paragraph 3 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

4. Paragraph 4 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

5. Paragraph 5 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the county of plaintiff's residence.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint, except they admit that (a) Bond No. 9 is a privately-owned company that sells high-end perfumes in several countries; (b) its principal place of business is at 9 Bond Street, New York, New York 10012; (c) it is duly organized and existing under and by virtue of the laws of the State of New York; and (d) it maintains stores in New York City, New

York, and they lack knowledge or information sufficient to form a belief as to the allegations concerning the plaintiffs' state of mind set forth therein.

8. Defendants deny the allegations set forth in paragraph 8 of the Complaint, except they admit that defendant Rahme owns defendant Bond No. 9 and state that they lack knowledge or information sufficient to form a belief as to the allegations concerning the plaintiffs' state of mind set forth therein.

9. Paragraph 9 of the Complaint sets forth legal conclusions to which no responsive pleading is required; to the extent that Paragraph 9 may be read as setting forth allegations of fact, defendants deny those allegations, except they lack knowledge or information sufficient to form a belief as to the allegations concerning the plaintiffs' state of mind set forth therein.

10. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint concerning the state of plaintiff Robledo's knowledge of defendant Rahme's home address, and admit that defendant Rahme's business address is the same as defendant Bond No. 9.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint purports to describe the nature of the action and the basis for the Court's jurisdiction and appears to contain no allegations of fact to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, defendants deny those allegations.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint.

49813.5 5/23/201249813.4

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

18. Paragraph 18 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set forth any allegations of fact to which a response is required, defendants deny those allegations.

19. Paragraph 19 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set forth any allegations of fact to which a response is required, defendants deny those allegations.

20. Paragraph 20 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set forth any allegations of fact to which a response is required, defendants deny those allegations.

21. Paragraph 21 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set forth any allegations of fact to which a response is required, defendants deny those allegations.

49813.5 5/23/201249813.4

22.    Paragraph 22 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set forth any allegations of fact to which a response is required, defendants deny those allegations.

23.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Complaint.

24.    Paragraph 24 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set forth any allegations of fact to which a response is required, defendants deny those allegations.

25.    Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set forth any allegations of fact to which a response is required, defendants deny those allegations.

27.    Paragraph 26 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set forth any allegations of fact to which a response is required, defendants deny those allegations.

28.    Paragraph 28 of the Complaint sets forth no allegations of fact to which an answer is required. To the extent, if any, that this paragraph may be deemed to set

49813.5 5/23/201249813.4

forth any allegations of fact to which a response is required, defendants deny those allegations.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. The allegations set forth in paragraph 30 of the Complaint are too vague for defendants to be able to admit or deny them; to the extent that those allegations may be deemed sufficiently specific to require an answer, defendants deny them.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint, except they admit that Bond No. 9 has employed sales associates other than plaintiff Robledo.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Robledo's state of mind set forth in paragraph 39 of the Complaint.

49813.5 5/23/201249813.4

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Robledo's state of mind set forth in paragraph 40 of the Complaint.

41. Inasmuch as paragraph 41 of the Complaint realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40, defendants replead and incorporate by reference herein their answers to paragraphs 1 through 40 of the Complaint.

42. Paragraph 42 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

43. Paragraph 43 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint, except they admit that defendant Bond No. 9 has annual gross revenues in excess of $500,000 and deny having knowledge or information sufficient to form a belief as to plaintiffs' state of mind set forth therein.

45. Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning plaintiff Robledo's state of mind set forth in paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

49813.5 5/23/201249813.4

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Inasmuch as paragraph 52 of the Complaint realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51, defendants replead and incorporate by reference herein their answers to paragraphs 1 through 51 of the Complaint.

53. Paragraph 53 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning plaintiff Robledo's state of mind set forth in paragraph 57 of the Complaint, and they deny that she is entitled to a jury trial in this action.

58. Defendants deny that plaintiffs are entitled to any of the relief demanded in their "Prayer for Relief"

49813.5 5/23/201249813.4

59. Defendants deny every allegation of fact, conclusion of law, or other matter contained in the Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

60. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

61. Plaintiffs lack standing to assert some or all of the claims contained in the Complaint.

### THIRD DEFENSE

62. All or some of the plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

63. To the extent, if any, that defendants violated any rights of any of the plaintiffs or the members of a collective or class action, defendants did not act willfully, and hence the plaintiffs are barred from invoking the three-year limitations period that the FLSA provides for willful violations.

### FIFTH DEFENSE

64. Plaintiffs are not entitled to any relief under the FLSA or the New York Labor Law because they were fully and justly compensated for all time they were suffered or permitted to work.

### SIXTH DEFENSE

65. Plaintiffs are not entitled to any relief under the FLSA or the New York Labor Law because to the extent they worked and were not compensated, they worked without the knowledge of their employer.

### SEVENTH DEFENSE

66. Plaintiffs are not entitled to any relief under the FLSA or the New York Labor Law because the alleged work activities which form the basis of their claims, if they occurred, were *de minimis*.

### EIGHTH DEFENSE

67. Defendants acted in good faith and with reasonable grounds for believing that they are and were complying with all applicable provisions of the FLSA and the New York Labor Law at all times, precluding plaintiffs' recovery of liquidated damages under the FLSA and the New York Labor Law and compelling a two-year limitations period for the plaintiffs' FLSA claims.

### NINTH DEFENSE

68. Defendant Rahme is not an employer within the meaning of the FLSA or the New York Labor Law, and hence is not personally liable for any supposedly unpaid wages, and therefore is therefore not a proper Defendant.

### TENTH DEFENSE

69. To the extent Plaintiff Robledo or members of the purported class did not actually work more than 40 hours in any given work week, they are not entitled to any relief under the FLSA or the New York Labor Law.

49813.5 5/23/201249813.4

### ELEVENTH DEFENSE

70. To the extent that any of the plaintiffs are or were "exempt" employees within the meaning of the federal or state law, they are not entitled to any relief under the FLSA or the New York Labor Law.

### TWELFTH DEFENSE

71. Plaintiffs' claims are barred, or their damages should be reduced, to the extent they were paid extra compensation which is creditable towards, or a set off against, the additional compensation sought in this action, pursuant to 29 U.S.C. § 207(h) or otherwise.

### THIRTEENTH DEFENSE

72. Some or all of plaintiffs' claims are barred by waiver and/or claim preclusion.

### FOURTEENTH DEFENSE

73. Plaintiff Robledo lacks standing to sue on behalf of the purported members of the alleged collective or class group and this case is not appropriate for certification as a collective or class action.

### FIFTEENTH DEFENSE

74. Plaintiff Robledo is not "similarly situated" as the purported class members and this case is not appropriate for certification as a collective action.

### SIXTEENTH DEFENSE

75. Plaintiffs do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

49813.5 5/23/201249813.4

## SEVENTEENTH DEFENSE

76. If plaintiffs suffered any damages as a result of the matters alleged in the Complaint, such damages were caused wholly or in part as the result of plaintiffs' own culpable conduct, including plaintiffs' failure to inform their supervisors of all time when they worked; accordingly, any judgment recovered by plaintiffs must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

## RESERVATION OF RIGHTS

77. Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE**, the defendants request judgment dismissing the Complaint in its entirety, with prejudice, together with costs, disbursements, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 23, 2012

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: _____
    Dennis A. Lalli (DL-0575)

330 Madison Avenue, 39th Floor
New York, New York 10017
(646) 253-2300

Attorneys for the Defendants

49813.5 5/23/201249813.4