UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
VERONICA ROBLEDO, Individually And On Behalf Of
All Other Persons Similarly Situated,                                    **12 Civ. 3579 (ALC)(DCF)**

                                  *Plaintiffs*,

        -against-

No. 9 PARFUME LEASEHOLD,
LAURICE & CO. UPTOWN, INC.,
LAURICE WASHINGTON LTD.,
LAURICE & BLEECKER CORP.,
LAURICE SOUTHAMPTON, INC.,
LAURICE MADISON LTD., and
LAURICE RAHME, Individually,

                                  *Defendants*.
---------------------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION TO AMEND THE COMPLAINT

Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, NY 10019
Tel.: (212) 425-2600
Fax: (212) 202-3926
pandrews@theharmanfirm.com

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ 2
PRELIMINARY STATEMENT ......................................................................................................... 3
STANDARDS FOR MOTION TO AMEND ..................................................................................... 3
CONCLUSION .................................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**
*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566 (2d Cir.2005) ................................ 4
*Aniero Concrete Co. v. N.Y. City Const. Auth.*, Nos. 84 Civ. 9111, 95 Civ. 3506, 1998 WL 148324 at \*7 (S.D.N.Y. Mar. 30, 1998) ....................................................................................... 4
*Dluhos v. Floating & Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69 (2d Cir.1998) 4
*Foman v. Davis*, 371 U.S. 178, 182 (1962) ................................................................................ 3, 4
*Gumer v. Shearson, Hamill & Co.*, 516 F.2d 283, 287 (2d Cir.1974) ............................................ 4
*McCarthy v. Dunn & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007) .................................... 3

**Statutes**
*Federal Rules of Civil Procedure* ............................................................................................... 3, 4

**PRELIMINARY STATEMENT**

Plaintiff Veronica Robledo ("Plaintiff" or "Robledo") submits this Memorandum of Law in Support of her Motion to Amend the Plaintiff's Complaint. Plaintiff is pursuing this matter on behalf of herself and all similarly situated individuals. The proposed Amended Complaint seeks Collective and Class Action certification.

By letter dated July 25, 2012, counsel for the Defendants wrote to the Court regarding the parties' agreement on certain case management issues. A copy of this letter is attached hereto as Exhibit A to the Affidavit of Peter J. Andrews in support of the Motion to Amend the Complaint, sworn to on August 1, 2012 ("Andrews Aff."). In this letter, counsel advises the Court as follows:

> If there is to be a motion to amend the Complaint, plaintiffs will make it by Wednesday, August 1. Defendants will have until August 31 to oppose, and plaintiffs' reply will be due two weeks later, on September 14.

This letter was endorsed by the Court.

Plaintiff now moves for leave to file an Amended Complaint. The proposed Amended Complaint is attached as Ex. B to the Andrews Aff.

For the reasons stated below, Plaintiff respectfully requests that its motion to file an Amended Complaint be granted.

**STANDARDS FOR MOTION TO AMEND**

The standards applicable to a motion to amend a pleading are well settled and require only brief review. Leave to amend a pleading should be freely granted when justice so requires. *Fed.R.Civ.P. 15(a)*; *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCarthy v. Dunn & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d

3

566 (2d Cir.2005); *Dluhos v. Floating & Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69 (2d Cir.1998); *Gumer v. Shearson, Hamill & Co.*, 516 F.2d 283, 287 (2d Cir.1974); *Aniero Concrete Co. v. N.Y. City Const. Auth.*, Nos. 84 Civ. 9111, 95 Civ. 3506, 1998 WL 148324 at *7 (S.D.N.Y. Mar. 30, 1998); (Haight, J.), *aff'd sub nom.*, *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566 (2d Cir.2005).

The *Foman* case cited above echoes Rule 15(a)'s declaration, "that leave to amend 'shall be freely given when justice so requires'"; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, she ought to be afforded an opportunity to test her claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. The U.S. Supreme Court determined that "[i]n the absence of … undue delay, bad faith or dilatory motive … undue prejudice … futility of amendment, etc. – the leave sought should … be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the factors mentioned in *Foman* exist here.

4

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that Plaintiff's Motion to Amend Its Complaint be granted, and for such other, and further relief as this Court may deem just and proper.

Dated: New York, NY
        August 1, 2012

By:   /s/
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, NY 10019
Tel.: (212) 425-2600
Fax: (212) 202-3926
pandrews@theharmanfirm.com