**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
VERONICA ROBLEDO, Individually And On Behalf Of
All Other Persons Similarly Situated,

                                    *Plaintiffs*,

           -against-

No. 9 PARFUME LEASEHOLD,
LAURICE & CO. UPTOWN, INC.,
LAURICE WASHINGTON LTD.,
LAURICE & BLEECKER CORP.,
LAURICE SOUTHAMPTON, INC.,
LAURICE MADISON LTD., and
LAURICE RAHME, Individually,

                                 *Defendants*.

------------------------------------------------------------------------X

                                            12 Civ. 3579 (ALC)(DCF)

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**<u>APPROVAL OF COLLECTIVE ACTION NOTICE</u>**

---

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................................ 3

    Cases ........................................................................... **Error! Bookmark not defined.**

    Statutes ....................................................................... **Error! Bookmark not defined.**

**I. INTRODUCTION** ................................................................................................... 5

**II. STATEMENT OF FACTS** ................................................................................... 6

**III. ARGUMENT** ....................................................................................................... 7

    A) PLAINTIFF'S INITIAL BURDEN IS MINIMAL .............................................. 8

    B) PLAINTIFF HAS MET HER BURDEN ............................................................... 11

    C) AUTHORIZING NOTICE IS FAIR, EFFICIENT, AND IN THE INTEREST OF JUDICIAL ECONOMY ............ 11

**IV. CONCLUSION** .................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) ................................................ 6

*Bilyou v. Duchess Beer Distributors, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002)............................ 6

*Braunstein v. E. Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1975) ............................. 7

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-09 (1945) ........................................ 11

*Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974) ..................................... 6

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003) ......... 4, 8

*Harrington v. Educ. Mgmt. Corp.*, 2002 WL 1343753 at 2 (S.D.N.Y. 2002) ............................... 8

*Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 n.2 (E.D.N.Y. 1988)................................ 9

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) ...................................... 5

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ...................... 8

*Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 260 (S.D.N.Y. 1997).................................. 5, 7, 8, 9

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)........................................ 5, 7, 10

*Krueger v. N.Y. Telephone Co.*, 1993 WL 276058, 2 (S.D.N.Y. 1993) ..................................... 9

*Masson v. Ecolab, Inc.*, 2005 WL 2000133 at 13 (S.D.N.Y. 2005) ..................................... 7, 8, 9

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) .................................. 8, 9

*Patton v. Thomson Corp.*, 364 F.Supp.2d 263, 267 (E.D.N.Y. 2005)................................... 9, 10

*Realite v. Ark Rests. Corp.*, 7 F.Supp.2d 303, 308 (S.D.N.Y. 1998)............................... 8

*Reich v. Waldbaum*, 52 F.3d 35, 38 (2d Cir. 1995) ...................................................... 6

*Scholtisek v. The Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)........................................ 8

**Statutes**

29 C.F.R. § 541 ................................................................................. 6

29 U.S.C. § 207(a)(1)............................................................................. 6

29 U.S.C. § 213(a) ........................................................................................... 6

29 U.S.C. § 216(b) ....................................................... 4, 5, 6, 8, 9, 10, 11

29 U.S.C. § 255(a) ...................................................................................... 4, 5

Plaintiff Veronica Robledo ("Robledo" or "Plaintiff"), on behalf herself and all other persons similarly situated, by her attorneys, THE HARMAN FIRM, PC, submits this Memorandum of Law in Support of her Motion for Approval of Collective Action Notice.

## I. INTRODUCTION

The extremely limited finding necessary on this motion for approval of collective action notice under 29 U.S.C. § 216(b) is whether there are other "similarly situated" individuals to Plaintiff who would benefit from notice of their right to join this action as Opt-In Plaintiffs. *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003) ("To demonstrate that such potential plaintiffs are similarly situated to him or her, a plaintiff must make a 'modest factual showing sufficient to demonstrate that [he or she] and potential plaintiffs together were victims of a common policy or plan that violated the law' … A plaintiff's burden is minimal, especially since the 'determination that potential plaintiffs are similarly situated is merely a 'preliminary' one.") (citation omitted).

