Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, NY 10019
Tel.: (212) 425-2600
Fax: (212) 202-3926
pandrews@theharmanfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
VERONICA ROBLEDO, Individually And On Behalf Of
All Other Persons Similarly Situated,

<em>Plaintiffs</em>,

-against-

No. 9 PARFUME LEASEHOLD,
LAURICE & CO. UPTOWN, INC.,
LAURICE WASHINGTON LTD.,
LAURICE & BLEECKER CORP.,
LAURICE SOUTHAMPTON, INC.,
LAURICE MADISON LTD., and
LAURICE RAHME, Individually,

<em>Defendants</em>.

-------------------------------------------------------------------------X

**12 Civ. 3579 (ALC)(DCF)**

**AFFIDAVIT OF**
**VERONICA ROBLEDO IN**
**SUPPORT OF MOTION**
**FOR CONDITIONAL**
**CLASS CERTIFICATION**

VERONICA ROBLEDO, being duly sworn, and subject to the penalties for perjury, deposes and says:

1.    I was employed as a sales associate for the Defendants from approximately June 2008 to approximately February 2012.

2.    My job responsibilities as a sales associate consisted primarily of assisting shoppers and recording sales transactions.  My work was performed under the supervision, direction and control of various store managers and Defendant Laurice Rahme, who was the individual owner of these stores.  My job responsibilities did not require any independent judgment.

1

3.     I did not have the authority to hire, fire or discipline other employees, nor was I responsible for making hiring and firing recommendations.

4.     During my employment with the Defendants, I never considered myself to be a manager or supervisor and never possessed managerial authority.

5.     My work as a sales associate for the Defendants was performed in the normal course of the Defendants' day-to-day business operations.

6.     Throughout my employment, I often worked in excess of forty (40) hours a week, yet was not paid overtime compensation of one of half times my regular hourly rate of pay.

7.     In addition to myself, I am aware and have personal knowledge that the Defendants employed other sales associates, and as a matter of policy refused to even consider paying them overtime compensation of one a half times their regular hours rates for those hours in excess of forty (40) hours a week.

VERONICA ROBLEDO

Sworn to before me this
2nd day of August 2012

Notary Public, State of New York

THERESA S. PETERS
Notary Public, State of New York
No. 03-4982373
Qualified in Bronx County
Commission Expires Jan, 5, 2015

2