**MEMO ENDORSED**


**BOND SCHOENECK & KING**

330 Madison Avenue | New York, NY 10017-5001 | bsk.com

DENNIS A. LALLI
dlalli@bsk.com
P: 646.253.2312
F: 646.253.2379

August 13, 2012

**VIA E-MAIL AS PDF DOCUMENT – ALCarterNYSDChambers@nysd.uscourts.gov**

Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 725
New York, New York  10007

Re:   *Robledo, et al. v. No 9 Parfume Leasehold, et al.*
      Case No.12 Civil 3579 (ALC)(DF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8-15-12

Dear Judge Carter:

  This firm represents the defendants in the referenced action, which purports to be a collective action arising under the Fair Labor Standards Act, 29 U.S. C. § 201 et seq. ("FLSA"), as well as a Rule 23 class action arising under New York Labor Law § 650 *et seq.*  We write pursuant to Section 2(A) of your Individual Practices to request a pre-motion conference regarding a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) that defendants wish to make.  Defendants propose to seek dismissal of plaintiff's claim under the FLSA on the ground that the Court lacks subject matter jurisdiction over that claim, and dismissal of her state law claims on the ground that the court should decline to exercise supplemental jurisdiction over them.

  Defendants have tendered an offer of judgment pursuant to Rule 68 that moots the sole individual plaintiff's FLSA overtime pay claim because it affords her more than all of the relief that would be available to her under the FLSA if she were to prevail on that claim, thus depriving the Court of subject matter jurisdiction over it.  *See, e.g., Ward v. Bank of New York*, 455 F.Supp.2d 262, 266-67, 268-69 (S.D.N.Y. 2006) (Chin, J.); *Flick v. Amer. Financial Resources, Inc.*, No. CV 10-3084, 2012 WL 181639, *3-*4 (E.D.N.Y., Jan. 3, 2012); *Darboe v. Goodwill Industries of Greater NY & Northern NJ Inc.*, 485 F.Supp.2d 221, 222-23 (E.D.N.Y. 2007).  Where the plaintiff's FLSA claims have been mooted by means of a Rule 68 offer of judgment, the courts regularly decline to exercise supplemental jurisdiction over the remaining state law claims.  *See, e.g., Ward, supra,* 455 F.Supp.2d at 270; *Louisdor v. Amer. Telecommunications, Inc.*, 540 F.Supp.2d 368, 374 (E.D.N.Y. 2008).

52196.1

A Professional Limited Liability Company

Hon. Andrew L. Carter, Jr.
August 13, 2012
Page 2

     Defendants' proposed motion presents a procedural issue that we think warrants the Court's attention. On August 3, 2012, plaintiff made a motion for conditional certification of an FLSA "opt in" class that is pending before Magistrate Judge Freeman. Among the grounds on which defendants will oppose that motion is that inasmuch as plaintiff's FLSA claims are moot, there is no party to the action with Article III standing to make such a motion. See Ward, supra; Briggs v. Arthur T. Mott Real Estate, No. 09-0468, 2006 WL 3314624, *3 (E.D.N.Y 2006); Vogel v. Amer. Kiosk Mgmt., 371 F.Supp.2d 122, 126-28 (D.Conn. 2005); Allard v. Post Road Entertainment, No. 3:11-cv-00901, 2012 WL 1067680, *3-*5 (D.Conn., Mar. 30, 2012); but see, Symczyk v. Genesis Healthcare Corp., 656 F.3d 189 (3d Cir. 2011), cert. granted, __ U.S. __, No. 11-1059, 2012 WL 609478 (S.Ct. June 25, 2012).

     Logically, we think that defendant's motion to dismiss plaintiff's FLSA claims on grounds of mootness would best be made as a cross-motion to plaintiff's motion for conditional class certification. However, Magistrate Judge Freeman advised the parties in a scheduling conference call last month that while this Court has referred the case to her for pretrial proceedings such as the plaintiff's motion for conditional opt-in class certification and pending motion to amend the Complaint, the Court has reserved to itself dispositive motions such as the Rule 12(c) motion defendants propose to make in this letter. Thus, Judge Freeman advised that defendants' motion should be made before your Honor rather than herself.

     We respectfully request the Court to consider having defendants' proposed motion to dismiss pursuant to Rule 12(c) for lack of subject matter jurisdiction decided as a cross-motion to plaintiff's pending motion for conditional opt-in class certification by having both motions decided by either by your Honor or Judge Freeman. If defendants' motion to dismiss were granted, plaintiff's motion for collective certification likely would be mooted and there would be no need to address it on the merits. Thus, we respectfully submit judicial economy would best be served by having both motions heard by the same Judge.

     We submit further that since defendants' opposition to the pending motion for conditional certification is due September 7, 2012 and plaintiffs' reply is due two weeks later, such a consolidation would cause no delay.

52196.1

Thank you for your attention to this matter.

Very truly yours,

Dennis A. Lalli

DAL/omo

cc: Honorable Debra Freeman, United States Magistrate Judge (via facsimile transmission – (212) 805-4258)
Peter Andrews, Esq. (via e-mail as a pdf document sent to pandrews@theharmanfirm.com)

A pre-motion conference is scheduled for 8/24/12 at 12:00 p.m. So Ordered.

Andrew L Carter
8-15-12

52196.1