UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VERONICA ROBLEDO,
MARIA FLORES-BLANCO, *And*
KARIN MARIA WIDMANN, *Each Individually And
On Behalf Of All Other Persons Similarly Situated*,

      *Plaintiffs*,

  -against-

No. 9 PARFUME LEASEHOLD,
LAURICE & CO. UPTOWN, INC.,
LAURICE WASHINGTON LTD.,
LAURICE & BLEECKER CORP.,
LAURICE SOUTHAMPTON, INC.,
LAURICE MADISON LTD., and
LAURICE RAHME, Individually,

      *Defendants*.
------------------------------------------------------------------------X

**12 CV 3579 (ALC)(DCF)**

related to

**12 CV 6111 (ALC)**

---

**PLAINTIFFS' MEMORANDUM OF LAW IN REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEFING
THAT WAS SUBMITTED AT THE COURT'S REQUEST**

---

**THE HARMAN FIRM, PC**
Peter J. Andrews [PA-3295]
Walker G. Harman, Jr. [WH-8044]
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, NY 10019
(212) 425-2600
pandrews@theharmanfirm.com
wharman@theharmanfirm.com

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    Supplemental Briefing Was Requested By the Court and Plaintiffs Responded. ............... 1

    II.   Dennis Lalli's Assertion That He Has No Personal Knowledge of Any Of the Issues In This Case Is Implausible. ..................................................................................................... 3

    III.  Depositions of Attorneys With Personal and Relevant Knowledge Are Permitted. .......... 4

    IV.  Mr. Lalli's Deposition Should Be Ordered So That Plaintiffs To Have The Opportunity To Explore His Personal Knowledge Of and Involvement In The Underlying Events At Issue In This Lawsuit.  This Is Not A Fishing Expedition................................................. 7

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Bogan v. Northwestern Mutual Life Ins. Co.*,
   152 F.R.D. 9 (S.D.N.Y. 1993) ............................................................................................... 7

*In re Subpoena Issued to Dennis Friedman*,
   350 F.3d 65 (2d Cir. 2003) .............................................................................................. 4, 5, 6

*Pamida, Inc. v. E.S. Originals, Inc.*,
   281 F.3d 726 (8th Cir. 2002) ................................................................................................. 5

*ResQNet.com, Inc. v. LANSA*,
   2004 U.S. Dist. LEXIS 13579 (S.D.N.Y., July 23, 2004) ...................................................... 6

*Shelton v. American Motors Corp.*,
   805 F.2d 1323 (8th Cir. 1986) ............................................................................................ 4, 5

*Stauber v. City of New York*,
   2004 U.S. Dist. LEXIS 7973 (S.D.N.Y., May 7, 2004) .......................................................... 6

**PRELIMINARY STATEMENT**

Veronica Robledo ("Robledo"), Karin Maria Widmann ("Widmann") and Maria Flores-Blanco ("Flores-Blanco") each individually and also on behalf of all other persons similarly situated ("Plaintiffs"), submit this Memorandum in Reply to Defendants' Opposition to Plaintiffs' Supplemental Briefing, *inter alia*, on the issue of whether Defendants' counsel, Dennis A. Lalli, Esq. ("Lalli") should be a witness in this case. The Plaintiffs' December 17, 2012 Memorandum was the initial supplemental briefing which the Court itself requested.

For the reasons stated herein, as well as in Plaintiffs' December 17, 2012 Supplemental Memorandum, this dispute pertains to highly relevant evidence, Mr. Lalli should be a witness in this case, and Plaintiffs should have the opportunity to take his deposition at the earliest opportunity. This deposition is necessary in order for Plaintiffs to ascertain the full scope and depth of Mr. Lalli's personal knowledge and involvement in the matters at issue in this action.

**ARGUMENT**

**I.    Supplemental Briefing Was Requested By the Court and Plaintiffs Responded.**

The Court's specific request was for:

[A]dditional briefing on the issue of whether or not [individually named Defendant, Laurice] Rahme's potential testimony or questioning to Ms. Rahme about perhaps trying to convince employees to testify falsely, whether or not that would be relevant in the trial in general, and if Mr. Lalli's presence at any such alleged conversations might make him a witness in this case.

