

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**Veronica Robledo**, Individually and on behalf of
all other persons similarly situated,

                Plaintiffs,

                12 Civ. 3579 (ALC) (DCF)

      - against -                <u>Order</u>

**No. 9 Parfume Leasehold, Laurice & Co.
Uptown, Inc., Laurice Washington Ltd.,
Laurice & Bleecker Corp., Laurice
Southhampton, Inc., Laurice Madison Ltd.,
and Laurice Rahme**, Individually,

                Defendants.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

      On September 28, 2012 Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order and Order to Show Cause. (ECF No. 25). Plaintiffs argued that Defendant's counsel, Mr. Dennis Lalli and his firm Bond, Schoeneck & King, PLLC, should be disqualified. Plaintiffs allege that defendant Ms. Laurice Rahme and "her long time employment adviser, Mr. Lalli" suborned perjury from defendant's employees in another employment law matter. Plaintiff's Supplemental Memorandum at 2. (ECF No. 60).

      On November 15, 2012, the Court heard oral arguments on Plaintiffs' application to disqualify and found that Plaintiffs "have not met their high burden to justify disqualification of Mr. Lalli or Mr. Lalli's firm." TRO Hr'g Tr. 44, Nov. 15, 2012. The Court ordered further briefing on the issue of whether or not Ms. Rahme attempted to suborn perjury and Mr. Lalli's involvement, if any, and his potential to be a witness in this case.

      The American Bar Association Code of Professional Responsibility (the "Code"), as adopted by the New York courts, establishes the appropriate guidelines for the professional

conduct of attorneys in the United States District Courts in this state. *See NCK Organization Ltd. v. Bregman,* 542 F.2d 128, 129 n. 2 (2d Cir. 1976); *Arifi v. de Transport du Cocher, Inc.,* 290 F.Supp.2d 344, 348 (E.D.N.Y. 2003); *Sumitomo Corp. v. J.P. Morgan & Co.,* Nos. 99 Civ. 8780, 4004, 2000 WL 145747, at *2 (S.D.N.Y. Feb. 8, 2000); *Polycast Technology Corp. v. Uniroyal, Inc.,* 129 F.R.D. 621, 624-25 (S.D.N.Y. 1990); Local Civil Rule 1.5(b)(5). The Code

> "consist[s] of three separate but interrelated parts: Canons, Ethical Considerations, and Disciplinary Rules." N.Y. Code of Professional Responsibility Preliminary Statement *reprinted in* N.Y. JUD. LAW APP. (McKinney 2000)). The Canons are "statements of axiomatic norms" *Id.* The Ethical Considerations are "aspirational in character and represent the objectives toward which every member of the profession should strive." *Id.* The Disciplinary Rules "are mandatory in character." *Id.* They "state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action."

*Kittay v. Kornstein,* 230 F.3d 531, 538 n. 3 (2d Cir. 2000).

The Disciplinary Rules provide:

> (a) A lawyer shall not act, or accept employment that contemplates the lawyer's acting as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client....

22 N.Y.C.R.R. § 1200.21(a). "The phrase 'ought to be called as a witness' has been construed to include an attorney who has crucial information in his possession that must be divulged in the course of trial." *Wickes v. Ward,* 706 F.Supp. 290, 292 (S.D.N.Y. 1989) (attorney necessarily disqualified where he was one of three witnesses to statements crucial to plaintiff's case); *see also Paretti v. Cavalier Label Co.,* 722 F.Supp. 985, 986 (S.D.N.Y. 1989) ("if a lawyer negotiates, executes, and administers a contract, and is the key witness at trial, then he must be disqualified").

Here, Mr. Lalli's testimony is not necessary to the Plaintiffs' case. There is no indication that Mr. Lalli could provide relevant, let alone critical, testimony. Therefore, Mr. Lalli's

2

testimony is not strictly necessary. *See Kubin v. Miller,* 801 F.Supp. 1101, 1113 (S.D.N.Y. 1992) ("[a] court should examine factors such as 'the significance of the matters, weight of the testimony, and availability of other evidence' when considering the necessity of the testimony") (quoting *S & S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp.,* 69 N.Y.2d 437, 446, 515 N.Y.S.2d 735, 739 (1987)); *see also Parke-Hayden, Inc. v. Loews Theatre Management Corp.,* 794 F.Supp. 525, 527 (S.D.N.Y. 1992).

Canon 9 of the Code states that "[a] lawyer should avoid even the appearance of professional impropriety." This requirement "reflects the bar's concern that some conduct which is in fact ethical may appear to the layman as unethical and thereby erode public confidence in the judicial system and the legal profession." *Liu v. Real Estate Investment Group, Inc.,* 771 F.Supp. 83, 87 (S.D.N.Y. 1991). When assessing a motion for disqualification under Canon 9, courts should take a "restrained view." *New York Institute of Technology v. Biosound, Inc.,* 658 F.Supp. 759, 761 (S.D.N.Y. 1987) (citation and quotation marks omitted). A motion to disqualify counsel under Canon 9 should be granted only if the facts present a real risk that the proceedings will be tainted. *Id.* Therefore, Canon 9, standing alone, is usually not a sufficient basis for disqualification. *Telectronics Proprietary, Ltd. v. Medtronics, Inc.,* 836 F.2d 1332, 1339 (Fed. Cir. 1988) ("[o]nly in unusual situations will the appearance of impropriety alone be sufficient to warrant disqualification"); *see also First Hawaiian Bank v. Russell & Volkening, Inc.,* 861 F.Supp. 233, 237 (S.D.N.Y. 1994) ("unless the Court finds that disqualification is warranted under the specified sections of Canons 4 or 5, Canon 9 will not serve as the basis upon which the Court will decide the merits of [a] motion for disqualification"). In addition, even if a "layman's faith would be severely troubled" by the facts of a case, "an element of unfairness" is not enough to trigger disqualification. *Board of Education of New York v. Nyquist,* 590 F.2d 1241, 1247 (2d Cir. 1979).

This is not one of the unusual situations in which disqualification is warranted under Canon 9. On the record before the Court, there is no real risk that the proceedings will be tainted. For example, "[t]his is not a case in which an attorney has represented one client and then switched over to his former client's adversary." *New York Institute of Technology,* 658 F.Supp. at 762. Accordingly, Mr. Lalli cannot be disqualified on the basis of Canon 9.

The Court now dismisses Plaintiffs' application to disqualify Mr. Lalli and his firm. The Clerk is requested to close Docket Numbers 25, 26, 29 and 30. Defendant's request for sanctions is denied.

Dated: New York, New York
March 20, 2013

SO ORDERED.

Andrew L. Carter, Jr.
United States District Judge