UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VERONICA ROBLEDO, individually and on behalf of          :
all other persons similarly situated,

                                                         :        12 Civ. 3579 (ALC) (DF)

                                    Plaintiffs,          :

                                                         :        **MEMORANDUM**
                      -against-                                   **AND ORDER**

                                                         :

NO. 9 PARFUME LEASEHOLD and
LAURICE RAHME, Individually,                             :
                                    Defendants.
------------------------------------------------------------------X

> ```
> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED:  4/9/13
> ```

**DEBRA FREEMAN, United States Magistrate Judge:**

Currently pending before the Court in this case, brought under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL"), § 650 *et seq.*, is a

renewed motion by plaintiff Veronica Robledo ("Robledo" or "Plaintiff") to amend her Class

and Collective Action Complaint against defendants No. 9 Parfume Leasehold (referred to herein

as "Bond No. 9") and Laurice Rahme ("Rahme") (collectively, "Defendants").[1]  For the reasons

set forth below, Plaintiff's motion to amend (Dkt. 53) is granted in part and denied in part.

## BACKGROUND

### A.    **Procedural History**

In many ways, this case, commenced in May 2012, has barely gotten off the ground, and

yet it already has a convoluted and confusing history.[2]  For starters, Plaintiff's counsel

---

[1] *See* Class and Collective Action Complaint, dated May 4, 2012 ("Compl.") (Dkt. 75);
*see also* Order dated Apr. 8, 2013 (Dkt. 74) (directing the Clerk of the Court to accept this
pleading for filing and to indicate that it would be deemed substituted for the Complaint
appearing on the Court's Docket as Dkt. 1).

[2] It also has a particularly acrimonious history.  Not only have the parties brought to the
Court several discovery disputes that could have been resolved through good-faith conference,
but the case has also seen repeated challenges by Plaintiff to the character and conduct of
Defendants and their counsel.  (*See, e.g.*, Dkt. 25 (Plaintiff moving for, *inter alia*,

commenced the action by filing and serving a pleading that differed from the version that counsel then uploaded (apparently inadvertently) to the Court's Electronic Case Filing ("ECF") system. While the parties then agreed that the served (not the uploaded) document would constitute the operative pleading, it appears that Plaintiff never corrected its initial error by uploading that pleading on ECF. As a result, the Court did not have a copy of that pleading on file until, at this Court's request, Defendants' counsel faxed a copy to this Court on April 4, 2013, and the Court directed that it be docketed. (*See* Dkts. 74, 75.) Moreover, since commencing the action, Plaintiff has filed three motions to amend the Complaint, the first of which (Dkt. 11) Plaintiff voluntarily withdrew before the Court rendered a determination, and the second of which (Dkt. 34) was denied by the Court without opinion when Plaintiff informed the Court that she wished to replace that proposed amended pleading with yet another version. Thus, the motion to amend that is currently before the Court (Dkt. 53) is Plaintiff's third motion to amend, though only the first to be considered by the Court, and the Complaint that it seeks to amend is one that was not, until now, ever reflected on the Court's Docket.

Complicating the matter further, Plaintiff's counsel have seemingly failed to realize that neither of Plaintiff's prior two proposed amendments was ever accepted by the Court. This lack of realization is evident from the fact that the current motion to amend is purportedly brought not only by Robledo, but also by additional individuals, identified in the caption of the Notice of Motion as "plaintiffs," who are not actually current plaintiffs. (*Compare* Dkt. 75 (current

---

disqualification of Defendants' counsel, and asserting "that there is a substantial risk of spoliation of relevant evidence, including destruction of documents, and subornation of perjury"); Dkt. 63 (Plaintiff accusing Defendants of sanctionable conduct).)

operative Complaint) *with* Dkt. 53 (Notice of Motion To Amend).)[3]  Similarly, the caption of

Plaintiff's Notice of Motion lists as "defendants" a number of entities that were not named in the

Complaint that the parties agreed was the initial operative pleading, and who therefore are not

actually current defendants in this action.  (*Id.*)

Finally, by letter dated March 20, 2013, Plaintiff's counsel wrote to the Court, seeking a

conference to discuss yet another potential amendment to the Complaint. (*See* Dkt. 73.)  The

Court held a telephone conference with counsel on April 3, 2013, to inquire whether, in light of

counsel's letter, Plaintiff once again wished to withdraw any pending motion to amend.  Counsel

informed the Court that Plaintiff would, instead, withdraw the request contained in the March 20

letter, to the extent that request related to this action, as opposed to a different related action.

Accordingly, the Court will proceed to decide Plaintiff's last-filed motion to amend.

