Walker G. Harman, Jr. [WH-8044]
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
200 W 57th Street, Suite 900
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com
pandrews@theharmanfirm.com



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

VERONICA ROBLEDO, and KARIN WIDMANN,
Each Individually And On Behalf Of
All Other Persons Similarly Situated,

**12 CV 3579 (ALC)(DCF)**

                             *Plaintiffs*,

**MAY 16, 2013 SECOND**
**AMENDED CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

               -against-

**PLAINTIFFS HEREBY**
**DEMAND A TRIAL**
**BY JURY**

No. 9 PARFUME LEASEHOLD,
LAURICE & CO. UPTOWN, INC.,
LAURICE WASHINGTON LTD.,
LAURICE & BLEECKER CORP.,
LAURICE SOUTHAMPTON, INC.,
LAURICE MADISON LTD., and
LAURICE RAHME, Individually,

                      *Defendants*.
------------------------------------------------------------------------X

## NATURE OF ACTION

1.      Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive over time premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.      Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.*

## VENUE AND JURISDICTION

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff VERONICA ROBLEDO ("ROBLEDO"), was, at all relevant times, an adult individual, residing in the State of New York, Bronx County.

7.      Plaintiff KARIN WIDMANN ("WIDMANN"), was, at all relevant times, an adult individual, residing in the State of New York, Queens County.

8.      All Plaintiffs separately defined in ¶¶ 6-7 are hereinafter referred to collectively as "Plaintiffs."

9.      Upon information and belief, No. 9 PARFUME LEASEHOLD ("No. 9 PARFUME") a Defendant herein, at all times hereinafter mentioned, was and is an organization

duly organized and existing under the laws of the State of New York and engaged in business in the State of New York, with its principal place of business at 9 Bond Street, New York, New York 10012.  No. 9 PARFUME is a privately owned company that sells high-end perfumes.  No. 9 PARFUME was responsible for managing Plaintiffs and paying Plaintiffs' wages.

10.     Upon information and belief, LAURICE RAHME ("RAHME"), an individual Defendant herein, owns, operates and controls the day-to-day operations and management of Defendant No. 9 PARFUME as well as each of the other five (5) named Defendants, all of which are corporate: LAURICE & CO. UPTOWN, INC., LAURICE WASHINGTON, LTD., LAURICE & BLEECKER CORP., LAURICE SOUTHAMPTON INC., and LAURICE MADISON LTD.

11.     The five (5) named corporate Defendants defined in ¶ 10 and Defendant No. 9 PARFUME LEASEHOLD, are referred to herein collectively as "Corporate Defendants."

12.     Upon information and belief, each of the named Defendants, except for the individual Defendant RAHME, are boutiques and retail stores in the tri-state New York City metropolitan area.

13.     All Defendants separately defined in this Complaint are hereinafter referred to collectively as "Defendants."

14.     Upon information and belief, Defendant RAHME acted intentionally and maliciously, and is an "employer" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is thus jointly and severally liable with the other named Defendants.

15.     Defendant RAHME's home address is presently unknown to Plaintiffs but her business address is the same as Defendant No. 9 PARFUME: 9 Bond Street, New York, New York 10012.

16.     Defendant RAHME, on behalf of Corporate Defendants, directly controlled Plaintiff ROBLEDO's work schedule and conditions of employment, determined the rate and method of payment, and kept at least some records regarding her employment.

17.     Defendant RAHME, on behalf of Corporate Defendants, directly controlled Plaintiff WIDMANN's work schedule and conditions of employment, determined the rate and method of payment, and kept at least some records regarding her employment.

18.     Defendant RAHME, on behalf of Corporate Defendants, misclassified Plaintiff WIDMANN as an exempt employee.  Even though Plaintiff WIDMANN's title was "Store Manager," she was never responsible for any independent decision making or independent management of employees, all of which was handled by Defendant RAHME.  Thus, Plaintiff WIDMANN's duties, tasks, and responsibilities were equivalent to those of a sales associate.


## THE FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant BOND No. 9 at any time since April 9, 2009 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours works in excess of forty (40) hours per workweek  (the "Collective Action Members").

20.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons in unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant BOND No. 9, upon information and belief, there are dozens of Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

21.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

22.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

23.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.     Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c.     Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action Members are employed, in violation of C.F.R. § 516.4;

d.     Whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereafter;

e.     Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.     Whether Defendants should be enjoined from such violations of the FLSA in the future.

24.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.


**THE RULE 23 CLASS ACTION ALLEGATIONS**

25.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Rules 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

26.     Plaintiffs bring their New York Labor Law claim on behalf of all persons who were employed as sales associates by Defendant BOND No. 9 at any time since October 26, 2004, to the entry of judgment in this case (the "Class Period"), who were classified by Defendant BOND No. 9 as exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

27.     As the members of the Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of members of the Class during the Class Period.

28.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

29.     Defendants have acted or have refused to act on grounds generally applicable to the Class.

30.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

31.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

32.     There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

    a.     Whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

    b.     Whether Defendants' sales associates were improperly and uniformly classified as exempt in violation of the New York Labor Law;

    c.     What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d.     Whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the New York Labor Law;

    e.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive ad statutory damages, interests, costs and disbursements and attorneys' fees; and

33.     Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants who oppose the Class.

