Dennis A. Lalli (DL-0575)
BOND, SCHOENECK & KING, PLLC
330 Madison Avenue
New York, New York  10017-5001
646-253-2300
Attorneys for the Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

VERONICA ROBLEDO, AND KARIN WIDMANN,
Each Individually And On Behalf Of
All Other Persons Similarly Situated,

                                    Plaintiffs,

                    -   against   -

NO. 9 PARFUME LEASEHOLD and ,
LAURICE & CO. UPTOWN, INC.,
LAURICE WASHINGTON LTD.
LAURICE & BLEECKER CORP.,
LAURICE SOUTHAMPTON, INC.
LAURICE MADISON LTD., AND
LAURICE RAHME, INDIVIDUALLY,

                                    Defendants.

------------------------------------------------------------------X

**ANSWER TO
SECOND AMENDED
CLASS AND
COLLECTIVE ACTION
COMPLAINT**

**Civil Action
No. 12 Civ. 3579
(ALC/DCF)**

    No. 9 Parfume Leasehold, Laurice & Co. Uptown, Inc., Laurice Washington Ltd.,

Laurice & Bleecker Corp., Laurice Southampton,  Inc., Laurice Madison Ltd., and Laurice

Rahme (collectively, the "defendants"), by their attorneys, Bond, Schoeneck & King, PLLC,

hereby answer the Second Amended Class and Collective Action Complaint as follows:

    1.    Paragraph 1 of the Complaint purports to describe the nature of the action

and appears to contain no allegations to which a responsive pleading is required.  To

59595.1

the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, defendants deny those allegations.

2.     Paragraph 2 of the Complaint purports to describe the nature of the action, and appears to contain no allegations to which a responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, defendants deny those allegations.

3.     Paragraph 3 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

4.     Paragraph 4 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

5.     Paragraph 5 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

6.     Defendants admit the allegations set forth in Paragraph 6 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the county of plaintiff Robledo's residence.

7.     Defendants admit the allegations set forth in Paragraph 7 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the county of plaintiff Widmann's residence.

2

59595.1

8.     Defendants admit that plaintiffs purport to designate plaintiffs Veronica Robledo and Karin Widmann collectively as the "Plaintiffs" for purposes of the Second Amended Class and Collective Action Complaint (herein the "Complaint").

9.     Defendants deny the allegations set forth in paragraph 9 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the plaintiffs' state of mind, and they admit that (a) Bond No. 9 is a privately-owned company that sells high-end perfumes; (b) its principal place of business is at 9 Bond Street, New York, New York 10012; and (c) it is duly organized and existing under and by virtue of the laws of the State of New York.

10.     Defendants deny the allegations set forth in paragraph 10 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the plaintiffs' state of mind, and they admit that defendant Rahme owns defendants Bond No. 9, Laurice & Co. Uptown, Inc., Laurice Washington, Ltd., Laurice & Bleecker Corp., Laurice Southampton Inc., and Laurice Madison Ltd.

11.     Defendants admit that the plaintiffs purport to designate defendants Bond No. 9, Laurice & Co. Uptown, Inc., Laurice Washington, Ltd., Laurice & Bleecker Corp., Laurice Southampton Inc., and Laurice Madison Ltd. collectively as the "Corporate Defendants" for purposes of the Complaint.

12.     Defendants admit the allegations set forth in paragraph 12 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the plaintiffs' state of mind.

3

59595.1

13.     Defendants admit that the plaintiffs purport to designate all of the defendants identified in the Complaint collectively as the "Defendants."

14.     Paragraph 14 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

15.     Defendants admit the allegation set forth in paragraph 15 of the Complaint that the business address of No. 9 Parfume is 9 Bond Street, New York, New York 10012; they lack knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs presently do not know defendant Rahme's home address.

16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17.     Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18.     Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19.     Paragraph 97 of the Complaint purports to describe the nature of the action and the basis for the Court's jurisdiction, and appears to contain no allegations to which a responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, defendants deny those allegations.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in paragraph 23 of the Complaint.

59595.1

24.     Defendants deny the allegations set forth in paragraph 24 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the plaintiffs' state of mind.

25.     Paragraph 25 of the Complaint purports to state the plaintiffs' intent in bringing this action, and sets forth no allegations to which a responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the plaintiffs' state of mind.

26.     Paragraph 26 of the Complaint purports to state the plaintiffs' intent in bringing this action, and sets forth no allegations to which a responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the plaintiffs' state of mind.

27.     Paragraph 27 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

28.     Paragraph 28 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

59595.1

29.     Paragraph 29 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

32.     Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

34.     Paragraph 34 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     The allegations set forth in paragraph 36 of the Complaint are too vague for defendants to be able to admit or deny them; to the extent that those allegations may be deemed sufficiently specific to require an answer, defendants deny them.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

59595.1

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint, except they admit that Bond No. 9 has employed sales associates other than plaintiff Robledo.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     The allegations set forth in paragraph 42 of the Complaint are too vague for defendants to be able to admit or deny them; to the extent that those allegations may be deemed sufficiently specific to require an answer, defendants deny them.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.      Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 51 of the Complaint concerning plaintiffs' state of mind. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

7

52.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 51 of the Complaint concerning plaintiffs' state of mind.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

53.     Inasmuch as paragraph 53 of the Complaint purports to reallege and incorporate by reference the allegations set forth in paragraphs 1 through 53, defendants replead and incorporate by reference their answers to paragraphs 1 through 52 of the Complaint and note that paragraph 53 contains no allegations to which a responsive pleading is required.

