

330 Madison Avenue | New York, NY 10017-5001 | **bsk.com**

**DENNIS A. LALLI**
dlalli@bsk.com
P: 646.253.2312
F: 646.253.2379

September 30, 2013

**VIA ELECTRONIC FILING**

Honorable Debra Freeman
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 525
New York, New York  10007-1312

      Re:    *Robledo, et al. v. No. 9 Parfume Leasehold, et al.*
             Case No.: 12-cv-3579 (ALC) (DF)

Dear Judge Freeman:

      I write in response to the letter that Walker G. Harman, Jr., Esq., counsel for the plaintiffs, filed with the Court on September 26, 2013.

      It appears that the purpose of Mr. Harman's letter is to address the question whether plaintiffs' requests for production, which were served on July 10, 2013, asked defendants to produce the documents enumerated in defendants' initial disclosures, which were served on or about June 29, 2012.[1] This question is raised because the Court's order of September 25, 2013, issued in a telephone conference during defendants' deposition of plaintiff Robledo, instructed the parties that if those documents were not requested previously, the plaintiffs will bear the costs of the second day of Ms. Robledo's deposition, and if those documents were, in fact, requested previously, then defendants will bear the costs of the second day of Ms. Robledo's deposition.

      As a threshold matter, I wish to observe that Mr. Harman was not present at the deposition proceedings on September 25.  Accordingly, not only does he have no personal knowledge of what transpired that day, but just about all of the first three and a half pages of his letter are redundant of what is already stated in the record of those proceedings, a copy of which I attach as exhibit A to this letter.  The transcript of the

---

      [1] Defendants' initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii) stated that the documents defendants might use to support their claims or defenses include "the plaintiff's time sheets, invoices, payroll and other compensation records, e-mail and other correspondence, and other personnel-related documents."

63470.2

Hon. Debra Freeman
September 13, 2013
Page 2

proceeding necessarily contains a more accurate account of what happened than Mr. Harman's letter.[2]

To address the specific point as to whether defendants' responses to plaintiffs' document requests were fully responsive or not, and the related question of whether plaintiffs' requests sought production of plaintiff Robledo's "invoices, payroll and other compensation records, e-mail and other correspondence, and other personnel-related documents" (see n. 1, supra at 1), I will do what Local Rule 37.1 says Mr. Harman should have done but did not do: submit a verbatim quotation of the discovery materials at issue. Defendants' Responses and Objections to Plaintiffs' First Request for Interrogatories and the Production of Documents are appended hereto as exhibit C.

As you can see from defendants' objections to the Requests enumerated in Mr. Harman's letter – Requests No. 6, 8, 9, 10, 11, 12, and 18 – defendants construed these Requests, most of which asked for documents concerning "all employees of Defendants since June 2007" or "each employee employed by Defendants since June 2007," as seeking information regarding the members of an FLSA op-in class or a Rule 23 class for which plaintiffs had not yet sought certification. Accordingly, defendants objected to those Requests as premature and stated that the responsive documents would be provided in accordance with any ruling the Court may make on plaintiffs' motion for class certification. There was no reason for defendants to construe these Requests as seeking production of "invoices, payroll and other compensation records, e-mail and other correspondence, and other personnel-related documents" concerning the individual plaintiffs.

---

[2] That said, there is one point I would like to bring to the Court's attention, for it bears on the truthfulness of counsel's statements to the Court in general, many of which I have doubted in the past but for various reasons could not comment upon or prove the untruthfulness of. Mr. Harman's letter of September 26 states, "During the past few weeks, this office has worked closely with Ms. Robledo to prepare for [her] deposition." However, when I asked Ms. Robledo whether she had spoken to her attorneys to prepare for her deposition, she said she had indeed done so, but that it was for "not more than an hour." See exhibit B attached hereto. This is a small point, irrelevant to the question presently before the Court and perhaps trivial. Nonetheless, I feel impelled to bring it to the Court's attention because Mr. Harman has seen fit to distort, mischaracterize, misquote, and rip out of context a conversation I had with Peter Andrews (counsel for the plaintiffs who *was* present at the deposition) while he and I were kibitzing prior to the start of the deposition (see Harman letter at 4, n. 4), as well as because he has directed much more serious, and baseless, attempts at character assassination directed at me previously in this case. The lack of truth content to his representation regarding the amount of time "[his] office" spent preparing Ms. Robledo for deposition is characteristic of his many attempts to tarnish my reputation with the Court, including the effort found at footnote 4 of his most recent letter.

