# EXHIBIT A

```
 1                     Robledo
 2          MR. LALLI:  Good morning.  This is
 3     Dennis Lalli, counsel for the defendants
 4     in Veronica Robledo versus No. 9 Parfume
 5     Leasehold, case number 12 Civil 3579.
 6          THE CLERK:  Yes.
 7          MR. LALLI:  I'm here with counsel
 8     for the plaintiffs in a deposition and a
 9     dispute has arisen regarding the use of
10     certain documents at the deposition.
11          THE CLERK:  And you're looking to
12     go to the Judge?
13          MR. LALLI:  We will need a
14     resolution from her.
15          THE CLERK:  You will or won't need
16     a resolution?
17          MR. LALLI:  We will need a
18     resolution.
19          THE CLERK:  Okay.
20          She's actually on criminal division
21     so she could get pulled away to speak to
22     you any minute now, let me grab her, hold
23     on one moment.
24          MR. LALLI:  Thank you.
25          THE JUDGE:  Hi, this is Judge
```

```
 1                    Robledo
 2      Freeman.
 3           MR. LALLI:  Good morning, Your
 4      Honor.  This is Dennis Lalli, counsel for
 5      the defendants in Robledo versus No. 9
 6      Parfume Leasehold, and I have with me
 7      Peter Andrews counsel for the plaintiffs.
 8           MR. ANDREWS:  Good morning, Judge.
 9           THE JUDGE:  Good morning.
10           You have a court reporter there
11      that's recording this?
12           MR. ANDREWS:  Yes.
13           THE JUDGE:  Then I'm not going to
14      run the electronic recording equipment.
15           MR. LALLI:  You won't need to do
16      that.
17           THE JUDGE:  We'll let your
18      transcript suffice.
19           By the way, I have a couple of
20      letters that are sitting here on my desk
21      dated September 20th and 24th about
22      discovery scheduling and the like.  And I
23      had been meaning to schedule a conference
24      with you anyway.  So tell me what your
25      issues are, then we may briefly while
```

1                         Robledo

2    I've got you address that.

3         I happen to be on criminal duty

4    rotation this week, you happened to catch

5    me at a moment when I'm not on the bench,

6    but I may have to run, so try to make

7    this brief.

8         MR. LALLI:  For whatever it is

9    worth, I have not seen those letters, I

10   don't know what they are about.

11        MR. ANDREWS:  I believe that those

12   pertain to a related but separate action

13   what we call the Bond 92 action.  Mr.

14   Lalli is --

15        THE JUDGE:  Oh, there was a letter

16   from the Harman Firm from Mr. Harman, and

17   there was a responsive letter from the

18   Phillips Nizer firm from Mr. Brooks.

19        MR. ANDREWS:  That's correct.  Mr.

20   Lalli is not involved in that litigation,

21   to my knowledge.

22        THE JUDGE:  Okay, then I won't

23   address any of that here.

24        Let me just tell counsel that does

25   overlap on those that I'll deal with that

                        Robledo

1

2       dispute as soon as I can.  And I do not,

3       once again, do not appreciate and I'm

4       somewhat dismayed by the tenor of the

5       letters which suggest failure of the

6       plaintiffs, of counsel to be able to

7       cooperate and work together in a civil

8       fashion.  But I'll deal with those at a

9       later time.

10              What's going on in this case at

11      this deposition?

12              MR. LALLI:  This one is 12 Civil

13      3579.  What's going on here is that in

14      June 2012 I served defendants initial

15      disclosures pursuant to 26A(1).  At that

16      time as you will recall there were

17      several aborted efforts at moving to

18      amend the complaint which finally

19      succeeded I think in April or May of this

20      year.  During the interim there were,

21      each party served interrogatories and

22      requests for production, each party

23      replied.  None of the plaintiffs requests

24      asked for the documents that I had

25      identified in my initial disclosures.

Robledo

1

2        And last night as I was preparing

3    documents for the deposition, I realized

4    that I never had provided the documents

5    that were identified in my initial

6    disclosures back in June.  We had a meet

7    and confer during the Labor Day week, I

8    believe it was September 4th in which Mr.

9    Andrews and I went over each parties

10   responses to the others' request for

11   production and interrogatories.  And at

12   that time Mr. Andrews did not ask about

13   the documents identified in my initial

14   disclosures.

