```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VERONICA ROBLEDO, individually and on behalf of   :
all other persons similarly situated,
                                                  :   12 Civ. 3579 (ALC) (DF)
                              Plaintiffs,
                                                  :   **ORDER**
        -against-
                                                  :
NO. 9 PARFUME LEASEHOLD and
LAURICE RAHME, Individually,                      :
                              Defendants.
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

The parties in the above-captioned wage-and-hour case contacted this Court during the course of the deposition of plaintiff Veronica Robledo ("Plaintiff"), with a dispute regarding the propriety of Defendants' counsel's questioning of Robledo regarding certain documents (specifically, payroll and related documents concerning Plaintiff's employment) that had not been produced by Defendants in response to Plaintiff's earlier document requests, but rather were disclosed by Defendants either at or just prior to the deposition. The Court ruled that, at Plaintiff's option, either (a) the deposition could proceed with respect to the documents in question, or (b) the deposition could be continued on a second day, with such questions reserved until then. The Court further ruled that, if Plaintiff could demonstrate that (as Plaintiff's counsel represented) the documents had been duly requested by Plaintiff in earlier document requests, then the cost of any second deposition would be borne by Defendants. If, on the other hand, it turned out that (as Defendants' counsel represented) the documents had *not* been previously requested, then the cost of any second deposition would be borne by Plaintiff.

Plaintiff having chosen to refrain from answering questions about the documents on that date, in favor of returning for a second day of questioning, the Court now has before it a dispute

by the parties as to whether the documents at issue were duly requested by Plaintiff or legitimately not produced in discovery by Defendant.

Based on the parties' written submissions on this subject (*see* Dkts. 90, 91), it is apparent that Plaintiff did request the documents. Plaintiff's requests, however, were made within the context of considerably broader document requests seeking disclosure of records relating to the employment of *all* of Defendants' employees – not even narrowed to putative class members. Defendants reasonably objected to the scope and timing of these requests, noting, *inter alia,* that no collective or Rule 23 class had yet been even conditionally certified. Plaintiff apparently accepted Defendants' objections, making no motion under Rule 37(a) to compel any disclosure. Plaintiff is thus hard-pressed to complain that the documents were not produced.

Nonetheless, the Court also notes that, while Defendants' objections regarding overbreadth and the prematurity of much of the discovery being sought were appropriate and never challenged by Plaintiff, Defendants should have made partial production of responsive documents regarding the named Plaintiff, especially as Defendants were aware that discovery would be proceeding with respect to Plaintiff's own claims. Indeed, it does not appear that Defendants actually intended to object to the requests to the extent they sought documents concerning Plaintiff's own employment, and Rule 34 specifies that "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Thus, Defendants are also hard-pressed to argue that they legitimately withheld documents.

Under the circumstances, the Court finds that neither party fully abided by the governing Rules, and that, as a result, neither's position as to whether the documents should have been produced in discovery is entirely right or entirely wrong. Accordingly, the Court finds that the

most fair and reasonable result here is for the parties to split the cost of the second day of Plaintiff's deposition.

Dated: New York, New York
       October 17, 2013

            SO ORDERED

            _____
            DEBRA FREEMAN
            United States Magistrate Judge

Copies to:

All counsel (via ECF)