UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VERONICA ROBLEDO, and KARIN WIDMANN,
Each Individually And On Behalf Of               12 CV 3579 (ALC)(DCF)
All Other Persons Similarly Situated,

                                 related to

                 *Plaintiffs*,

                                 12 CV 6111 (ALC)(DCF)

      v.

No. 9 PARFUME LEASEHOLD,
LAURICE & CO. UPTOWN, INC.,
LAURICE WASHINGTON LTD.,
LAURICE & BLEECKER CORP.,
LAURICE SOUTHAMPTON, INC.,
LAURICE MADISON LTD., and
LAURICE RAHME, Individually,

                 *Defendants*.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR APPROVAL OF COLLECTIVE ACTION NOTICE**

                                 **THE HARMAN FIRM, PC**
                                 Walker G. Harman, Jr. [WH-8044]
                                 *Counsel for Plaintiffs*
                                 200 West 57th Street, Suite 900
                                 New York, New York 10019
                                 (212) 425-2600
                                 wharman@theharmanfirm.com

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. SUMMARY OF THE ARGUMENT ...................................................................................... 1

III. STATEMENT OF FACTS ................................................................................................... 2

IV. ARGUMENT ....................................................................................................................... 4

    A. Plaintiffs' have met their burden of showing they are similarly situated. ..................... 6

    B. The affidavits that Defendants submit in their opposition should be ignored as they only raise issues of fact. ................................................................................................. 9

    C. Plaintiffs complained to Defendants about their compensation and thus a three-year notice period applies. ................................................................................................... 11

    D. This motion is for conditional certification of an FLSA claim, and Plaintiffs' claim of not being paid for four weeks each year is a state law claim. ..................................... 13

V. CONCLUSION .................................................................................................................... 13

VI. REQUEST FOR RELIEF .................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Ali v. N.Y.C. Health & Hosps. Corp.*,
  11 CV 6393 (PAC), 2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) ................................. 7, 8, 9

*Amador v. Morgan Stanley & Co.*,
  11 CV 4326 (RJS), 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ............................................ 5, 7

*Anglada v. Linens 'N Things*,
  06 CV 12901 (CM)(LMS), 2007 WL 1552511 (S.D.N.Y. May 29, 2007) ............................. 11

*Brock v. Superior Care*,
  840 F.2d 1054 (2d Cir. 1988) ................................................................................................ 11

*Cohen v. Gerson Lehrman Grp.*,
  686 F. Supp. 2d 317 (S.D.N.Y. 2010) ................................................................................... 11

*Colon v. Major Perry St. Corp.*,
  12 CV 3788 (JPO), 2013 WL 3328223 (S.D.N.Y. July 2, 2013) .............................................. 6

*Davis v. Lenox Hill Hosp.*,
  03 CV 3746 (DLC), 2004 WL 1926086 (S.D.N.Y. Aug. 31, 2004).......................................... 7

*Fasanelli v. Heartland Brewery*,
  516 F. Supp. 2d 317 (S.D.N.Y 2007) .................................................................................... 11

*Francis v. A&E Stores*,
  06 CV 1638 (CS), 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008).............................................. 9

*Guttentag v. Ruby Tuesday*,
  12 CV 3041 (HB), 2013 WL 2602521 (S.D.N.Y. June 11, 2013)...................................... 6, 7, 8

*Hamadou v. Hess Corp.*,
  915 F. Supp. 2d 651 (S.D.N.Y. 2013) ..................................................................................... 7

*Iglesias-Mendoza v. La Belle Farm*,
  239 F.R.D. 363 (S.D.N.Y. 2007) ..................................................................................... 10, 11

*Kaur v. Royal Arcadia Palace*,
  643 F. Supp. 2d 276 (E.D.N.Y. 2007) .............................................................................. 11, 12

*Lundy v. Catholic Health Sys. of Long Island*,
  711 F.3d 106 (2d Cir. 2013) .................................................................................................. 13

*Lynch v. United Servs. Auto. Ass'n*,
  491 F. Supp. 2d 357 (S.D.N.Y. 2007) ................................................................................... 10