The facts material to this finding are not in dispute.  Plaintiff: (a) worked often more than forty (40) hours in a workweek; (b) was routinely not paid overtime for those hours in excess of forty (40); (c) was one of dozens of current and former sales and customer service employees of the Defendants who performed similar functions in various stores and boutiques throughout the New York City area; and (d) is among many as-yet-unknown but similarly situated employees of Defendants who will benefit from notice giving them an opportunity to join this lawsuit, and will be severely prejudiced if notice is not given.  29 U.S.C. § 255(a) (short three-year statute of limitations on Fair Labor Standards Act ("FLSA") claims).

Plaintiff seeks Court-authorized notice to current and former sales and customer service

employees of Defendants who have been denied overtime that they may join this case as Opt-In Plaintiffs, pursuant to section 216(b) of the FLSA.  29 U.S.C. § 216(b); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 260 (S.D.N.Y. 1997).  Otherwise, many of their claims will be barred or diminished by the FLSA statute of limitations – a short three (3) years.  29 U.S.C. § 255(a); see also *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (the applicable statute of limitations is either two years or three years where a defendants violations of the FLSA are willful).

## II. STATEMENT OF FACTS

Plaintiff worked for the Defendants as a sales associate from on or about June 2008 through on or about February 2012.  See Affidavit of Veronica Robledo In Support of Motion for Conditional Class Certification, sworn to on August 2, 2012 ("Robledo Aff.), ¶ 1.  Plaintiff's work was performed in the normal course of the Defendants' day-to-day business operations. Robledo Aff., ¶ 5.  The work performed by Plaintiff required no independent judgment.  Robledo Aff., ¶ 2.  Plaintiff never considered herself a manager or supervisor and never possessed managerial authority.  Robledo Aff., ¶ 4.  Plaintiff did not have the authority to hire, fire or discipline other employees, and was not responsible for making hiring and firing recommendations.  Robledo Aff., ¶ 3.

Plaintiff's job responsibilities as a sales associate consisted primarily of assisting shoppers and recording sales transactions.  Robledo Aff., ¶ 2.  Her work was performed under the supervision, direction and control of the individual Defendant Laurice Rahme, who was the owner of all of the other Defendants, which are retail store businesses.  Robledo Aff., ¶ 2.

Throughout her employment Plaintiff often worked in excess of forty (40) hours a week, yet was not paid overtime compensation for those additional hours.  Robledo Aff., ¶ 6.  During Plaintiff's tenure with Defendants, Plaintiff observed that the Defendants employed numerous other sales associates at various store locations.  Robledo Aff., ¶ 7.  Plaintiff learned that the Defendants had a policy of simply refusing to even consider paying sales associates any overtime compensation for hours worked in excess of forty (40) hours a week.  Robledo Aff., ¶ 7.

### III. ARGUMENT

The FLSA generally requires that employers pay any employee who works more than forty (40) hours a week at a premium rate of one and half times their regular rate.  29 U.S.C. § 207(a)(1).  Under the "white-collar" exemptions to the FLSA, if any employee is a bona fide executive and administrative employee, he or she is exempt from the overtime-pay requirement. 29 U.S.C. § 213(a).  Exemption turns on the duties the employees perform.  *See*, *e.g.*, 29 C.F.R. § 541 (setting forth duties requirements for exempt executives).  Exemption is an affirmative defense; the burden is on the employer to prove it at the appropriate time.  *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); see also *Reich v. Waldbaum*, 52 F.3d 35, 38 (2d Cir. 1995).  Exemptions are to be narrowly construed against the employer.  *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) ("To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process an frustrate the announced will of the people."); *Bilyou v. Duchess Beer Distributors, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002).