1

Transcript of November 15, 2012 hearing, at 44:5-10.

Plaintiffs believe that they answered the Court's first question, that is whether Ms. Rahme's pressuring of employees to testify falsely relevant and admissible, in their December 17, 2012 submission.  In that Memorandum, Plaintifffs discussed Fed. R. Evid. 201, 607, and 608.  Plaintiffs explained that:

> [B]ecause evidence of Ms. Rahme's subornation of perjury in employment law matters is highly relevant in this employment law matter, Plaintiffs are entitled to seek, and intend to seek discovery from those individuals, including Mr. Lalli who were present when the subornation of perjurty took place.

December 17, 2012 Memorandum, at 5.

With respect to the second question, that is whether Mr. Lalli's presence at these events makes him a witness in this case, Plaintiffs believe the answer is most certainly yes, and discuss the reasons for their belief in this memorandum.

A close examination of Defendants' Opposition Memorandum reveals that Mr. Lalli and his law firm, Bond, Schoeneck & King, PLLC seek to enjoy all of the advantages of their close, indeed intimate, years-long relationship with Defendant Rahme and her companies, while using their status as attorneys as a shield against any effort by Plaintiffs to obtain discovery from Mr. Lalli regarding Defendant Rahme's unlawful business practices including wage and hour practices, and his participation in them.  This position is completely at odds with the standards set out by the United States Court of Appeals for the Second Circuit and recognized by the United States District Court for the Southern District of New York.

2

## II. Dennis Lalli's Assertion That He Has No Personal Knowledge of Any Of the Issues In This Case Is Implausible.

The Declaration of Dennis Lalli in opposition to the Plaintiffs' application to an order to show cause as to why disqualification should not be ordered, along with the affidavit statements of Defendant Rahme and Hormidas Caloobanan, as well as other papers submitted by Bond, Schoeneck & King, PLLC make it clear that Mr. Lalli has actively served as Defendant Rahme's employment advisor for many years.  The Affidavits of Karin Widmann state that Mr. Lalli in fact was a frequent visitor to Defendant Rahme's stores, and Defendant Rahme encouraged her employees to get to know him on a first name basis.  Under these circumstances, Mr. Lalli's conclusory and self-serving representation that "[c]ertainly Mr. Lalli has no personal knowledge concerning the matters alleged in the Complaint" (*Opposition Memo*, at 7) is utterly implausible.[1]  In fact, as will be discussed below, Mr. Lalli appears to have been intimately involved in various initiatives involving the Rahme-controlled companies, including the issuance of threats to two of the Plaintiffs.  Another set of Rahme attorney has even contended that his statements to regulatory authorities express his views not Ms.

---

[1]     Plaintiffs note that Mr. Lalli's profile on the Bond, Schoneck & King, PLLC website states, *inter alia*, his [Mr. Lalli's] practice focuses on advising and representing employers in the litigation of employment discrimination and workplace harassment disputes; restrictive covenant and other unfair competition matters; wage and hour matters, including class action litigation and federal and state administrative investigations and audits; mediation and other alternative dispute resolution proceedings; grievance arbitrations . . . He also counsels employers on employment law and problem employee issues with an emphasis on problem-solving and litigation avoidance; drafts and reviews employment and separation agreements; prepares employment policies and manuals; and conducts employee and supervisory training, all in a variety of industries. Declaration of Peter J. Andrews accompanying this Reply Memorandum, dated January 16, 2013 ("Andrews Dec."), Exhibit A.

Rahme's. Moreover, it is probable that Ms. Rahme will rely on Mr. Lalli's advise to support any "good-faith belief" defenses.

### III. Depositions of Attorneys With Personal and Relevant Knowledge Are Permitted.

As a preliminary matter, Plaintiffs note that Defendants' *Memorandum of Law in Opposition to Plaintiffs' Supplemental Memorandum*, while superficially impressive, voluminous, and filled with case citations, **_does not cite the leading decision of the United States Court of Appeals regarding discovery from attorneys_**. This cannot be a mere oversight as the Plaintiffs themselves cited and discussed it in their relatively brief December 17, 2012 *Supplemental Memorandum*.