### B.    The Proposed Amendment Now Before the Court

In her original (and currently-operative) Complaint, brought by Plaintiff "individually

and on behalf of all other persons similarly situated," Plaintiff asserted only two causes of

action:  failure to pay overtime in violation of (1) Section 255(a) of the FLSA (Compl., at

¶¶ 41-51), and (2) Section 663(a) of the NYLL (*id.*, at ¶¶ 52-56).  In support of these claims,

Plaintiff alleged that Bond No. 9, "from in or about June 2007 until in or about February 2012,"

employed Plaintiff as a sales associate (*id.*, at ¶ 29); that, during the time that Plaintiff worked

---

[3] As discussed further below (*see infra* at Discussion, Section II(A)(1)), while Plaintiff has characterized at least one of the newly named plaintiffs an "opt-in" plaintiff, the Court has never granted even preliminary approval for this action to proceed as a collective action under the FLSA, and notice to the proposed class has not been approved or distributed.  In fact, given the multiple requests made by Plaintiff to amend her pleading, the Court denied Plaintiff's motion for approval of collective notice, without prejudice to renew upon resolution of Plaintiff's latest motion to amend (*see* Dkt. 71), so that any such notice could accurately reflect the parameters of this suit.

for Bond No. 9, she and other sales associates "often worked in excess of forty (40) hours a week, yet Defendants willfully failed to pay [them] overtime compensation of one and one-half times [their] regular hourly rate, in violation of the FLSA and the [NYLL]" (*id.*, at ¶¶ 32, 34).

In contrast, the proposed Amended Complaint that Plaintiff now seeks leave to file (Plaintiffs' Proposed Amended Class and Collective Action Complaint, dated Nov. 27, 2012 ("Proposed Am. Compl.") (Dkt. 54-1)) contains five claims: (1) an FLSA claim, under 29 U.S.C. § 255(a), for failure to pay overtime (*id.*, at ¶¶ 70-80); (2) an FLSA claim, under 29 U.S.C. § 215(a)(3), for retaliation (*id.*, at ¶¶ 81-85); (3) a claim under NYLL § 663(1), for failure to pay overtime (*id.*, at ¶¶ 86-90); (4) a claim under NYLL § 191(1)(d), for failure to make payment of wages earned (referred to as a claim for "wage theft") (*id.*, at ¶¶ 91-100); and (5) a claim under NYLL § 215, for retaliation (*id.*, at ¶¶ 101-07). On each of these claims, Plaintiff proposes to join two additional named plaintiffs: Maria Flores-Blanco ("Flores-Blanco") and Karin Maria Widmann ("Widmann"). (*See id.* (Caption).) Plaintiff also proposes to assert these claims against not only the initially named Defendants, but also against five newly named corporate entities: Laurice & Co. Uptown, Inc., Laurice Washington Ltd., Laurice & Bleecker Corp., Laurice Southampton, Inc., and Laurice Madison Ltd. (collectively, the "Laurice Corporations").

On November 27, 2012, Plaintiff filed her currently pending motion to amend, supported by a memorandum of law (Plaintiffs' Memorandum of Law in Support of Their Motion To Amend the Complaint, dated Nov. 27, 2012 ("Pl. Mem.") (Dkt. 55)), and a declaration (Declaration of Peter J. Andrews in Support of Plaintiff's [sic] Motion To Amend Their Complaint, dated Nov. 27, 2012 ("Andrews Decl.") (Dkt. 54)).

4

On December 14, 2012, Defendants filed an opposition memorandum. (Undated Memorandum of Law in Opposition to Plaintiff's Motion To Amend the Complaint, filed Dec. 14, 2012 ("Def. Mem.") (Dkt. 59).)   Apparently, Defendants oppose neither the joinder of the Laurice Corporations as additional defendants,[4] nor the joinder of Widmann as an additional named plaintiff.[5]  Defendants also do not oppose the addition of Plaintiff's proposed wage-theft claim under the NYLL. (*Id.*, at 2.)  Defendants do, however, oppose both the addition of Flores-Blanco as a named plaintiff, and Plaintiff's proposed federal and state-law retaliation claims. (*Id.*, at 1-3.)  Defendants argue, in their opposition brief, that Plaintiff's proposed allegations regarding Flores-Blanco "do not set forth a plausible claim of any kind" (Def. Mem., at 1 n.2), and that the proposed retaliation claims are defective as pleaded, so that allowing those claims to proceed would be futile (*id.*, at 2-3).

On December 28, 2012, Plaintiff filed a reply memorandum (Plaintiffs' Memorandum of Law in Further Support of Their Motion To Amend the Complaint, dated Dec. 28, 2012 ("Pl. Reply Mem.") (Dkt. 63)), together with a reply declaration (Declaration of Peter J. Andrews in Further Support of Plaintiffs' Motion To Amend The Complaint, dated Dec. 28, 2012 ("Andrews Reply Decl.") (Dkt. 64)).