34.     Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for

the fair and efficient adjudication of the controversies between the parties.  The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedure that violate the New York Labor Laws.

## FACTUAL ALLEGATIONS

35.     Plaintiff ROBLEDO was employed as a sales associate for Defendant BOND No. 9 from in or about June 2007 until in or about February 2012.

36.     Plaintiff ROBLEDO's work was performed in the normal course of Defendant BOND No. 9's business and was integrated into the business of Defendant BOND No. 9.

37.     The work performed by Plaintiff ROBLEDO required little skill and no capital investment.  Her duties did not include managerial responsibilities or the exercise of independent judgment.

38.     Plaintiff ROBLEDO often worked in excess of forty (40) hours a week, yet Defendants willfully failed to pay Plaintiff ROBLEDO overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and the New York Labor Law.

39.     Throughout Plaintiff ROBLEDO's tenure with Defendant BOND No. 9 and, upon information and belief, both before that time and continuing until today, Defendants have likewise employed other sales associates like Plaintiff ROBLEDO (the Collective Action Members/the Class).  Like Plaintiff ROBLEDO, they too do not have the authority to hire and fire other employees, and they are not responsible for making hiring and firing recommendations.

40.     Plaintiff WIDMANN was employed as a sales associate for Defendants from in or about July 2011 until in or about February 2012.

41.     Plaintiff WIDMANN was misclassified as a "store manager" in that she did not possess managerial authority.

42.     Plaintiff WIDMANN's work was performed in the normal course of Defendants business and was integrated into the Defendants' business.

43.     The work performed by Plaintiff WIDMANN required little skill and no capital investment.  Her duties did not include managerial responsibilities or the exercise of independent judgment.

44.     Plaintiff WIDMANN often worked in excess of forty (40) hours a week, yet Defendants willfully failed to pay Plaintiff WIDMANN overtime compensation of one and one-half (1.5) times her regular hourly rate, in violation of the FLSA and the NYLL.

45.     Upon information and belief, throughout Plaintiff WIDMANN's tenure with Defendants, Defendants have likewise employed other employees like Plaintiff WIDMANN. Like Plaintiff WIDMANN, they too do not have the authority to hire and fire other employees, and are not responsible for making hiring and firing recommendations.

46.     Such individuals have worked in excess of forty (40) hours a week, yet Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

47.     As stated, the exact number of such individuals is presently unknown, but is within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

48.     Throughout all relevant time periods, upon information and belief, Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

49.     During the course of Plaintiffs' own employment, and while Defendants employed Plaintiffs and the Collective Action Members/the Class, Defendants failed to maintain accurate and sufficient time records.

50.     Defendants knew the nonpayment of overtime would economically damage Plaintiffs and violate Federal and New York State labor laws.

51.     Plaintiffs will seek leave of this Court for an Order permitting a formal notice to be sent to potential class members and to establish the opt-in procedures by authorization of the Court.

52.     Plaintiffs will also move the Court to order Defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former sales associates of Defendant BOND No. 9.


**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Failure to Pay Overtime**

53.     Plaintiffs on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 53 as if they were set forth again herein.

54.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55.     At all relevant times, Defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

56.     Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000.

57.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

58.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its sales associates for their hours worked in excess of forty (40) hours per workweek.

59.     As a result of Defendants' willful failure to compensate its sales associates, including Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

60.     As a result of Defendants' failure to record, report, credit and/or compensate its sales associates, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

61.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62.     At all relevant times, Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

63.     Due to Defendants' willful violation of the FLSA, Plaintiffs, on behalf of themselves and the Collective Action Members, is entitled to recover from Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional

liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York State Labor Law – Failure to Pay Overtime

64.     Plaintiffs on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 53 as if they were set forth again herein.

65.     At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

66.     Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

67.     Defendants' New York State Labor Law violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

68.     Due to Defendants' New York State Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## JURY DEMAND

69.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues raised in this action.

**WHEREFORE**, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the members of the Class and appointing Plaintiffs ROBLEDO and WIDMANN and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs ROBLEDO and WIDMANN and their counsel to represent the Collective Action Members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated damages as a result of Defendants' willful failure to

    pay overtime compensation pursuant to New York Labor Law;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable

    attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
            May 16, 2013

                                  By:  _____

                                      Peter J. Andrews, Esq. [PA-3295]
                                      Walker G. Harman, Jr., Esq. [WH-8044]
                                      THE HARMAN FIRM, P.C.
                                      *Attorneys for Plaintiffs*
                                      200 West 57th Street, Suite 900
                                      New York, New York 10019
                                      (212) 425-2600
                                      pandrews@theharmanfirm.com
                                      wharman@theharmanfirm.com

TO:    Dennis A. Lalli, Esq.
       BOND SCHOENECK & KING
       *Attorneys for Defendants*
       330 Madison Avenue
       New York, NY 10017
       (646) 253-2312
       dlalli@bsk.com