54.     Paragraph 54 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

55.     Paragraph 55 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

56.     Defendants deny the allegations set forth in paragraph 56 of the Complaint, except they admit that the corporate defendants have annual gross revenues in excess of $500,000, and the lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' state of mind.

57.     Paragraph 57 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

59595.1

58.     Defendants deny the allegations set forth in paragraph 59 of the Complaint.

59.     Paragraph 59 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

60.     Paragraph 60 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

61.     Paragraph 61 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

62.     Paragraph 62 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

63.     Paragraph 63 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

64.     Inasmuch as paragraph 64 of the Complaint purports to reallege and incorporate by reference the allegations set forth in paragraphs 1 through 53, defendants replead and incorporate by reference their answers to paragraphs 1 through 53 of the Complaint.

59595.1

65.     Paragraph 65 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

66.     Paragraph 66 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

67.     Paragraph 67 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

68.     Paragraph 68 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations of fact, defendants deny those allegations.

69.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 69 of the Complaint concerning plaintiffs' state of mind, and they deny that plaintiffs are entitled to a jury trial in this action.

70.     Defendants deny that plaintiffs are entitled to any of the remedies enumerated in their prayer for relief, noting in particular that since the Complaint itself alleges that neither plaintiff is employed any longer by any defendant, as a matter of law plaintiffs are not entitled to the declaratory and injunctive relief sought in subparts (c) and (d) of plaintiffs' demand for relief.

71.     Defendants deny every allegation of fact, conclusion of law, or other matter contained in the Complaint that is not expressly admitted herein.

10

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

72.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

73.    Plaintiffs lack standing to assert some or all of the claims contained in the Complaint.

### THIRD DEFENSE

74.    All or some of the plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

75.    To the extent, if any, that defendants violated any rights of any of the plaintiffs or the members of a collective or class action, defendants did not act willfully, and hence the plaintiffs are barred from invoking the three-year limitations period that the FLSA provides for willful violations.

### FIFTH DEFENSE

76.    Plaintiffs are not entitled to any relief under the FLSA or the New York Labor Law because they were fully and justly compensated for all time they were suffered or permitted to work.

### SIXTH DEFENSE

77.    Plaintiffs are not entitled to any relief under the FLSA or the New York Labor Law because to the extent they worked and were not compensated, they worked without the knowledge of any of the defendants.

11                                    59595.1

## SEVENTH DEFENSE

78.    Plaintiffs are not entitled to any relief under the FLSA or the New York Labor Law because the alleged work activities which form the basis of their claims, if they occurred, were *de minimis*.

## EIGHTH DEFENSE

79.    Defendants acted in good faith and with reasonable grounds for believing that they are and were complying with all applicable provisions of the FLSA and the New York Labor Law at all times, precluding plaintiffs' recovery of liquidated damages under the FLSA and the New York Labor Law and compelling a two-year limitations period for the plaintiffs' FLSA claims.

## NINTH DEFENSE

80.    Defendant Rahme is not an employer within the meaning of the FLSA or the New York Labor Law, and hence is not personally liable for any supposedly unpaid wages, and therefore is therefore not a proper defendant.

## TENTH DEFENSE

81.    To the extent plaintiffs or members of the purported class did not actually work more than 40 hours in any given work week, they are not entitled to any relief under the FLSA or the New York Labor Law.

## ELEVENTH DEFENSE

82.    To the extent that any of the plaintiffs are or were "exempt" employees within the meaning of the federal or state law, they are not entitled to any relief under the FLSA or the New York Labor Law.

59595.1

## TWELFTH DEFENSE

83.     Plaintiffs' claims are barred, or their damages should be reduced, to the

extent they were paid extra compensation which is creditable towards, or a set off

against, the additional compensation sought in this action, pursuant to 29 U.S.C.

§ 207(h) or otherwise.

## THIRTEENTH DEFENSE

84.     Some or all of plaintiffs' claims are barred by waiver and/or claim preclusion.

## FOURTEENTH DEFENSE

85.     Plaintiffs lack standing to sue on behalf of the purported members of the

alleged collective or class group and this case is not appropriate for certification as a

collective or class action.

## FIFTEENTH DEFENSE

86.     Plaintiffs are not "similarly situated" as the purported class members and this

case is not appropriate for certification as a collective action.

## SIXTEENTH DEFENSE

87.     Plaintiffs do not satisfy the requirements for a class action under Rule 23 of

the Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

88.     If plaintiffs suffered any damages as a result of the matters alleged in the

Complaint, such damages were caused wholly or in part as the result of plaintiffs' own

culpable conduct, including plaintiffs' failure to inform their supervisors of all time when

59595.1

they worked; accordingly, any judgment recovered by plaintiffs must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

## RESERVATION OF RIGHTS

89.    Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE**, the defendants request judgment dismissing the Complaint in its entirety, with prejudice, together with costs, disbursements, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 22, 2013

                          Respectfully submitted,

                          BOND, SCHOENECK & KING, PLLC

                          By:_____
                               Dennis A. Lalli (DL-0575)
                               Barbara V. Cusumano (BC-7561)

                          330 Madison Avenue, 39th Floor
                          New York, New York 10017
                          (646) 253-2300

                          Attorneys for the Defendants

14

59595.1