63470.1

Hon. Debra Freeman
September 13, 2013
Page 3

     Plaintiffs did not contest this construction. On September 5, 2013, I had a "meet and confer" telephone conference with Peter Andrews, Esq., one of the attorneys for the plaintiffs. He never said that defendants' responses to these requests for production should have included any documents pertinent to the individual plaintiffs, nor did he raise the question of whether defendants should have produced the documents enumerated in their initial disclosures ("invoices, payroll and other compensation records, e-mail and other correspondence, and other personnel-related documents") – not even when I asked whether the documents plaintiffs had provided in response to defendants' document requests included the documents described in plaintiffs' own initial disclosures and supplemental initial disclosures.

     The reasonableness of defendants' assessment that plaintiffs' requests for production did not call for the production of documents described in defendants' initial disclosures is perhaps best demonstrated by the fact that following my "meet and confer" with Mr. Andrews, plaintiffs did not seek a pre-motion conference with the Court pursuant to Local Rule 37.2 or otherwise seek judicial intervention regarding defendants' document production.

     As for plaintiffs' Request No. 12, which sought production of "[a]ll communications, and all documents, and all electronically memorialized information" pertaining to the "terms and conditions" of plaintiffs' employment, defendants objected that they regarded this Request as redundant of Request No. 1 (which sought production of defendants' personnel file for each plaintiff) and Request No. 5 (which sought production of defendants' employee handbooks, personnel manuals, etc.), in response to which defendants had produced all responsive documents in their possession. Again, if plaintiffs thought that these Requests embraced "invoices, payroll and other compensation records, e-mail and other correspondence, and other personnel-related documents" concerning the individual plaintiffs, they could have said so during the parties' "meet and confer" on September 5. But they didn't. Had they done so, the instant dispute would not likely have arisen.

     Finally, plaintiffs' Request No. 18 sought production of "[a]ll communications, and all documents, and all electronically memorialized information upon which Defendants will rely to defend liability in this matter." Defendants objected on the ground that this Request was too vague, and on the additional ground that it was premature at this stage of the action. Once again, Mr. Andrews said nothing at our "meet and confer" on September 5 to the effect that this Request sought production of "invoices, payroll and other compensation records, e-mail and other correspondence, and other personnel-related documents" concerning the individual plaintiffs.

     In sum, defendants responded fully and completely to plaintiffs' document requests, and those document requests cannot reasonably be construed as seeking

63470.1

Hon. Debra Freeman
September 13, 2013
Page 4

production of "invoices, payroll and other compensation records, e-mail and other correspondence, and other personnel-related documents" concerning the individual plaintiffs. Moreover, if plaintiffs thought otherwise, it was their attorney's duty to raise that issue at our "meet and confer" on September 5, rather than wait until defendants' deposition of plaintiff Robledo and disrupt that deposition by instructing plaintiff Robledo to refrain from answering questions about such documents.

Plaintiffs should be required to pay the costs of resuming defendants' deposition of plaintiff Robledo in accordance with the Court's ruling of September 25.

Respectfully,

Dennis A. Lalli

DAL/omo

cc: Walker Harman, Esq. (via e-mail transmission as a pdf document) (w/enc.)
Peter J. Andrews, Esq. (via e-mail transmission as a pdf document) (w/enc.)

63470.1