15        Last night when I realized I had

16   not provided them and that I would be

17   using some of them during the deposition,

18   I informed counsel for the plaintiffs and

19   said that I can have the documents over

20   to them today.  If they wanted to

21   postpone the deposition, I would be

22   amenable to that.  I proposed tomorrow or

23   Monday or any other day they would like,

24   and they insisted on going forward with

25   the deposition.

1                        Robledo

2              THE JUDGE:  Who is taking this

3        deposition, whose witness?

4              MR. LALLI:  Defendants are taking

5        the deposition of plaintiff Robledo.

6              THE JUDGE:  And the documents that

7        weren't disclosed were documents in

8        possession of the defendant?

9              MR. LALLI:  In my possession, Your

10        Honor.

11              THE JUDGE:  Okay.

12              MR. LALLI:  In the midst of all of

13        the motions to amend, I was holding off

14        until I knew what the complaint was going

15        to be.  And I will acknowledge that once

16        the complaint was amended, I did not go

17        back to look at the disclosures and

18        provide the documents that were

19        identified there.

20              But I do want to point out that

21        there have been at least one if not two

22        meet and confers in which the plaintiffs

23        did not refer to the documents in the

24        initial disclosures.

25              As I said last evening, I pointed

1                    Robledo

2       out that I had overlooked that and

3       proposed adjourning the deposition.  They

4       insisted on going forward, but now they

5       are, Mr. Andrews has instructed the

6       witness not to answer questions regarding

7       a document that was among the initial

8       disclosure documents that was not

9       provided.

10           THE JUDGE:  Let me clarify.  The

11      initial disclosure rule, Rule 26A(1)A

12      little two does not actually require

13      production of documents.  It requires

14      either production or a description of

15      documents and so it sounds like that was

16      complied with.

17           It may have been, I'm not sure I'm

18      clear on this, maybe I just missed it,

19      you said that there may have been a

20      request for production thereafter that

21      would have covered those documents which

22      were then not produced?

23           MR. LALLI:  It is the opposite, if

24      I may.  There was no request for

25      documents described in our initial

1              Robledo

2     disclosures.

3          THE JUDGE:  Was there a request

4     that was for documents that would have

5     covered those when it referred to the

6     particular documents or not or referred

7     to the initial disclosures or not?

8          MR. LALLI:  There was not, Your

9     Honor.

10         THE JUDGE:  Well then there is no

11    failure of disclosure because if there

12    was, if you are not required to produce

13    them with the initial disclosures and the

14    rule says you either provide copies or

15    you provide a description, if you did

16    that, and if there was no subsequent

17    document request that would have covered

18    the documents, then I don't see how there

19    is any discovery violation, and I don't

20    see why the deposition should not

21    proceed.

22         What is the plaintiff's reasoning

23    as to why the deposition should not

24    proceed or why the witness should not

25    answer questions?

```
 1                    Robledo

 2        MR. ANDREWS:  Good morning, Your

 3   Honor.  This is Peter Andrews for the

 4   plaintiffs, I'm here with the plaintiff

 5   Veronica Robledo.

 6        And in a nutshell, this issue was

 7   first brought to our attention at

 8   approximately 4:30 yesterday afternoon.

 9        THE JUDGE:  Why is it even an issue

10   if defendants have not violated any of

11   the discovery rules?  Why weren't they

12   just bending over backwards to be nice to

13   you by alerting you to something they

14   didn't even have an obligation to alert

15   you to?

16        MR. ANDREWS:  We strongly disagree

17   with Mr. Lalli's contention that we did

18   not ask for these documents.  In fact, we

19   did serve interrogatories in document

20   requests many weeks ago and that do in

21   fact call for production of these

22   documents.

23        I should also point out that I was

24   actually physically handed a Redweld of

25   documents at 9:57 this morning which I
```

                    Robledo

1

2    haven't even reviewed.

3         THE JUDGE:  Why did you agree if

4    you wanted these documents, why didn't

5    you agree to put over the deposition

6    which was offered to you?

7         MR. ANDREWS:  Because we submitted

8    our document request many weeks ago and

9    it has been taking, it has taken a very

10   long time to confirm depositions.  We had

11   the witness confirm, the witness has been

12   confirmed now for several weeks, and our

13   document request went out many weeks ago.

14        THE JUDGE:  What was the document

15   request in particular that would have

16   called for these documents and it was

17   inadequately responded to.  Do you have a

18   copy of that with you?