*Malloy v. Richard Fleischman & Assocs.*,
  09 CV 332 (CM), 2009 WL 1585979 (S.D.N.Y. June 3, 2009) .................................................. 7

*Mendoza v. Casa de Cambio Delgado*,
  07 CV 2579 (HOB), 2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) ................................................ 7

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010) ...................................................................................................... 6

*Pollis v. New Sch. for Soc. Research*,
  132 F.3d 115 (2d Cir. 1997) .................................................................................................... 12

*Poplawski v. Metroplex on the Atl.*,
  11 CV 3765 (JBW)(RER), 2012 WL 1107711 (E.D.N.Y. Apr. 2, 2012) .................................. 6

*Winfield v. Citibank, N.A.*,
  843 F. Supp. 2d 397 (S.D.N.Y. 2012) ................................................................................... 5, 6

*Young v. Cooper Cameron Corp.*,
  229 F.R.D. 50 (S.D.N.Y. 2005) ........................................................................................... 7, 10

**Statutes**

29 U.S.C. § 207(a)(1) .................................................................................................................... 5

29 U.S.C. § 216(b) ................................................................................................................... 5, 14

29 U.S.C. § 255(a) ................................................................................................................. 11, 12

29 U.S.C. §§ 201–19 ............................................................................................................ passim

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... 5, 6, 13

## I.     PRELIMINARY STATEMENT

Plaintiffs Veronica Robledo and Karin M. Widmann, by and through counsel, The Harman Firm, PC, respectfully submit this Memorandum of Law in Further Support of the pending Motion for Approval of Collective Action Notice.

The corporate Defendants are a group of companies all owned by individual Defendant Laurice Rahme. The Defendants own and operate high-end retail fragrance boutiques. Plaintiff Robledo worked as a retail sales associate at one of the Defendants' five (5) or six (6) retail stores in New York City. Ms. Widmann had the title "manager" and had first hand knowledge of Defendant's illegal policy of failing to pay overtime compensation. Ms. Robledo is suing Defendants on behalf of herself and all other retail sales associates (the "Plaintiffs" or "Retail Sales Associates") for, *inter alia*, unpaid overtime compensation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19.

## II.     SUMMARY OF THE ARGUMENT

Contrary to Defendants' assertions, Plaintiffs have set forth sufficient facts to show they were the victims of a common illegal practice of being compelled to work in excess of forty (40) hours per week without being paid overtime compensation. The August 28, 2013 Supplemental Affidavit of Veronica Robledo ("Robledo Aff.") more than satisfies Plaintiffs' burden in this regard at the conditional certification stage. The October 30, 2013 Affidavit of Karin Widmann ("Widmann Aff.," annexed hereto as *Exhibit A*) further bolsters Ms. Robledo's factual support for Plaintiffs' claims of an illegal policy of wage theft being applied by Defendants to a group of similarly situated Retail Sales Associates. Moreover, the affidavits that Defendants submit in their opposition should be ignored as they only create factual issues, the resolution of which is not proper at the conditional certification stage. Further, Plaintiffs complained to Defendants

about their wages and Defendants' payroll practices, which is sufficient to show Defendants acted willfully. Therefore a three-year (3-year) notice period should apply. Finally, this motion is for conditional certification of an FLSA claim, and Plaintiffs' claim of not being paid for four (4) weeks each year is a state law claim. Defendants' argument against this claim is misplaced.

### III.   STATEMENT OF FACTS

The following unrequited facts support Plaintiffs application:

(i)   All Retail Sales Associates at Defendants' Manhattan fragrance boutiques are similarly situated.  (Robledo Aff. ¶ 11; Widmann Aff. ¶ 6).

(ii)   All Retail Sales Associates went through the same training.  (Robledo Aff. ¶ 11; Widmann Aff. ¶ 6).

(iii)   All Retail Sales Associates were trained pursuant to a common policy or system. (Robledo Aff. ¶ 14; Widmann Aff. ¶ 6).

(iv)   All Retail Associates had the same job descriptions and responsibilities.  (Robledo Aff. ¶ 12; Widmann Aff. ¶ 6).