Under the FLSA, employees may bring a collection action "[on] behalf . . . of themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The collective action procedure

7

allows for efficient adjudication of similar claims, so "similarly situated" employees, whose claims are often small and not likely to be brought on an individual basis, may join together to prosecute their claims.  *See Hoffmann-La Roche*, 493 U.S. at 170.  In order to participate in a collective action, an employee must "opt in," meaning the employee must consent in writing to join the suit and that consent must be filed with the court.  *Id*. at 168.  The statute of limitations runs on each employee's claims until the opt-in form is filed with the court.  *Hoffmann*, 982 F.Supp. at 260.

To serve the "broad remedial purpose" of the FLSA, courts can order notice to other potential similarly situated employees of this opportunity to "opt in" the action.  *Hoffmann-La Roche*, 493 U.S. at 173; *Braunstein v. E. Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1975), cert. denied, 441 U.S. 994 (1979).  Court-supervised notice is a preferred method for managing this notification process for several reasons:  It avoids "multiplicity of duplicative suits," it allows the Court the set deadlines to advance the disposition of an action, and it protects potential plaintiffs' claims from expiring under the statute of limitations.  *Hoffmann-La Roche*, 493 U.S. at 172; *Hoffmann*, 982 F.Supp. at 260.  Court-supervised notice can also obviate disputes between the parties regarding the content of the notice.  *Hoffmann-La Roche*, 493 U.S. at 172 ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.  Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed").

### a) Plaintiff's Initial Burden is Minimal

Courts generally employ a two-step (2-step) inquiry in managing an FLSA collective action.  *Masson v. Ecolab, Inc.*, 2005 WL 2000133 at 13 (S.D.N.Y. 2005); see also *Mooney v.*

*Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *Scholtisek v. The Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005).  This first step is the "notice stage" where the court determines, on the basis of pleadings and any affidavits, whether to issue notice to potential members of the collective action.  *Mooney*, 54 F.3d at 1213-14.  Here, the Court must determine whether there are other employees who are "similarly situated."  In other words, the court simply considers whether there are others who may also be victims of the same challenged conduct.  *Gjurovich*, 282 F.Supp.2d at 104; *Mooney*, 54 F.3d at 1214.

The burden for demonstrating that potential plaintiffs are similarly situated is very low at the notice stage.  A plaintiff need make only a "modest factual showing" that she and potential collective action members were victims of "a common policy or plan that violated the law." *Hoffmann*, 982 F.Supp. at 261; see also *Masson*, 2005 WL 2000133 at 13 ("[C]ourts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate."); *Harrington v. Educ. Mgmt. Corp.*, 2002 WL 1343753 at 2 (S.D.N.Y. 2002) (authorizing notice to employees who held the same title "*or those with 'similar titles'*" on the grounds that it may enable more efficient resolution of the underlying issues)(emphasis in original).

Plaintiff's initial burden is "minimal," in part, because the Court's decision to direct notice at this stage is a "preliminary" one that may be modified or reversed once discovery is completed (the later, second step if the § 216(b) inquiry).  *Gjuorvich*, 282 F.Supp.2d at 105; *Realite v. Ark Rests. Corp.*, 7 F.Supp.2d 303, 308 (S.D.N.Y. 1998).

The standard for authorizing notice to similarly situated workers is much lower than the standard for certifying a class under Rule 23 of the Federal Rules of Civil Procedure

("Fed.R.Civ.P").   Unlike Rule 23, § 216(b) requires no showing of numerosity, typicality, commonality, or representatives. *Masson*, 2005 WL 2000133 at 13; *Patton v. Thomson Corp.*, 364 F.Supp.2d 263, 267 (E.D.N.Y. 2005) (plaintiff's burden under section 216(b) "is significantly less exacting than the matters that must be demonstrated to sustain certification of a class under Rule 23 of the Fed.R.Civ.P."); *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 n.2 (E.D.N.Y. 1988) ("[T]he 'similarly situated' requirement . . . is considerably less stringent than the requirement of [Rule] 23(b)(3) …").   The burden under § 216(b) is rightly more lenient than Rule 23 because "[t]he FLSA's opt-in provision simply provides an opportunity for potential plaintiffs to join the action but does not bind those who do not; by contrast, the 'opt-out' regime under Rule 23 does bind absent class members who nevertheless are deemed to have had adequate opportunities to participate in the action brought on their behalf." *Patton*, 364 F.Supp.2d at 267 (citations omitted).