In a 2003 decision authored by current United States Supreme Court Justice Sotomayor, the United States Court of Appeals for the Second Circuit made it clear that attorneys are not immunized from discovery where they have represented a client previously and then continue to represent the same client in a pending case. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003). In the *Friedman* case, the Court of Appeals reviewed the Eighth Circuit's decision in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), which has often been cited in opposition to requests for attorney depositions. The Court of Appeals in *Friedman* quoted another Eighth Circuit decision rendered several years after *Shelton*:

> . . . *Shelton* was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial.

350 F.3d at 72 (citing *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002).

The Court of Appeals in *Friedman* noted that we [the Court] "have stated specifically that the disfavor with which the practice of seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies of this nature." 350 F.3d at 72.  The Court of Appeals explained that "[r]ather . . . the standards set forth in [Fed. R. Civ. P.] 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship."  350 F.3d at 72.

The Court of Appeals additionally stated that the fact that the proposed deponent is a lawyer "does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices" – it is merely "a circumstance to be considered."  *Id.* at 72.

The Court in *Friedman* focused on the following factors:  (1)  the need to depose the lawyer; (2) the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, (3) the risk of encountering privilege and work product issues, and, (4) the extent of discovery already conducted.  *Id.* at 72.  All of these factors warrant that at the very least, as a preliminary matter, the deposition of Dennis Lalli be taken.

Post-*Friedman*, the United States District Court for the Southern District of New York stated that when a party employs litigation counsel who has played a role in the underlying facts, "both the attorney and the party have every reason to expect that the attorney's deposition may be requested."  *ResQNet.com, Inc. v. LANSA*, 2004 U.S. Dist. LEXIS 13579 (S.D.N.Y., July 23, 2004).  In this case, while it is apparent that Mr. Lalli

5

has played a heavy role in the underlying facts going so far as to write threatening letters to two of the Plaintiffs, the scope and depth of that role remains unknown to Plaintiffs.

As indicated by Judge Sweet's analysis in the *ResQNet* case and in the case of *Stauber v. City of New York*, 2004 U.S. Dist. LEXIS 7973 (S.D.N.Y., May 7, 2004), courts will evaluate requests to take attorney depositions on a case-by-case, factor-by-factor basis.

> A noted and objective authority on this issue has stated:
>
> Your [a litigating party's] chances of being permitted to depose opposing counsel increase sharply if opposing counsel played an important role in the situation giving rise to the litigation . . . As the *Friedmann* court said, "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation" is a favor to be weighed.

Professor Roy Simon, *Depositions of Opposing Counsel - Developing Law (Part II)*, The New York Professional Responsibility Report, October 2004, at 4. Andrews Dec., Ex. C.

> The same authority in the same article stated:
>
> Thus, if opposing counsel elicits testimony from you at your deposition that is damaging to your client, then you and your firm must withdraw from representing your client in court. In other words, you will have to find new trial counsel for your client.
>
> [A]ny lawyer who is an important enough witness to be deposed needs to think carefully about DR 5-102 and its implications.

Professor Roy Simon, *Depositions of Opposing Counsel - Developing Law (Part II)*, The New York Professional Responsibility Report, October 2004, at 5. Andrews Dec. Ex. C.

As is the case here, where the attorney whose deposition is being sought took "part in significant relevant pre-events and the attorney-client privilege does not apply," any presumptions against the deposition of counsel do "not bar such depositions." *Bogan v. Northwestern Mutual Life Ins. Co.*, 152 F.R.D. 9, 14 (S.D.N.Y. 1993). As Plaintiffs explained in their December 17, 2012 *Supplemental Memorandum* "here the evidence

being sought is not even an attorney-client communication, but a client's communications to third parties, which her attorney witnessed." *Supplemental Memorandum*, at 5. No plausible argument can be made that Mr. Lalli's presence and/or participation at such meetings with Defendant Rahme are protected and non-discoverable. This factor in the Friedman decision weights in favor of a deposition. Moreover, Mr. Lalli should be deposed because of other reasons discussed in the next section.