---

[4] In the Court's April 3, 2013 telephone conference with counsel, counsel for Defendants informed the Court that the parties had discussed the proper corporate entities to be named as defendants in this action, and the proposed Amended Complaint presumably reflects the parties' discussions. (*See* Def. Mem., at 1 n.3.)

[5] In their opposition brief, Defendants state that they "do not argue that the Proposed Amended Complaint sets forth allegations sufficient to add Ms. Widmann as a named plaintiff." (*Id.*, at 1 n.2.)  Although this sentence is somewhat unclear and may contain a grammatical or typographical error, it seems apparent from the remainder of Defendants' brief, including its "Conclusion," that Defendants are not opposing the addition of Widmann as a named plaintiff in this action. (*See id.*, at 13 (containing no request that the Court deny Plaintiff's request to join Widmann as a party).)

5

## DISCUSSION

I.  **APPLICABLE LEGAL STANDARDS**

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend a pleading under Rule 15(a) should be denied, however, "if there is an 'apparent or declared reason – such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citation omitted). An amendment is considered futile when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Panther Partners Inc., v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Thus, when a proposed amendment is challenged as "futile," the Rule 12(b)(6) standards become relevant. Under Rule 12(b)(6), a complaint is subject to dismissal when it is not legally sufficient to state a claim upon which relief can be granted. *See Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991). In deciding a Rule 12(b)(6) motion, the Court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted); *accord Jaghory v. New York State Dep't of Ed.*, 131 F.3d 326, 329 (2d Cir. 1997). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney &*

6

*Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). To survive a motion to dismiss, a complaint must "state[] a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Ashcroft,* 129 S. Ct. at 1949).

When deciding motions to join additional parties under Rule 21 of the Federal Rules of Civil Procedure, courts follow "'the same standard of liberality afforded to motions to amend under Rule 15.'" *Newton v. City of New York*, 07 Civ. 6211 (SAS), 2010 U.S. Dist. LEXIS 6998, at *5 (S.D.N.Y. Jan. 27, 2010) (quoting *Sly Magazine, LLC v. Weider Publ'ns LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007)); *see also* Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party").

## II.   **PLAINTIFF'S PROPOSED AMENDMENT**

To the extent Defendants do not contest Plaintiff's proposed amendment, the Court will allow it. Accordingly, Plaintiff is granted leave (1) to add Widmann as a named plaintiff, and (2) to add a claim under the NYLL for failure to make payment of wages earned (wage theft).[6]

---

[6] As the Court has original jurisdiction over Plaintiff's FLSA claim for failure to pay overtime, *see Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (E.D.N.Y. 2010) ("The Court has original jurisdiction over the FLSA claims." (citing 28 U.S.C. § 1331)), and as the factual allegations underlying that claim generally serve as the basis for Plaintiff's NYLL wage claims, the Court may exercise supplemental jurisdiction over Plaintiff's NYLL claim for failure to pay actual wages earned, *see id.* ("28 U.S.C. § 1367 permits a federal court to exercise supplemental jurisdiction over claims within the same constitutional case or controversy as a claim over which the court has original jurisdiction[;] . . . [thus,] [t]he Court can exercise supplemental jurisdiction over the NYLL claims because the same working conditions and compensation also underlie the FLSA claims.").

To the extent Defendants *do* oppose Plaintiff's motion to amend, the issues raised by that opposition are addressed below.

A.      **Proposed Joinder of Flores-Blanco as a Named Plaintiff**

Defendants argue that the motion to amend "should be denied to the extent that it can be read as seeking to amend the Complaint to include . . . Flores-Blanco as a named plaintiff." (*See* Def. Mem., at 13.)  In support of their argument, Defendants contend that "[t]he allegations of the [p]roposed Amended Complaint concerning [Flores-Blanco] are wholly insufficient to assert a plausible claim, and set forth no facts that would enable defendants to prepare a defense." (*Id.*, at 12.)  In this regard, Defendants point out (*id.*, at 12) that the proposed Amended Complaint contains only two allegations that specifically refer to Flores-Blanco:  (1) an allegation that Flores-Blanco "was, at all relevant times, an adult individual, residing in the State of New York, Nassau County" (Proposed Am. Compl., at ¶ 9); and (2) an allegation that "Defendant RAHME, on behalf of Corporate Defendants, directly controlled Plaintiff FLORES-BLANCO's work schedule and conditions of employment, determined the rate and method of payment, and kept at least some records regarding her employment" (*id.*, at ¶ 20).  Defendants contend that, as the proposed Amended Complaint contains no allegations that any defendant engaged in any unlawful action with respect to Flores-Blanco, the proposed pleading fails to state a claim on her behalf, and that any claim by Flores-Blanco would therefore be subject to dismissal under Rule 12(b)(6).  For this reason, Defendants argue that the joinder of Flores-Blanco as a party should be disallowed. (*See* Def. Mem., at 11-13.)