19        MR. ANDREWS:  I do not have a copy

20   of that with me.  All I have and I'm

21   reading it off of my iPhone is an e-mail

22   from Mr. Lalli at 4:24 yesterday

23   afternoon which states that the documents

24   that he will be providing to me which

25   were provided to me this morning include,

1                    Robledo

2         I'm reading from his e-mail, plaintiffs

3         time sheets, invoices, payroll and other

4         compensation records.

5              THE JUDGE:  Well --

6              MR. ANDREWS:  Our position is that

7         we requested that information previously.

8              THE JUDGE:  Well, defendants

9         counsel said you did not.  Somebody has

10        got to have the information whether they

11        were or were not actually requested,

12        meaning they were requested in document

13        request number three and which reads as

14        follows:

15             Does anybody have the specifics

16        with them as to what was actually asked

17        for?  I'm certainly not going to rule

18        that the document should have been

19        produced and were not and therefore there

20        should be some form of sanction if I

21        don't have the specific information.

22             MR. LALLI:  I don't think the

23        answers are in the room at this moment,

24        Your Honor.  But I would like to point

25        out that on September 4th or 5th, I don't

1              Robledo

2      recall which date, Mr. Andrews and I had

3      a meet and confer and he did not mention

4      any of these documents as having been in

5      his view responsive and not provided.

6      And he certainly made no motion or

7      request for judicial intervention on the

8      point.

9           And so it strikes me as almost but

10     not quite irrelevant as to whether the

11     document request sought these items,

12     which I still maintain they did not.

13          THE JUDGE:  So I have no motion to

14     compel production of them, no application

15     for protective order either.  I have

16     heard nothing about it until now, but I'm

17     certainly not in a position to rule there

18     has been any discovery violation if you

19     can't show me that there was.

20          And I'll also point out it sounds

21     like plaintiff's counsel is on notice of

22     this prior to the deposition and could

23     have at a minimum pulled out their

24     document request if there was any

25     intention of instructing the witness not

Robledo

1
2   to answer or contacting the court for a
3   ruling.  You could have come to the
4   deposition prepared with what you had
5   requested and how it was not adequately
6   responded to by defendant.
7        It seems like you're doing this a
8   little bit more by the seat of the pants
9   and with the assumption that you must
10   have asked for something without clarity
11   that you in fact did.
12        MR. ANDREWS:  Well --
13        THE JUDGE:  The fact that defendant
14   offered to put off the deposition, maybe
15   defendant would offer at this point to
16   refrain from asking certain questions
17   provided the witness would be called back
18   on another day and maybe given the
19   plaintiffs that no, we don't want to put
20   it off and defendant incur the cost,
21   maybe the plaintiff should share the
22   costs of a second day of deposition.
23   Then your witness gets prepared to
24   answer, the defendants isn't incurring
25   extra costs, defendant can get to ask at

                    Robledo

1                    Robledo

2      least certain questions today, but you

3      get the deposition continued.

4           I don't hear from the recitation

5      that defendant has done anything wrong

6      that should require defendants to incur

7      additional costs for the second day or

8      that should block defendant from asking

9      these questions.

10          MR. ANDREWS:  If I may respond

11     briefly, Your Honor.

12          THE JUDGE:  Go ahead.

13          MR. ANDREWS:  As far as with all

14     respect to Mr. Lalli and to the Court, as

15     far as doing this by the seat of our

16     pants, I was at a deposition in an

17     unrelated case in Lower Manhattan

18     yesterday all day.  I found Mr. Lalli's

19     e-mail concerning this issue after

20     business hours yesterday.

21          And my witness who does not live in

22     Manhattan had already been prepared, it

23     had taken us weeks to set up these

24     depositions.  And so our view is any seat

25     of pants issues are the result of

                    Robledo

1

2      receiving e-mails at 4:30 or 5:00 or 5:30

3      p.m. the night before the deposition --

4              THE JUDGE:  But you can't even tell

5      me with specificity that you actually

6      ever asked for these documents in

7      discovery.

8              I have to run because I have an

9      assistant U.S. attorney and an agent

10     waiting for me because I said I have duty

11     rotation this week, but I'm going to rule

12     as follows:

13             I'm going to give plaintiff the

14     option.  He can either have the witness

15     answer the questions today, or you can

16     finish the deposition on all other topics

17     today and you can schedule and put on the

18     calendar the follow-up date, you can do

19     it now for a second day of deposition.