(v)   All Retail Sales Associates were paid using the same payroll system.  (Robledo Aff. ¶¶ 16-18; Widmann Aff. ¶ 6).

(vi)   Plaintiff Robledo has first-hand knowledge of this because she trained Retail Sales Associates.  (Robledo Aff. ¶ 11).

(vii)   Defendant Rahme commonly managed all Manhattan fragrance boutiques.  (*Id.* ¶ 5; Widmann Aff. ¶ 6).

(viii) Defendant Rahme did not relinquish management control of the various Manhattan fragrance boutiques to "store managers."[1] (Robledo Aff. ¶ 7; Widmann Aff. ¶ 6).

(ix) Defendant Rahme also had complete control over scheduling. (Robledo Aff. ¶ 17; Widmann Aff. ¶ 6).

All Retail Sales Associates at Defendants' Manhattan fragrance boutiques were victims of the same illegal policy of willfully failing to pay overtime compensation for hours worked in excess of forty (40) in a given work week. Ms. Robledo worked 10:30 a.m. to 8:30 p.m. (*i.e.*, ten (10) hours), had to be at store thirty (30) minutes before her shift and had to stay ten to fifteen (10–15) minutes after her shift. She was regularly not permitted to take breaks or a lunch hour. She estimates she worked approximately fifty (50) hours per week but that she was not paid overtime compensation. (Robledo Aff. ¶ 22; Widmann Aff. ¶ 6). Ms. Robledo would often work an additional sixth day per week, particularly during the holiday season, but was not paid for it. (Robledo Aff. ¶ 23; Widmann Aff. ¶ 6).

Ms. Robledo's experiences were the same as other Retail Sales Associates. She met approximately fifty (50) other retail sales associates. (Robledo Aff. ¶ 9). She would speak with other Retail Sales Associates about their hours and working in excess of forty (40) hours per week without overtime compensation. (*Id.* ¶¶ 22, 28). The Retail Sales Associates spoke about their hours with one another and complained to store managers about how their hours were being calculated for payroll purposes. (*Id.* ¶ 16; Widmann Aff. ¶ 6). Many of the Retail Sales

---

[1] In addition to Plaintiff Widmann's retaliation claim, she asserts her own claim for unpaid overtime wages beacuse although she was titled "manager" she lacked the requisite authority to be considered exempt from overtime compensation. Notwithstanding, she does not assert a claim as a similarly situated Retail Sales Associate for purposes of this motion.

3

Associates expressed their frustration and dissatisfaction to Ms. Robledo about how they were being compensated and how their wages were determined. (Robledo Aff. ¶ 29).

Ms. Widmann attests to Ms. Robledo's experiences. (Widmann Aff. ¶ 6). Ms. Widmann worked for the Defendants' perfume boutiques from in or around July 2011 through February 2012. She had the title "store manager". (*Id.* ¶ 2). During her tenure with Defendants, she personally witnessed approximately five (5) to six (6) Retail Sales Associate work approximately ten (10) hours of overtime each week for which Defendants did not pay overtime compensation. (*Id.* ¶ 4). She was not aware of Defendants ever paying overtime compensation. (*Id.* ¶ 5).

Discovery is still in its infancy. To date, the parties are still scheduling mutually agreeable times for depositions. No depositions have been completely conducted. Ms. Robledo sat for part of a deposition. That is the only deposition testimony in the case as of now. No Defendant has been deposed.

### IV.   ARGUMENT

For the reasons set forth below, Plaintiffs' motion should be granted. Contrary to Defendants' assertions, Plaintiffs have set forth sufficient facts to show they were the victims of a common illegal practice of being compelled to work in excess of forty (40) hours per week without being paid overtime compensation. The Robledo Affidavit more than satisfies Plaintiffs' burden in this regard at the conditional certification stage. The October 30, 2013 Affidavit of Karin M. Widmann further bolsters Plaintiff Robledo's factual support for Plaintiffs' claims of an illegal policy of wage theft being applied by Defendants to a group of similarly situated Retail Sales Associates. Moreover, the affidavits that Defendants submit in their opposition should be ignored as they only create factual issues, the resolution of which is not proper at the conditional certification stage. Further, Plaintiffs complained to Defendants about their wages and

Defendants' payroll practices, which is sufficient to show Defendants acted willfully so a three-year (3-year) notice period should apply. Finally, this motion is for conditional certification of an FLSA claim, and Plaintiffs' claim of not being paid for four (4) weeks each year is a state law claim. Defendants' argument against this claim is misplaced.