Once the Court determines that potential members are similarly situated, it "conditionally certifies" the collective action.   Next, Plaintiff sends the court-authorized notice to potential members, and they may elect to "opt-in" pursuant to § 216(b) by filing written consents.   The action then proceeds as a collective action throughout the discovery process. *Masson*, 2005 WL 2000133 at 13 (citing *Mooney*, 54 F.3d at 1213-14).

The only question at this juncture is whether there are others similar to Plaintiff who deserve notice of the action. *Hoffmann*, 982 F.Supp. at 262; *Krueger v. N.Y. Telephone Co.*, 1993 WL 276058, 2 (S.D.N.Y. 1993) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all he plaintiffs turn out *not* to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case.")  (Emphasis in original).

### b) Plaintiff Has Met Her Burden

Because the Court does not weigh the merits of the underlying claims in determining whether potential Opt-In Plaintiffs are similarly situated, New York courts have authorized dissemination of § 216(b) notice upon a simple showing that others may have also been subjected to the employer's practice of mislabeling non-exempt employees as exempt.

Similar to the case at hand, in *Patton v. Thomson Corp.*, 364 F.Supp.2d 263 (E.D.N.Y. 2005), the court concluded that § 216(b)'s similarly-situated standard had been satisfied where the plaintiff alleged that she had worked over forty (40) hours per week without overtime compensation, that her position was classified improperly as exempt, that other employees in her position had the same job duties, and the employer had admitted it paid all employees in plaintiff's position in the same manner and had classified the position as exempt.

### c) Authorizing Notice is Fair, Efficient, and in the Interest of Judicial Economy

Allowing FLSA suits to proceed as collective actions favors the goal of judicial economy. Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact …" *Hoffmann-La Roche*, 493 U.S. at 170.

Collective actions also provide plaintiffs the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Id*. at 170.  Plaintiff and potential Opt-In Plaintiffs are hard working, low-paid workers who lack the means to finance costly individual lawsuits against a corporation.  If their claims are not pooled in a collective action, they will probably go unheard.  Aggregated treatment and resolution of overtime claims advances important public policy goals of both federal and state laws, for the simple reason that, without aggregation, these

important laws would generally go unenforced.  See, e.g., *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-09 (1945) (discussing public-policy importance of FLSA).

Lastly, since Defendants are the only ones that know the names and addresses of all former and current sales and customer service employees at retail stores, Defendants should be required to disclose that information to Plaintiff so that Plaintiff's counsel can disseminate the § 216(b) notice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

i)      Directs Defendants to disclose the names and last known address of all current and former employees who worked as sales and customer service associates within the statutory time period;

ii)     Authorizes that notice be sent, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees that they may opt into this action should they wish to assert claims under the FLSA, 29 U.S.C. § 201 *et seq*.; and,

iii)    Order such further relief as this Court may deem just and proper.

Dated: New York, New York
       August 3, 2011

By:      _____/s/_____
         Peter J. Andrews [PA-3295]
         THE HARMAN FIRM, PC
         *Attorneys for Plaintiff*
         200 West 57th Street, Suite 900
         New York, New York 10019
         (212) 425-2600

pandrews@theharmanfirm.com

TO:   Dennis A. Lalli, Esq.
       BOND SCHOENECK & KING
       *Attorneys for Defendants*
       330 Madison Avenue
       New York, NY 10017
       (646) 253-2312
       dlalli@bsk.com