IV. **Mr. Lalli's Deposition Should Be Ordered So That Plaintiffs To Have The Opportunity To Explore His Personal Knowledge Of and Involvement In The Underlying Events At Issue In This Lawsuit. This Is Not A Fishing Expedition.**

As has been made clear in many submissions to the Court, including the two Affidavits of Karin Widmann, Plaintiffs have a good-faith belief that Mr. Lalli possesses highly relevant evidence regarding Defendant Rahme's subornation of perjury (as well as his own) in the course of employee disputes. Moreover, the deposition of Mr. Lalli that Plaintiffs seek is highly relevant to another issue in this action - which is whether Mr. Lalli and his law firm should be disqualified from representing Defendant Rahme and her companies as trial counsel in this action.

That Mr. Lalli has personal knowledge of the facts at issue in this case cannot be reasonably disputed. In fact, Mr. Lalli personally wrote to two of the Plaintiffs in this case in February of 2012, accusing them of dishonesy and demanding a meeting with each of them. Andrews Dec., Ex. D and E. Shortly thereafter, in April of 2012, he submitted a 13 page letter to the New York State Division of Human Rights regarding Plaintiff's Robledo's administrative actions in which he represented that Mr. Rahme knew that Plaintiff Robledo was Black Latina: "[c]ertainly she knew that Complainant was a Black Latina all three times Complainant aksed to come back to work for the

7

company." Andrews Dec., Ex. F. Remarkably, another set of Rahme attorneys, at the law firm of Phillips Nizer, has recently submitted a brief in the related racial discrimination case arguing that this statement does not reflect Ms. Rahme's view, but in fact, Mr. Lalli's: "and a statement - made not by Rahme, but by a lawyer from another firm in a differenet matter." Andrews Dec., Ex. G.

It is apparent that Defendant Rahme, her companies, her employees, Mr. Lalli and his law firm, and perhaps other law firms retained by Ms. Rahme have resisted and will likely continue to resist Plaintiffs' efforts to obtain full discovery, including discovery regarding the need for Mr. Lalli to appear as a witness at trial. This has compromised Plaintiffs' ability to obtain Mr. Lalli's (and his firm's) disqualification up to this point. However, Plaintiffs are confident that if they renew their motion to disqualify Mr. Lalli and his firm after all discovery closes and all discovery disputes have been decided, the Defendants will claim that that will be prejudiced by the renewal of such a motion. Plaintiffs themselves also will be prejudiced by last-minute changes in counsel, with the attendant delays.

Mr. Lalli should now be compelled to give full disclosure of all relevant evidence (that is, his personal knowledge of, and participation in, the subornation of perjury **_as well as_** his involvment in wage and hour practices at the Defendant Rahme-controlled Defendants). Mr. Lalli's law firm idenifies him as a specialist in wage and hour litigation, and his long term relationship with Ms. Rahme is not in dispute. His self-serving statement that he has no personal knowledge of any issue in this case can not be accepted at face value - at the very least, a deposition should be taken.

The relevant issues to be explored at his deposition should include whether he was so involved in the events that gave rise to this action that he must be called as a witness at trial, and thus disqualified. It is in best interests to all parties, and to the Court, to move toward the prompt resolution of the question of Mr. Lalli's continued participation as trial counsel in this action now. This can only be done if Mr. Lalli is required to be deposed as soon as possible.

**CONCLUSION**

For all of the foregoing reasons, Plaintiffs should be afforded the opportunity to take Mr. Lalli's deposition as soon as possible. All of the factors listed by the United States Court of Appeals in the *Friedman* decision: (1) the need to depose the lawyer; (2) the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation; (3) the risk of encountering privilege and work-product issues, and (4) the extent of discovery already conducted, weigh in favor of an order requiring Mr. Lalli to be deposed.

Dated: New York, New York
January 16, 2013

By: _____s/_____
Peter J. Andrews [PA-3295]
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, NY 10019
(212) 425-2600
pandrews@theharmanfirm.com
wharman@theharmanfirm.com

9