In her reply brief, Plaintiff responds to this argument by asserting that, "[i]n collective and class action litigation in general, there is absolutely no requirement that pleadings be redrafted each time an additional plaintiff joins in the action." (Pl. Reply Mem., at 5.)

According to Plaintiff, Flores-Blanco is simply "an opt-in plaintiff, who signed an opt-in consent form joining this [FLSA] action after it was filed . . . . [and] filed [that form] with the Court." (*Id.*)  Plaintiff offers nothing further to address Defendants' challenge to the adequacy of the proposed allegations regarding Flores-Blanco's claims.

While it does, in fact, appear that Flores-Blanco has filed a form with the Court indicating her desire to "opt-in" to this putative collective action (*see* "Consent To Be a Party Plaintiff," filed Sept. 19, 2012 (Dkt. 21); *see also* Andrews Reply Decl., Ex. B), Plaintiff overlooks the fact that – given Plaintiff's repeated requests to amend her Complaint – the Court has not yet granted preliminary approval for this action to proceed as a collective (or class) action, and no notice of a collective action has yet been distributed.

> Typically, a federal court authorizes notice of the litigation to employees after making a preliminary determination that the employees who will be receiving the notice are similarly situated to the plaintiff.  If a plaintiff meets his or her burden to demonstrate that the proposed recipients are in fact similarly situated, the court authorizes that notice be sent to these potential plaintiffs.  The potential plaintiffs may then opt-in to the lawsuit pursuant to § 216(b) by filing a consent form with the Court.

*Diaz v. S&H Bondi's Dep't Store, Inc.*, No. 10 Civ. 7676 (PGG), 2012 U.S. Dist. LEXIS 5683, at *7-8 (S.D.N.Y. Jan. 17, 2012) (citations and internal quotation marks omitted).

Under the circumstances, Flores-Blanco's act (presumably taken on her behalf by Plaintiff's counsel) of filing a form "consenting" to be a party plaintiff did not operate to make her an "opt-in" plaintiff in this case, as, at the time she filed that form, the Court had not yet found that Plaintiff had met "her burden to demonstrate that the proposed recipients [were] in fact similarly situated." *See id.*  Nor has the Court subsequently determined that Plaintiff has met that burden.  Accordingly, for Flores-Blanco to be added as a named plaintiff at this time,

Plaintiff would need to plead sufficient allegations to show that Flores-Blanco has a basis for individual relief.  This, Plaintiff has completely failed to do.

Accordingly, Plaintiff's motion to join Flores-Blanco as a named plaintiff is denied without prejudice.  If the Court determines that this case should, in fact, proceed as an FLSA collective action, then, at that time, Flores-Blanco may choose to "opt-in" to the action as a party plaintiff.

**B.**     **Proposed Retaliation Claims**

**1.**     **Retaliation Under the FLSA**

The anti-retaliation provision of the FLSA provides that it shall be unlawful for any person:

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C.A. § 215(a)(3). Defendants argue that Plaintiff's proposal to add an FLSA retaliation claim against Defendants under this provision should be denied as futile, as the proposed Amended Complaint fails to assert (1) that Defendants retaliated against Plaintiff (or any other proposed named plaintiff) for asserting a statutory rights under the FLSA (*see* Def. Mem., at 4-7), or (2) that, prior to being discharged, Plaintiff (or any other proposed named plaintiff) lodged a complaint, oral or written, with any government authority (*see id*. at 7-8).

The Court need not address Defendants' first argument, as, based on the current state of the law in this circuit, Defendants' second argument is correct, and plainly dispositive.  Under Second Circuit law, only the filing of a complaint with a government authority is considered to

10

be protected under this provision of the FLSA, *see Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993), *abrogated on other grounds by Kasten v. Saint-Gobain Performance Plastics*, 131 S. Ct. 1325 (2011), so an allegation that a plaintiff complained directly to his or her employer about an FLSA violation would be insufficient to support a retaliation claim under the statute, *see Lambert*, 10 F.3d at 55; *see also Straebler v. NBC Universal, Inc.*, No. 11 Civ. 4131 (DAB), 2013 U.S. Dist. LEXIS 20623, at *20 (S.D.N.Y. Feb. 11, 2013) ("Plaintiff has not alleged that she complained of NBC's purported FLSA violation to a government authority.  Therefore, the Court [grants] NBC's Motion to Dismiss Count IV of the Amended Complaint.").  In this case, Plaintiff's proposed Amended Complaint contains no indication that, prior to the termination of either her employment or Widmann's employment, either ever made any type of complaint regarding Defendants' practices to any government authority.