20             And if between now and then

21     plaintiffs are able to demonstrate that

22     these documents were covered by a

23     document request and were not responded

24     to, then the follow-up deposition date

25     will be at defendant's expense.  And if

1                    Robledo

2       you are not able to show me that and it

3       turns out defendant did not violate any

4       discovery obligation, then the follow-up

5       deposition date will be on plaintiff's

6       dime.

7            It seems to me either you go

8       forward with everything today or if you

9       really believe that the defendants have

10      violated any disclosure obligations and

11      you think you can show that, then don't

12      have the witness answer the questions

13      today, but get another date on the

14      calendar because you said it was

15      difficult to schedule so everybody knows

16      when it is.

17           If you need more time on your

18      calendar to allow it after you have

19      agreed and discussed the second date,

20      I'll give you that time.  Get on the

21      calendar and make your best guess as to

22      whether you think you're going to be able

23      to show me that you're in the right,

24      because if you're not, the second day you

25      will have the chance to prepare the

1                    Robledo

2      witness and you'll benefit in that

3      regard, but you will pray for the extra

4      court reporter expense to appear a second

5      day.  All right, your call.

6           MR. ANDREWS:  I understand the

7      Court's ruling and have great respect for

8      it.  Our position -- we thank the Court.

9      Our position is the documents should have

10     been produced, we understand your ruling,

11     therefore I would encourage Mr. Lalli to

12     ask any other questions he has and we

13     will continue the deposition.  And in the

14     interim the issue which we have not had

15     the opportunity to explore since 4:30

16     yesterday afternoon will be explored.

17           THE JUDGE:  All right.

18           Between the two of you, Mr. Lalli

19     and Mr. Andrews you can talk about this,

20     and if it is brought to your attention

21     that there was a document request that

22     should have included these documents in

23     response and you didn't provide them, I'm

24     sure you will understand my ruling and

25     not need to get back in touch with me.

```
 1                     Robledo
 2     And since you did offer to put this over,
 3     we will carve it out and you will pay the
 4     consequences economically for not having
 5     made the production, otherwise at least
 6     it won't be on your client's bill.
 7            MR. LALLI:  I understand, Your
 8     Honor.
 9            THE JUDGE:  That's my Solomonic
10     approach here, so carry on.
11            MR. ANDREWS:  Thank you, Your
12     Honor, we appreciate your time.
13            MR. LALLI:  Thank you, Your Honor.
14            THE JUDGE:  You're welcome.  Bye
15     bye.
16            MR. LALLI:  Let's go off the
17     record.
18            (Whereupon, an off-the-record
19     discussion was held.)
20            (Time noted:  11:47 a.m.)
21            (Time noted:  12:08 p.m.)
22            MR. ANDREWS:  We are back on the
23     record.
24            This is Peter Andrews, counsel for
25     the plaintiff, Ms. Robledo.  Judge
```

# EXHIBIT B

1                      Robledo

2      Q.     How long did you speak with him?

3            MR. ANDREWS:  That's privileged

4      information, you are not to disclose

5      conversations that you have had with your

6      attorney.

7            MR. LALLI:  He's correct, I'm not

8      going to be asking you questions about

9      conversations you had with your attorney.

10     I am entitled to ask whether you met with

11     an attorney in preparation for this

12     deposition.

13           MR. ANDREWS:  She's already

14     answered that.

15     Q.     Your answer is yes, you did?

16     A.     Yes.

17     Q.     How much time did you spend with

18 your attorney preparing for this deposition?

19           MR. ANDREWS:  Objection.

20           You can answer if you can recall.

21     A.     I don't remember.

22     Q.     Was it more than an hour?

23     A.     I don't remember.

24     Q.     Was it more than five hours?

25     A.     No, I don't think so, no.

1                    Robledo

2        Q.    So it might have been more than an

3   hour but it is definitely less than five

4   hours?

5        A.    No, not more than an hour, no.

6        Q.    Was anyone present, anyone other

7   than you and your attorney, was anyone else

8   present --

9        A.    No.

10       Q.    -- when you prepared for this

11  deposition with your attorney?

12       A.    No.

13       Q.    Was Ms. Widmann there?

14       A.    No.

15       Q.    Are you presently employed?

16       A.    Yes.

17       Q.    Where were you working?

18       A.    I have my own website company.

19       Q.    What's it called?

20       A.    Casiaorganics, C-A-S-I-A-organics.

21       Q.    How long has Casiaorganics been in

22  business?