The FLSA requires employers to pay "any of [their] employees who in any workweek . . . work longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207(a)(1). The FLSA contains its own statutory authority, 29 U.S.C. § 216(b)[2], for a collective certification, separate and apart from FED. R. CIV. P. 23 ("Rule 23"), which is the procedural mechanism through which one can prosecute state law claims for unpaid wages as class actions. "Under the FLSA, [and unlike under Rule 23] employees may maintain collective actions to recover unpaid wages where the employees are 'similarly situated' and give consent to become a party in a writing filed with the court." *Amador v. Morgan Stanley & Co.*, 11 CV 4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (quoting 29 U.S.C. § 216(b)).

"The Second Circuit Court of Appeals has endorsed a two-step method of certification in an opt-in collective action under the FLSA." *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 401–02 (S.D.N.Y. 2012). First, "[i]f the plaintiffs demonstrate that 'similarly situated' employees exist, the Court should conditionally certify the class, order that appropriate notice be

---

[2] Pursuant to 29 U.S.C. § 216(b):

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and [on] behalf of [themselves or themselves] and other employees similarly situated. No employee shall be a party plaintiff to any such action unless [they] give[] [their] consent in writing to become such a party and such consent is filed in the court in which such action is brought.

5

given to putative class members, and the action should continue as a collective action throughout the discovery process." *Id.* at 402 (citations omitted).  Next, "[a]t the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted-in are in fact 'similarly situated' to the named plaintiffs.  The action may be 'de-certified' if the record reveals that they are not . . . ." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

      A.      **<u>Plaintiffs' have met their burden of showing they are similarly situated.</u>**

"The first step [of the two-step method of certification] involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citations omitted).  This determination requires only a "modest factual showing" from plaintiffs that "they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (quotation marks and citations omitted).

"The standard . . . [for conditional certification] is 'considerably less stringent than the requirements for class certification under Rule 23.'" *Colon v. Major Perry St. Corp.*, 12 CV 3788 (JPO), 2013 WL 3328223, at *4 (S.D.N.Y. July 2, 2013) (quoting *Poplawski v. Metroplex on the Atl.*, 11 CV 3765 (JBW)(RER), 2012 WL 1107711 (E.D.N.Y. Apr. 2, 2012)).  Conditional certification requires only "a low standard of proof because the purpose of this first stage is merely to determine *whether* similarly situated plaintiffs do in fact exist." *Guttentag v. Ruby Tuesday*, 12 CV 3041 (HB), 2013 WL 2602521, at *1 (S.D.N.Y. June 11, 2013) (quoting *Myers*, 624 F.3d at 555 (quotation marks and citations omitted) (emphasis in original)).  "The test is whether there is a 'factual nexus' between the claims of the named plaintiff and those who have chosen to opt-in to the action." *Davis v. Lenox Hill Hosp.*, 03 CV 3746 (DLC), 2004 WL

6

1926086, at *7 (S.D.N.Y. Aug. 31, 2004) (citation omitted); *see also Mendoza v. Casa de Cambio Delgado*, 07 CV 2579 (HOB), 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008) (in order to meet the "low bar for allegations required for collective action certification," a plaintiff's complaint or affidavits must allege a factual nexus with other employees of the defendant).

"Because the standard at the first stage [of certification] is 'fairly lenient,' courts applying it 'typically grant[] conditional certification.' " *Amador*, 2013 WL 494020, at *3 (quoting *Malloy v. Richard Fleischman & Assocs.*, 09 CV 332 (CM), 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009)); *see also Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013) ("Because certification at this first early stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are 'similarly situated' is very low."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 55 (S.D.N.Y. 2005) ("Courts have recognized that it is best to authorize a collective action and then 'wait[] to see what the facts bear out.' " (citation omitted) (alteration in original)). "In making its determination at . . . [the conditional certification stage], the Court may consider a plaintiff's affidavit and hearsay statements." *Ali v. N.Y.C. Health & Hosps. Corp.*, 11 CV 6393 (PAC), 2013 WL 1245543, at *2 (S.D.N.Y. Mar. 27, 2013).