To the contrary, the proposed Amended Complaint, at most, contains the following allegations regarding Robledo's and Widmann's alleged filing of complaints:

> 82.   Defendants willfully retaliated against Named Plaintiffs . . . for asserting their rights under the FLSA. . . .

> 83.   Specifically, Defendant RAHME personally elected to terminate Plaintiff WIDMANN – ostensibly a store manager at Defendants' flagship store – at least in part because Plaintiff WIDMANN had the temerity to approach Defendant RAHME and convey to her the many questions and concerns store employees had about how their wages were calculated.

> 84.   Defendant RAHME also personally elected to actually or constructively terminate Plaintiff ROBLEDO from her employment on or about the same day that Plaintiff WIDMANN was terminated, at least in party because Plaintiff ROBLEDO questioned Defendant RAHME [sic] how her wages were calculated.

11

(Proposed Am. Compl., ¶¶ 82-84; *see also* ¶¶ 104-06 (same).)  These allegations, which are the *only* allegations found in the proposed Amended Complaint regarding complaints of any kind (*see generally* Proposed Am. Compl.), fail to state that either Robledo or Widmann lodged a complaint with any government authority.

In her reply, Plaintiff impliedly acknowledges this pleading defect by arguing that *Lambert*, cited above in support of the principle that a complaint must be made to a government authority, should no longer be accepted as good law following the Supreme Court's 2011 decision in *Kasten*.  (*See* Pl. Mem., at 6-7.)  *Kasten* was a case that, like this one, did not involve any purported complaint by an employee to any government agency; rather, the plaintiff claimed only to have made an oral complaint to his employer regarding an FLSA violation.  *See Kasten*, 131 S. Ct. at 1329-30.  The Supreme Court rejected the respondent-employer's argument that, under Section 215(a)(3) of the FLSA, a "filed . . . complaint" was required to be in writing, finding that the statute was not so limited.  *See generally id.*  Yet when the respondent then asked the Court to rule in its favor on the alternative ground that the FLSA anti-retaliation provision should be read to apply only to complaints filed with the Government, the Court declined to reach that issue, noting that it had not been raised in the respondent's petition for certiorari.  *See id.* at 1336 ("[W]e can decide the oral/written question separately – on its own. And we have done so.  Thus, we state no view on the merits of [respondent's] alternative claim.").

Although Plaintiff argues that, "[i]n the absence of post-*Kasten* guidance" from the Second Circuit, the "issue of whether internal complaints made to one's supervisor are protected under the anti-retaliation provisions of the FLSA" is now "unsettled" in this circuit (Pl. Mem., at 6-7; *see also* Pl. Reply Mem, at 3 (same)), Plaintiff misconstrues the limited holding of *Kasten*

12

and accords it greater consequence than is permissible in this Court. As *Kasten* explicitly did not reach the question of whether an employer's internal complaint, to his or her employer, can meet the requirements of Section 215(a)(3), and as the Second Circuit's decision in *Lambert* has never been overruled on that point, *Lambert* remains controlling on the issue. In fact, subsequent to *Kasten*, district courts in this circuit have repeatedly noted this, and have dismissed FLSA retaliation claims that rested solely on such internal complaints. *See, e.g., Greathouse v. JHS Sec., Inc.*, No. 11 Civ. 7845 (PAE) (GWG), 2012 U.S. Dist. LEXIS 127312, at *23 (S.D.N.Y. Sept. 7, 2012) (report & recommendation) ("[A]lthough *Kasten* abrogated *Lambert*'s ruling as to informal and oral complaints, the rule from *Lambert* that the FLSA's anti-retaliation provision does not protect the submission of a complaint to one's supervisor remains valid in this Circuit."), *adopted in relevant part by* 2012 U.S. Dist. LEXIS 150954 (S.D.N.Y. Oct. 19, 2012); *Duarte*, 2012 U.S. Dist. LEXIS 96249, at *9-10 ("It is dispositive that [plaintiff] provides no indication that she ever complained of the alleged improper practices to a government authority prior to her termination. Accordingly, defendants are entitled to judgment on the pleadings with respect to [plaintiff's] FLSA retaliation claims."); *Son v. Reina Bijoux, Inc.*, 823 F. Supp. 2d 238, 244 (S.D.N.Y. 2011) ("[T]he Second Circuit's rule holding that complaints to employers do not qualify as a protected activity controls . . . .Therefore, because [plaintiff's] complaints were made informally to her employer and not to a government agency, she did not engage in protected activity under the FLSA and so cannot make out a prima facie retaliation claim."); *Ryder v. Platon*, No. 11-CV-4292 (JFB) (ARL), 2012 U.S. Dist. LEXIS 87050, at *22 (E.D.N.Y. June 19, 2012) ("Here, plaintiff only alleges that he complained to his employer. Accordingly, because there is no allegation in the amended complaint that plaintiff lodged a complaint, oral or

13

written, to a proper government authority, the retaliation claim under the FLSA must be dismissed.").