23       A.    Since 2012.

24       Q.    What part of 2012?

25       A.    September 2012.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                    :

VERONICA ROBLEDO, individually and on
 behalf of all others similarly situated,         :

                                     :        No. 12 Civ. 3579 (ALC)(DF)
                      Plaintiffs,      :

                                     :

        - against -             :

NO. 9 PARFUME LEASEHOLD and     :
LAURICE RAHME, individually,

                                   :

                    Defendants.    :

                                   :
-------------------------------------------------------------X

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS

Defendants respond and object as follows to plaintiffs' "First Request for Interrogatories and the Production of Documents" as follows:

### INTERROGATORY NO. 1

Identify all person(s) with knowledge or information regarding Defendants' policies and/or procedures concerning the payments to all employees for compensation and/or wages, and the payroll system.

### Response to Interrogatory No. 1

Hormidas Caloobanan.  Ms. Caloobanan may be contacted through counsel for the defendants.

### INTERROGATORY NO. 2

Identify all person(s) who have ever brought a complaint alleging violations of the Fair Labor Standards Act and/or the New York Labor Law against Defendants, including but not limited to, lawsuits, internal grievances, and complaints to governmental agencies.

1

## Objections and Response to Interrogatory No. 2

Defendants object to Interrogatory No. 2 on the grounds that, to the extent it seeks the identity of persons other than the plaintiffs in the instant lawsuit, the information it seeks is not relevant to the claim or defense of any party to this action or to the subject matter of this action, and is not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding the objectionable nature of this Interrogatory, defendants respond by stating that there is no information that is responsive to it other than the identity of the plaintiffs in the instant lawsuit, and that to the extent this Interrogatory seeks the identity of the plaintiffs to this lawsuit it is objectionable on the ground that it is unreasonably cumulative or duplicative, and that such information may be obtained from some other source (*i.e.*, counsel for the plaintiffs) that is more convenient, less burdensome, or less expensive.

## INTERROGATORY NO. 3

Identify all person(s) who have in any way, either verbally or in writing, and/or formally or informally, complained of failure to pay overtime and/or wages while employed by Defendants since June 2007.

## Objections and Response to Interrogatory No. 3

Defendants object to Interrogatory No. 3 on the grounds that the information it seeks is not relevant to the claim or defense of any party to this action or to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome to produce considering the needs of the case, and is broader than necessary for the purposes of this litigation.

2

### INTERROGATORY NO. 4

Identify all persons(s) that supervised Plaintiffs while in the employ of
the Defendants.

#### Objections and Response to Interrogatory No. 4

Defendants object to Interrogatory No. 4 on the ground that it is too vague to
permit defendants to determine what information it seeks.  Notwithstanding the
objectionable nature of this interrogatory, and construing it as seeking the identity of
each person who supervised either of the plaintiffs at any time while they were
employed by one or more of  the defendants, defendants state that (a) the following
persons supervised plaintiff Robledo at one or more times while she was employed by
any of the defendants:  Robert Keely, Michele Vasapoli, Lena Lisanti, and Karin
Widmann, and (b) the following persons supervised plaintiff Widmann while she was
employed by any of the defendants:  Laurice Rahme.

### INTERROGATORY NO. 5

Identify all persons that Plaintiffs supervised while in the employ of
the Defendants.

#### Objections and Response to Interrogatory No. 5

Defendants object to Interrogatory No. 5 on the ground that it is too vague to
permit defendants to determine what information it seeks.  Notwithstanding the
objectionable nature of this interrogatory, and construing it as seeking the identity of
each person that either plaintiff supervised at any time while employed by the
defendants, defendants state that plaintiff Robledo supervised the following persons at
one or more times while she was a Store Manager in 2010:  Amelia Clarke, Anna Maria,
Alex Nordin, Margaret Siskind, Stephanie Ehlert, Hope Viggian, Charlene Walsh,

3

Michele Vasapoli, and Mark Vincent Maldonado, and that plaintiff Widmann supervised

the following persons at one or more times while she was a Store Manager from mid-

2011 to February 2012:  James Slaba, Veronica Robledo, Diana Romano, Amelia

Araujo, Urszula Serowik, Israelite Nazaire, and Michele Vasapoli.

## INTERROGATORY NO. 6

Identify all person(s) with knowledge concerning all interactions of Defendants with the New York State Department of Labor and/or the United States Department of Labor, for any matter related to wage-and-hour and overtime.