For example, in *Guttentag v. Ruby Tuesday*, *supra*, the court granted conditional certification of a class of all tipped employees at various Ruby Tuesday restaurants. The court justified its decision based on the restaurant maintaining uniform job descriptions for all tipped employees and uniform task checklists for all tipped employees. The court also justified its decision based on the restaurant having a centralized timekeeping system, a uniform bonus policy, a common software program, and common staffing plans. *Guttentag*, 2013 WL 2602521, at *2.

The Robledo Affidavit and the Widmann Affidavit satisfy the criteria set out in *Guttentag*, where the tipped employees had uniform job descriptions and uniform task checklists, and here, the Robledo Affidavit states that all Retail Sales Associates went through the same training and had the same job descriptions and responsibilities. The Widmann Affidavit confirms this. Further, in *Guttentag* the restaurants maintained a centralized timekeeping system, a uniform bonus policy, a common software program, and common staffing plans. Here the Robledo Affidavit states, and the Widmann Affidavit further confirms, that all Retail Sales Associates were paid using the same payroll system; Defendant Rahme did not relinquish management control of the various Manhattan fragrance boutiques to "store managers"; and Defendant Rahme also had complete control over scheduling. In light of the *Guttentag* decision, the Robledo Affidavit and Widmann Affidavits adequately show the Retail Sales Associates were together victims of a single decision or plan to willfully fail to pay overtime compensation. Accordingly, Plaintiffs' motion should be granted.

Defendants' reliance on *Ali v. N.Y.C. Health and Hosp. Corp.* is misplaced. In *Ali*, the plaintiff was a respiratory therapist. He moved for conditional certification and in support thereof, presented documentation showing the job responsibilities of a respiratory therapist and the statement, "Plaintiff 'had conversations with other respiratory therapists about the fact that we worked in excess of forty hours a week.'" The court held that a job description was insufficient to show the plaintiffs were similarly situated with respect to their claims because it did not show that each plaintiff worked more than forty (40) hours per week as part of a common policy. The Court further held that a statement of having conversations with others about working in excess of forty (40) hours per week was insufficient because it "does not provide any

8

information about where these respiratory therapists worked or, more importantly, why they worked more than 40 hours . . . ."

Here, unlike as in *Ali* where there was no explanation as to why the respiratory therapists worked more than forty (40) hours per week, the Robledo Affidavit states, and the Widmann Affidavit confirms,[3] that she worked 10:30 a.m. to 8:30 p.m. (*i.e.*, 10 hours), had to be at store thirty (30) minutes before her shift and had to stay ten to fifteen (10–15) minutes after her shift. Plaintiff Robledo was regularly not permitted to take breaks or a lunch hour. She estimates she worked approximately fifty (50) hours per week but that she was not paid overtime compensation. Plaintiff Robledo would often work an additional sixth day per week, particularly during the holiday season, was not paid for it. (Robledo Aff. ¶¶ 22–23; Widmann Aff. ¶ 6). Also unlike in *Ali* where there was no evidence of a common policy. Here, Ms. Robledo's experiences were similar to other Retail Sales Associates. She met and trained at least fifty (50) other Retail Sales Associates and obviously made observations of their hours. The other Retail Sales Associates would speak with Ms. Robledo about their experiences, including sharing concern about how they were being paid. In light of the low standard for conditional certification, Plaintiffs have met their burden, and the motion should be granted.