In *Greathouse v. JHS Sec. Inc.*, a post-*Kasten* case, the plaintiff argued at length, as Plaintiff does here, that, in light of *Kasten*, *Lambert* should be overruled, to which this Court (Engelmayer, J.) ultimately responded, "[t]hat is, of course, an argument better made before the Second Circuit or the Supreme Court." 2012 U.S. Dist. LEXIS 150954, at *15. Given that *Lambert*, in relevant part, remains controlling authority in this circuit, this Court is constrained to agree, and, accordingly, Plaintiff's motion to amend her Complaint to add her proposed FLSA retaliation claim is denied. Further, based on the current state of the law, this portion of Plaintiff's motion to amend is denied with prejudice, unless the state of the law, as dictated by the Supreme Court or the Second Circuit, should change in the future, and such change is made retroactive.

### 2.   Retaliation Under the NYLL

The anti-retaliation provision of the NYLL, provides, in relevant part:

> (1)(a)   No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee
>
> > (i)   because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner, [or]
> >
> > (ii)   because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general,

14

> or to any other person that the employer has
> violated any provision of this chapter, or any order
> issued by the commissioner . . . .
>
> . . .
>
> An employee complaint or other communication need not make
> explicit reference to any section or provision of this chapter to
> trigger the protections of this section.

NYLL § 215(1)(a).  Thus, to establish a claim under Section 215(1)(a), a plaintiff "must show

that she complained to [her employer] about its violations of the Labor Law and that she was

terminated because of her complaints."  *Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 162

(E.D.N.Y. 2002).  "In addition, New York's anti-retaliation provision requires a nexus between

the employee's complaint and the employer's retaliatory action."  *Higueros v. New York State*

*Catholic Health Plan*, 526 F. Supp. 2d 342, 347 (E.D.N.Y. 2007) (citations omitted).

"Unlike its federal analogue, the NYLL's anti-retaliation provision unquestionably

protects informal complaints made to an employer."  *Duarte v. Tri-State Physical Med. &*

*Rehab., P.C.*, No. 11 Civ. 3765 (NRB), 2012 U.S. Dist. LEXIS 96249, at *10 (S.D.N.Y. July 10,

2012) (citations omitted).  The state statute, however, provides that plaintiffs who bring any

lawsuit under the anti-retaliation provision must first serve notice of the suit upon the State

Attorney General.  *See* NYLL § 215(2)(b).

In this case, Defendants contend that Plaintiff's state-law retaliation claim "may not be

asserted" against them because Plaintiff failed to serve notice of the suit upon the State Attorney

General prior to commencing the action.  (*See* Def. Mem., at 10; *see also* Pl. Reply Mem., at 4

(acknowledging failure, but informing the Court that, as a result of being made aware of the

defect, Plaintiff had belatedly served notice on the State Attorney General).)  Defendants further

argue that, even if this advance-notice requirement were excused in light of Plaintiff's belated

15

notice, Plaintiff's proposed claim under Section 215 should nonetheless be rejected as futile, as, in Defendants' view, the proposed Amended Complaint fails to allege facts sufficient to suggest either that Robledo or Widmann actually complained, or that Defendants had reason to believe that they had complained, about any supposed violation of the NYLL or of any order issued by the New York State Commissioner of Labor. (*See id.* at 9-10.)

As to Defendants' first argument, it appears that the New York Court of Appeals has not directly addressed the question of whether the requirement that pre-suit notice be provided to the State Attorney General should be construed as a strict "condition precedent" to suit, or whether the requirement may be excused. *See Quintanilla v. Suffolk Paving Corp.*, No. CV 09-5331 (SJF) (AKT), 2011 U.S. Dist. LEXIS 34193, at *18 (E.D.N.Y. Feb. 10, 2011) (report & recommendation) (noting absence of direct precedent on the question), *adopted by* 2011 U.S. Dist. LEXIS 34188 (Mar. 28, 2011). For their part, the lower state courts have issued conflicting decisions on the issue. *Compare Antolino v. Distribution Mgt. Consolidators Worldwide, LLC*, No. 101541/2011, 2011 N.Y. Misc. LEXIS 5737, at *7-8 (Sup. Ct. N.Y. County Nov. 28, 2011) (dismissing claim under NYLL § 215 where notice to the State Attorney General was made belatedly), *with Aurelien v. Albert Augustine Ltd.*, No. 102589/12, 2012 N.Y. Misc. LEXIS 5525, at *5 (Sup. Ct. N.Y. County Nov. 7, 2012) (in the absence of any prejudice caused by late notice, finding plaintiff's action not barred).