### Objections and Response to Interrogatory No. 6

Defendants object to Interrogatory No. 6 on the grounds that the information it

seeks is not relevant to the claim or defense of any party to this action or to the subject

matter of this action, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Notwithstanding the objectionable nature of this Interrogatory,

defendants respond by stating that there is no responsive information.

## INTERROGATORY NO. 7

Identify all person(s) that are or were employed by Defendants as sales associates at the Defendants' boutique retail stores within the past six (6) years.

### Objections to Interrogatory No. 7

Defendants object to Interrogatory No. 7 on the grounds that it is premature, in

that there has been no motion for conditional certification of a collective action or

certification of a Rule 23 class; defendants will provide such information if, to the extent

that, and when they are required to do so in accordance with the Court's disposition of

such a motion if plaintiffs make one.  Defendants further object to Interrogatory No. 7 to

the extent that it is overbroad in time, and that the information it seeks is not relevant to

the claim or defense of any party to this action or to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome to produce considering the needs of the case, or is broader than is necessary for the purposes of this litigation.

## INTERROGATORY NO. 9

Identify all person(s) who, in any manner, participated in the answering of these interrogatories.

### Objections and Response to Interrogatory No. 9

Defendants, noting that there is no Interrogatory No. 8 in plaintiffs' Interrogatories, object to Interrogatory No. 9 on the grounds that it is so vague that defendants cannot ascertain what information it seeks, and on the additional grounds that to the extent that it asks for the identity of the person who drafted defendants' Responses and Objections, it both seeks information that is excluded from discovery pursuant to the attorney-client privilege and the work product doctrine. Notwithstanding the objectionable nature of this Interrogatory, and construing it as seeking the identity of any person who provided information responsive to these interrogatories, defendants respond by identifying Hormidas Caloobanan, who may be contacted through counsel for the defendants.

## DOCUMENT REQUEST NO. 1

The complete personnel file of each of the Plaintiffs.

### Objections and Response to Request No. 1

Defendants object to Request No. 1 to the extent that it seeks production of documents that do not pertain to the hours plaintiffs worked, the compensation either of them was paid, or the job duties either of them were responsible for discharging, on the

grounds that to this extent the documents it seeks are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, are broader than necessary for the purposes of this litigation, and have been produced previously in connection with proceedings on the Complaint of Discrimination plaintiff filed previously with the Division of Human Rights of the New York State Division Executive Department.  To the extent that Request No. 1 seeks production of documents from defendants' personnel file for either plaintiff that pertain to the hours either of them worked, the compensation either of them was paid, or the job duties either was responsible for discharging, those documents are included within the documents numbered Robledo 0001 through Robledo 0049 that were provided to the plaintiffs last year, and in the documents numbered Robledo 0068 through Robledo 0141.

## DOCUMENT REQUEST NO. 2

All communications, and all documents, and all electronically memorialized information concerning, relating, reflecting or referring to any and/or all witnesses identified in defendants' responses to Plaintiffs' First Set of Interrogatories.

## Objections to Request No. 2

Defendants object to Request No. 2 on the grounds that it is so vague that defendants cannot ascertain what documents it seeks, and on the additional grounds that the documents it appears to seek are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, and are broader than is necessary for the purposes of this litigation.

6

## DOCUMENT REQUEST NO. 3

All communications, and all documents, and all electronically memorialized information, concerning any and all complaints filed with and/or pending before the U.S. Department of Labor, the New York State Department of Labor, or any other Court, tribunal, or administrative agency against Defendants concerning an alleged failure to pay overtime and minimum wage by Defendants and/or its [sic] agents.

## Objections and Response to Request No. 3

Defendants object to Request No. 3 on the grounds that the documents it seeks are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, and are broader than is necessary for the purposes of this litigation. Notwithstanding the objectionable nature of this Request, defendants respond by stating that there are no documents that are responsive to it.

## DOCUMENT REQUEST NO. 4

All communications, and all documents, and all electronically memorialized information, concerning any lawsuit filed against Defendants alleging failure to pay overtime and minimum wage, including but not limited to, Complaints, Answers, Settlement Agreements or Judgments entered in all such suits.

## Objections and Response to Request No. 4

Defendants object to Request No. 4 on the grounds that, to the extent it seeks documents concerning any lawsuit other than the instant lawsuit, the documents it seeks are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, and are

broader than is necessary for the purposes of this litigation.  Notwithstanding the

objectionable nature of this Request, defendants respond by stating that there are no

documents that are responsive to it other than documents that pertain to the instant

lawsuit, and that to the extent this Request seeks documents that pertain to the instant

lawsuit it is objectionable on the ground that it is unreasonably cumulative or duplicative,

and that such documents may be obtained from some other source that is more

convenient, less burdensome, or less expensive.