### B. The affidavits that Defendants submit in their opposition should be ignored as they only raise issues of fact.

A defendant may not defeat a motion for conditional certification by submitting its own affidavits that set forth facts, which if true, may limit or otherwise absolve it of liability. *Francis v. A&E Stores*, 06 CV 1638 (CS), 2008 WL 4619858, at *3 (S.D.N.Y. Oct. 16, 2008) ("[W]hile

---

[3] During her tenure with Defendants, Plaintiff Widmann personally witnessed approximately five (5) to six (6) Retail Sales Associate work approximately ten (10) hours of overtime each week for which Defendants did not pay overtime compensation.

Defendant has supplied what it calls 'undisputed store manager affidavits,' . . . on which it also relies for the proposition that [assistant managers] duties are variable, those affidavits should be discounted at this stage."). "At [the initial certification] . . . stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted). The Court should not "weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Id.* (citing *Young*, 229 F.R.D. at 54). At the conditional certification stage, it is not proper to scrutinize possible factual variations between plaintiffs. *Lynch*, 491 F. Supp. 2d at 368 ("any factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification."); *see also Iglesias-Mendoza v. La Belle Farm*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007) ("[T]he factual variations defendants rely on do not undercut plaintiffs' allegations of common wage and overtime practices that violate the FLSA.")

Here, Defendants submitted five (5) affidavits from other Retail Sales Associates in which each affiant states they generally did not work in excess of forty (40) hours each week and that if they ever did, overtime compensation was paid. These affidavits merely create questions of fact as to whether these particular Retail Sales Associates have claims for unpaid overtime under the FLSA. But, "any factual variances that may exist between the plaintiff and the putative class members does not defeat conditional certification." *Lynch*, 491 F. Supp. 2d at 368. Accordingly, these affidavits are an insufficient basis to deny Plaintiffs' motion. The five (5) affidavits, which are self-serving and made by affiants that have not yet been deposed, are red herrings.

**C.    Plaintiffs complained to Defendants about their compensation and thus a three-year notice period applies.**

Pursuant to 29 U.S.C. § 255(a), an action under the FLSA "may be commenced within two (2) years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]" "[A] violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care*, 840 F.2d 1054, 1062 (2d Cir. 1988). Willfulness in the context of the FLSA limitations period is a question of fact for the jury. *Kaur v. Royal Arcadia Palace*, 643 F. Supp. 2d 276, 295 (E.D.N.Y. 2007).

Courts regularly permit notice to be sent to putative class members for a three (3) year period, especially in the absence of discovery as to willfulness or if questions of fact are present as to the issue. *Cohen v. Gerson Lehrman Grp.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010); *see, e.g., Iglesias-Mendoza,* 239 F.R.D. at 369 ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."); *Anglada v. Linens 'N Things*, 06 CV 12901 (CM)(LMS), 2007 WL 1552511, at *8 (S.D.N.Y. May 29, 2007) ("[W]here there has been no substantive discovery as to the appropriate temporal scope of the prospective class of member plaintiffs, and where the Plaintiff has alleged a willful violation of the FLSA, it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective action certification process."); *Fasanelli v. Heartland Brewery*, 516 F. Supp. 2d 317, 323 (S.D.N.Y 2007) (allowing notice to be issued for a three (3) year period to "avoid any merit-based determinations at this time" particularly considering the defendant's ability to move for decertification).

11

Employee complaints about wages create a question of fact as to willfulness. *Kaur*, 643 F. Supp. 2d at 295. In *Kaur*, employees of a restaurant that closed sued the owners for, *inter alia*, unpaid overtime pay. *Id.* at 281. The restaurant moved for summary judgment, and as to the issue of willfulness, the Court held:

> Whether Defendants acted willfully in violating the FLSA is a question of fact for the jury. Plaintiffs adduced evidence that they had complained to Defendants that Plaintiffs had not received their wages. Based on that evidence, a reasonable jury could find that Defendants knew or recklessly disregarded the fact that Plaintiffs were not being paid in accordance with the FLSA. Because a determination of which statute of limitation applies is dependent upon whether Defendants acted willfully—a question of fact for the jury—I decline to grant summary judgment on that ground.

*Id.* at 295. *See also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 119–20 (2d Cir. 1997) (complaining about disparate pay was sufficient to show willfulness under 29 U.S.C. § 255(a) in an Equal Pay Act action).