In the absence of direct precedent from New York's highest court, some judges have looked to that court's reasoning in *Columbia Gas of New York, Inc. v. New York State Elec. & Gas Corp.*, 28 N.Y.2d 117 (1971), a case involving a different state statute (Section 340 of the New York General Business Law), relating to a different type of claim (antitrust), but that also, on its face, requires pre-suit notice to the State Attorney General. In *Columbia Gas*, the New

16

York Court of Appeals allowed a case to proceed, even in the absence of timely notice, holding

that the "requirement that notice be given is designed solely to apprise the Attorney General that

such an action was commenced so that he would be aware of the circumstances," and that the

requirement "may not be considered a condition precedent to the plaintiff's cause of action." *Id.*

at 129.  Given this reasoning in *Columbia Gas*, this Court will not reject Plaintiff's NYLL

retaliation claim on the basis of late notice to the State Attorney General.  *See id.*; *see also*

*Quintanilla*, 2011 U.S. Dist. LEXIS 34193, at *18-19 (applying the reasoning of *Columbia Gas*

to NYLL § 215).[7]

Defendants, however, are again persuasive on their second argument, as none of

Plaintiff's proposed new allegations are capable of satisfying the statutory requirement that

either Robledo or Widmann made a complaint – to anyone – by which she indicated that she had

any good-faith belief that Defendants had violated any provision of the NYLL or any order of

the Labor Commissioner.  *See Jacques*, 200 F. Supp. 2d at 162.

According to Plaintiff, the following "allegations of retaliation are more than sufficient"

to satisfy this requirement:

> 104.    Defendants willfully retaliated against Named Plaintiffs . . .
> for asserting their rights under the New York Labor Law. . . .
>
> 105.    Specifically, Defendant RAHME personally elected to
> terminate Plaintiff WIDMANN – an employee [sic] Defendants'
> flagship store on Bond Street in Manhattan, at least in part because

---

[7] Although Defendants rely on *Crosland v. City of New York*, 140 F. Supp. 2d 300, 312
(S.D.N.Y. 2001), for the proposition that NYLL § 215 requires strict compliance with its notice
provision, the court in *Crosland* dismissed the plaintiffs' labor-law claims on several grounds,
including because the claims were time-barred and were supported by only conclusory
allegations.  *See id.* at 312.  As the court never determined whether plaintiffs' Section 215 claim
was subject to dismissal solely for failure to give notice, *see id.*, the decision is of limited utility
to this Court's analysis.

17

> Plaintiff WIDMANN had the temerity to approach Defendant
> RAHME and convey to her the many questions and concerns store
> employees had and had expressed about how their wages were
> calculated.
>
> 106.    Defendant RAHME also personally elected to actually or
> constructively terminate Plaintiff ROBLEDO from her
> employment on or about the same day that Plaintiff
> WIDMANN was terminated, at least in part because Plaintiff
> ROBLEDO questioned Defendant RAHME about how her wages
> were calculated.

(Proposed Am. Compl., at ¶¶ 104-06; *see also* Pl. Reply Mem., at 3-4 (arguing that ¶¶ 105 and

106 adequately allege the lodging of a complaint under NYLL § 215).)  None of these

allegations, however, provide *any* specificity as to the purported illegality of Defendants'

payment practices; indeed, none suggest that, by the purported "complaints," Defendants were

made aware of any claimed violation of the statute, whatsoever.  At most, these allegations

suggest, in vague terms, that Robledo "questioned" Defendants "about how her wages were

being calculated" (Proposed Am. Compl., at ¶ 106), and that Widmann informed management

that employees had "questions and concerns" about the same topic (*id.*, at ¶ 105).  Asking how

wages are being calculated, or informing management of "questions and concerns," is not the

same thing as complaining of a particular, perceived violation of law.

As pleaded, these allegations are thus insufficient.  *See Epifani v. Johnson*, 882 N.Y.S.2d

234, 244 (2d Dep't 2009) ("[A] plaintiff must allege that . . . she complained about a specific

violation of the Labor Law to support a claim of retaliatory discharge pursuant to Labor Law

§ 215." (citations omitted)); *see also id.* (As "it is not clear that these complaints pertained to any

section of the Labor Law . . . plaintiffs' [sic] claim cannot support her recovery pursuant to

Labor Law § 215."); *see also Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*, No. 03-CV-6233

(JBW), 2004 U.S. Dist. LEXIS 12816, at *13 (E.D.N.Y. July 9, 2004) ("[P]laintiff has not

18

pleaded with a level of specificity sufficient to support a cause of action. The court cannot determine what alleged violation of New York's Labor Law triggered plaintiff's claim under section 215."); *cf. Higueros*, 526 F. Supp. 2d at 348 ("[H]ere the plaintiff's complaint contains more than bare allegations of violations of 'state law' or even 'Labor Law' and instead lists the specific sections of the New York Labor Law that she claims the defendant violated by failing to pay overtime wages . . . . Thus, the plaintiff's complaint in this action is sufficient with respect to the sections of New York's Labor Law that triggered her complaint to management and her subsequent claim under Section 215.").