## DOCUMENT REQUEST NO. 5

All employee handbooks and/or personnel manuals and/or written directives distributed and/or posted for employees of Defendants since June 2007.

### Objections and Response to Request No. 5

Defendants object to Request No. 5 on the grounds that to the extent it seeks

documents that pertain to matters other than recording hours worked, the compensation

sales associates or managers are paid, or the job duties they were responsible for

discharging, the documents it seeks are not relevant to the claim or defense of any

party to this action or to the subject matter of this action, are not reasonably calculated

to lead to the discovery of admissible evidence, are unduly burdensome to produce

considering the needs of the case, and are broader than is necessary for the purposes

of this litigation.  Notwithstanding the objectionable nature of this Request, defendants

respond by producing herewith all documents responsive thereto that are presently in

defendants' possession, custody, or control; those documents are included within the

documents numbered Robledo 0050 through Robledo 0067 that were provided to the

plaintiffs last year.

8

## DOCUMENT REQUEST NO. 6

All communications, and all documents, and all electronically memorialized information, concerning payroll records and records of hours worked for all employees of Defendants since June 2007.

### Objections to Request No. 6

Defendants object to Request No. 6 on the grounds that it is premature, in that there has been no motion for conditional certification of a collective action or certification of a Rule 23 class; defendants will provide the documents requested if, to the extent that, and when they are required to do so in accordance with the Court's disposition of such a motion if plaintiffs make one and if the Court grants it, in whole or in part. Defendants further object to Request No. 6 to the extent that the time frame for which it seeks documents is overbroad, to the extent that it seeks documents concerning employees other than sales associates or store managers, and on the grounds that it seeks documents that are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, or are broader than is necessary for the purposes of this litigation.

## DOCUMENT REQUEST NO. 7

All communications, and all documents, and all electronically memorialized information, concerning the name, last known address and job title of each person employed by Defendants since June 2007.

### Objections to Request No. 7

Defendants object to Request No. 7 on the grounds that it is premature, in that there has been no motion for conditional certification of a collective action or certification of a Rule 23 class; defendants will provide the documents requested if, to the extent

that, and when they are required to do so in accordance with the Court's disposition of such a motion if plaintiffs make one and if the Court grants it, in whole or in part. Defendants further object to Request No. 7 to the extent that the time frame for which it seeks documents is overbroad, to the extent that it seeks documents concerning employees other than sales associates or store managers, and on the grounds that it seeks documents that are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, or are broader than is necessary for the purposes of this litigation.

## DOCUMENT REQUEST NO. 8

> All communications, and all documents, and all electronically memorialized information, concerning the hours worked each workday and the total hours worked each by each person employed by Defendants since June 2007.

### Objections to Request No. 8

For their objections and response to Request No. 8, defendants refer plaintiffs to defendants' foregoing Objections to Request No. 6, noting that defendants object to Request No. 8 on the additional ground that it is redundant of Request No. 6.

## DOCUMENT REQUEST NO. 9

> All communications, and all documents, and all electronically memorialized information, concerning the regular rates of pay and any premium for overtime hours, including date of payment and the pay periods covered, which was paid to each employee employed by Defendants since June 2007.

10

## Objections to Request No. 9

For their objections to Request No. 9, defendants refer plaintiffs to defendants' foregoing Objections and Response to Request No. 6, noting that defendants object to Request No. 9 on the additional ground that it is redundant of Request No. 6.

## DOCUMENT REQUEST NO. 10

All communications, and all documents, and all electronically memorialized information, supporting the basis for any exemption claimed for each employee of Defendants for whom Defendants claims [*sic*] to be exempt from the minimum wage, overtime, and recordkeeping requirements of the New York Labor Law and/or the Fair Labor Standards Act.

## Objections and Response to Request No. 10

Defendants object to Request No. 10 on the grounds that it is so vague that defendants cannot ascertain what documents it seeks, and on the additional grounds that to the extent that it seeks documents concerning employees other than store managers since June 2007 whom the defendants treated as exempt from the overtime pay requirements of the Fair Labor Standards Act and/or the New York Labor Law, the documents it seeks are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, and are broader than is necessary for the purposes of this litigation. Notwithstanding the objectionable nature of this Request, defendants respond by stating that they have been unable to locate any communications, documents, or electronically memorialized information that pertain to defendants' contention that all or some of their store managers are exempt from the overtime pay requirements of the New York Labor Law and/or the Fair Labor Standards Act.