Here, the Robledo Affidavit states that she and other putative class members complained to Defendants about their wages and the way their hours were being tracked. (Robledo Aff. ¶¶ 16-29; Widmann Aff. ¶ 6). These complaints are sufficient to trigger a three-year (3-year) notice period in light of the minimal burden at the conditional certification stage. Moreover, there has been virtually no discovery as to the willfulness issue. Indeed, discovery is still in its infancy in this case. To date, the parties are still scheduling mutually agreeable times for depositions. No depositions have been completely conducted. Plaintiff Robledo sat for half a day of a deposition. That is the only testimony in the case as of now. No Defendant has been deposed. Since Plaintiffs complained to Defendants about their wages and hours and in light of the limited discovery thus far, the Court should approve notice for a three-year (3-year) period.

### D. This motion is for conditional certification of an FLSA claim, and Plaintiffs' claim of not being paid for four weeks each year is a state law claim.

Defendants argue against certification of Plaintiffs' claims for not being paid for four (4) weeks worth of work each year. However, their argument is misplaced, particularly at this juncture, because a claim for unpaid weeks of work, such as the one Plaintiffs allege, is not actionable under the FLSA. Such a claim is a "gap time" claim under the N.Y. LAB. LAW for which certification under Rule 23 is needed. *See Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 115–16 (2d Cir. 2013) (The FLSA does provide for a cause of action for recovery of unpaid wages for hours worked less than forty (40) hours per week, even if the employee works overtime). Accordingly, Defendants' arguments for not conditionally certifying a class for four (4) weeks of unpaid work is erroneous. Plaintiffs do not seek certification of such a claim in this motion. They only seek certification of unpaid overtime claims. Plaintiffs' motion should be granted.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs' motion should be granted. Contrary to Defendants' assertions, Plaintiffs have set forth sufficient facts to show they were the victims of a common illegal practice of being compelled to work in excess of forty (40) hours per week without being paid overtime compensation. The August 28, 2013 Supplemental Affidavit of Veronica Robledo more than satisfies Plaintiffs' burden in this regard at the conditional certification stage. The October 30, 2013 Affidavit of Karin M. Widmann further bolsters Plaintiff Robledo's factual support for Plaintiffs' claims of an illegal policy of wage theft being applied by Defendants to a group of similarly situated Retail Sales Associates. Moreover, the affidavits Defendants submit in their opposition should be ignored as they only create factual

issues, the resolution of which is not proper at the conditional certification stage. Further, Plaintiffs complained to Defendants about their wages and Defendants' payroll practices, which is sufficient to show Defendants acted willfully so a three-year (3-year) notice period should apply. Finally, this motion is for conditional certification of an FLSA claim, and Plaintiffs' claim of not being paid for four (4) weeks each year is a state law claim. Defendants' argument against this claim is misplaced.

## VI.  REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court:

(i)  Directs Defendants to disclose the names and last known address of all current and former employees who worked as Retail Sales Associates within the statutory period;

(ii)  Authorizes that notice be sent, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees that they may opt into this action should they wish to assert claims under the FLSA, 29 U.S.C. §§ 201–19; and,

(iii)  Order such further relief as this Court may deem just and proper.

Dated: New York, New York　　　　　　　　Respectfully submitted by:
　　　　October 30, 2013　　　　　　　　　　THE HARMAN FIRM, PC
　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　　　_____s/_____
　　　　　　　　　　　　　　　　　　　　　　Walker G. Harman, Jr. [WH-8044]
　　　　　　　　　　　　　　　　　　　　　　200 West 57th Street, Suite 900
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　　　(212) 425-2600
　　　　　　　　　　　　　　　　　　　　　　wharman@theharmanfirm.com

To:　　Dennis A. Lalli [DL-0575]
　　　　Barbara V. Cusumano [BC-7561]
　　　　BOND, SCHOENECK & KING, PLLC
　　　　*Counsel for Defendants*
　　　　330 Madison Avenue, 39th Floor
　　　　New York, New York 10017
　　　　(646) 253-2300
　　　　dlalli@bsk.com
　　　　bcusumano@bsk.com