Relying on *Weiss v. Kaufman*, No. 103473/2010, 2010 N.Y. Misc. LEXIS 5699 (Sup. Ct. N.Y. County Nov. 22, 2010), Plaintiff contends that her proposed Section 215 claim is sufficient. (*See* Pl. Reply, at 4 (quoting *Weiss* for the proposition that an "employee need not be familiar with the specifics of the Labor Law to cite the section of the statute she relies on. All that is required is that the complaint to the employer be of a colorable violation of the law.").) In *Weiss*, however, the plaintiff specifically alleged that she had "complained about the fact that she was owed approximately seven (7) pay-checks in back wages and one month later, was terminated." *Weiss*, 2010 N.Y. Misc. LEXIS 5699, at *4. Here, neither Robledo nor Widmann even plead that they complained about any unpaid wages, and, certainly, the pleading contains no suggestion that they placed Defendants on notice of any claimed violation of law. As noted above, merely "convey[ing] . . . questions and concerns," or inquiring as to "how . . . wages were [being] calculated" (Proposed Am. Compl., at ¶¶ 105-106), is not – even viewed generously – the equivalent of complaining of a particular violation or even more generally perceived illegality. Given the paucity of Plaintiff's pleaded allegations, her motion for leave to add retaliation claims under NYLL Section 215 is denied.

19

In this instance, though, the Court's denial of leave to amend shall be without prejudice, as Plaintiff and Widmann may be able to plead sufficient allegations to state a retaliation claim under the NYLL. The Court does note that Plaintiff, through counsel, has already attempted, three times, to prepare an amended Complaint, and has now asked the Court to proceed, as quickly as possible, with determining whether to grant preliminary approval to the collective action and to authorize the distribution of collective-action notice. The Court also notes that, prior to Plaintiff's filing of her last motion to amend, the Court set a final deadline for that motion, which was not to be extended "absent extraordinary cause." (Dkt. 52.) Under the circumstances, if Robledo and/or Widmann wishes to try again to plead a state-law retaliation claim, they should serve and submit to this Court a revised, proposed Amended Complaint – *i.e.*, one that modifies the currently proposed paragraphs 104-06 – *no later than one week from the date of this Order*. With this single exception, the Court will not accept any further motion to amend, absent extraordinary cause shown.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.      Plaintiff's motion to amend the Complaint (Dkt. 53) is granted to the extent that:

      a.      Plaintiff may join Widmann as a named plaintiff,

      b.      Plaintiff may join the identified Laurice Corporations as defendants, and

      c.      Plaintiff may add a wage-theft claim under the NYLL.

2.      To the extent Plaintiff's motion seeks to join Flores-Blanco as an "opt-in" plaintiff, the motion is denied, without prejudice.

3.      To the extent Plaintiff's motion seeks to add a retaliation claim under the FLSA, the motion is denied, with prejudice, as futile, for the reasons stated herein.

20

4.      To the extent Plaintiff's motion seeks to add a retaliation claim under the NYLL, the motion is also denied as futile, but without prejudice to Plaintiff's modifying the allegations currently contained in ¶¶ 104-06 of the proposed Amended Complaint, as necessary to state a claim, consistent with this Memorandum and Opinion.  Any such modification shall be served and submitted to this Court no later than April 16, 2013.  Defendants may respond by letter submission, no later than April 23, 2013.

5.      The Court will accept no further motion to amend without extraordinary cause shown.  (*See* Dkt. 52.)

6.      Plaintiff is directed to file an Amended Complaint, consistent with this Memorandum and Order and any further Order relating to paragraph 4, above, no later than April 30, 2013.  Defendants are directed to file an Answer to that Amended Complaint, no later than May 14, 2013.

7.      After filing the Amended Complaint, Plaintiff may renew her motion for preliminary approval of the FLSA collective action and for the distribution of notice of the collective action.  Defendants' opposition to such a motion, if any, shall be filed no later than two weeks from the date the motion is filed, and Plaintiff's reply, if any, shall be filed no later than one week thereafter.

Dated:  New York, New York
        April 9, 2013

                              SO ORDERED


                              _____
                              DEBRA FREEMAN
                              United States Magistrate Judge

Copies to:

Hon. Andrew L. Carter Jr., U.S.D.J.

All counsel (via ECF)