11

## DOCUMENT REQUEST NO. 11

All communications, and all documents, and all electronically memorialized information, concerning the total additions and deductions from wages paid to each employee each pay period and the nature of those deductions for each employee employed by Defendants since June 2007.

### Objections to Request No. 11

For their objections to Request No. 11, defendants refer plaintiff to defendants' foregoing Objections to Request No. 6, noting that defendants object to Request No. 11 on the additional ground that it is redundant of Request No. 6.

## DOCUMENT REQUEST NO. 12

All communications, and all documents, and all electronically memorialized information which relate in any way to the terms and conditions of the Plaintiffs' employment with Defendants.

### Objections and Response to Request No. 12

For their objections and response to Request No. 12, defendants refer plaintiff Robledo to defendants' foregoing Objections and Response to Requests No. 1 and 5.

## DOCUMENT REQUEST NO. 13

All communications, and all documents, and all electronically memorialized information, by and between the Defendants and the United States Department of Labor and/or the New York State Department of Labor relating to the payment of overtime and minimum wage to employees of the Defendants.

### Objections and Response to Request No. 13

For their objections and response to Request No. 13, defendants refer plaintiff Robledo to defendants' foregoing Objections and Response to Request No. 3, noting that defendants object to Request No. 13 on the additional ground that it is redundant of Request No. 3.

12

## DOCUMENT REQUEST NO. 14

All communications, and all documents, and all electronically memorialized information, concerning any investigation and settlement by the New York State Department of Labor and/or the United States Department of Labor against the Defendants for violations of the New York Labor Law and the Fair Labor Standards Act.

### Objections and Response to Request No. 14

For their objections and response to Request No. 14, defendants refer plaintiff Robledo to defendants' foregoing Objections and Response to Requests No. 3 and 13, noting that defendants object to Request No. 14 on the additional ground that it is redundant of Requests No. 3 and 13.

## DOCUMENT REQUEST NO. 15

All communications, and all documents, and all electronically memorialized information, concerning the contestation and/or denial of unemployment benefits for each employee and/or former employee of the Defendants that was denied Unemployment Insurance since June 2007.

### Objections to Request No. 15

Defendants object to Request No. 15 the grounds that the word "contestation" is so vague that defendants cannot ascertain what documents it seeks, and on the additional grounds that the documents it appears to seek are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, and are broader than is necessary for the purposes of this litigation.

## DOCUMENT REQUEST NO. 17

All communications, and all documents, and all electronically memorialized information concerning the relationship between the

13

defendants, including co-ownership, co-management of any of the Defendants with one another.

**Objections and Response to Request No. 17**

Defendants, noting that there is no Request No. 16 in plaintiffs' requests for production, object to Request No. 16 on the grounds that it is so vague that defendants cannot ascertain what documents it seeks. Notwithstanding the objectionable nature of this Request, defendants respond by stating that defendant Rahme is the sole owner of each of the corporate defendants.

## DOCUMENT REQUEST NO. 18

All communications, and all documents, and all electronically memorialized information upon which Defendants will rely to defend against liability in this matter.

**Objections and Response to Request No. 18**

Defendants object to Request No. 18 on the grounds that it is so vague that defendants cannot ascertain what documents it seeks, and on the additional grounds that it is premature in that discovery has only begun and at this stage of the proceeding it is not at all clear that there is any liability that defendants will need to defend against. Notwithstanding the objectionable nature of this Request, defendants respond by stating

that they will provide the documents requested at the time and in the manner prescribed by the rules of the Court.

Dated:        August 23, 2013

BOND, SCHOENECK & KING, PLLC


By:_____/s/_____
        Dennis A. Lalli (DL-0575)

330 Madison Avenue, 39th Floor
New York, New York  10017
Phone:  646-253-2300
Fax:  (646) 253-2301
E-mail:   dlalli@bsk.com

Attorneys for the Defendants


To:      Walker G. Harman, Jr., Esq.
      Peter L. Andrews, Esq.
      The Harman Firm, PC
      200 West 57th Street, Suite 900
      New York, New York  10019

      Attorneys for the Plaintiff

15

62065.1