# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

January 14, 2013

**VIA FACSIMILE (212) 805-4258**
Hon. Debra Freeman
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:** ***Robledo, et al. v. No. 9 Parfume Leasehold, et al.*,**
       **12 CV 3579 (ALC)(DCF)**
       related to
       ***Robledo, et al. v. Bond No. 9, et al.*,**
       **12 CV 6111 (ALC)**

Dear Judge Freeman:

  We represent the Plaintiffs in the above-referenced matters and write regarding *Robledo, et al. v. No. 9 Parfume Leasehold, et al.*, 12 CV 3579 (ALC)(DCF) (hereinafter "*Bond 9 I*").

  We write to respectfully request a discovery conference to address outstanding discovery issues. On October 8, 2012, Plaintiffs served Defendants with Plaintiffs' First Set of Document Requests and Interrogatories. On December 8, 2012, Defendants served Plaintiffs with their responses and objections. These responses where wholly deficient and inadequate, which led Plaintiffs to serve Defendants with a deficiency letter on December 19, 2012. Indeed, Defendants only produced sixty-seven (67) pages of documents in response to Plaintiffs' sixteen (16) document requests and have failed to answer three (3) interrogatories properly. A copy of Plaintiffs' letter is attached hereto as *Exhibit A*.

  Plaintiffs' deficiency letter had requested that Defendants supplement their discovery response by Friday, January 4, 2013. To date, however, we have not heard from Defendants at all regarding this matter. Accordingly, we respectfully request a discovery conference to address this issue. We thank the Court for its time and attention to this matter.

            Respectfully submitted,
            THE HARMAN FIRM, PC

            _____s/_____
            Walker G. Harman, Jr.

cc: Peter J. Andrews (*via email*, pandrews@theharmanfirm.com)
   Dennis A. Lalli, Esq. (*via email,* dlalli@bsk.com)

# EXHIBIT A

# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

December 19, 2012

**VIA EMAIL**
Denis A. Lalli, Esq.
Bond, Schoeneck & King
330 Madison Avenue, 39th Floor
New York, NY 10017
dlalli@bsk.com

   **Re:** *Robledo et al. v. No. 9 Parfume Leasehold, et al.,* **12 CV 3579 (ALC)(DCF)**

Dear Mr. Lalli:

  We write regarding the deficiencies contained in the Defendants' Responses and Objections to Plaintiff's Set of Document Requests and Interrogatories, and request that Defendants supplement their deficient responses on or before Friday, January 4, 2013.

### Defendants' Deficiencies Regarding Their Responses to Document Requests

  As a preliminary matter, we note that in what appear to be an effort to refuse to cooperate with Plaintiffs, Defendants produced only sixty-seven (67) pages of documents in response to the sixteen (16) documents requests made by Plaintiffs, whereas Plaintiffs produced one hundred and sixty nine (169) pages of documents.

  We also strongly object to the fact that Defendants do not identify in their Response which document produced is responsive to which request, which makes it unduly burdensome for Plaintiffs to process the information produced by Defendants. Plaintiffs demand that Defendants supplement their answer to Plaintiffs' Set of Document Requests and Interrogatories and identify which document is responsive to which request, by referring to the Bates Stamped numbers.

### Documents Requests No. 1 and 12

  Plaintiffs again request a complete copy of the personnel file of each of the Plaintiffs, which is highly relevant to the matter, since it will almost certainly contain information regarding wage and hour (Document Request No. 1).

  Plaintiffs also reiterate their request for all communications, and all documents, and all electronically memorialized information, which relate in any way to the terms and conditions of the Plaintiffs' employment with Defendants (Document Request No. 12).

Dennis A. Lalli, Esq.
December 19, 2012
Page 2 of 4

Plaintiffs further note that Defendants only agreed to produce a limited number of documents (which are unidentifiable in their production, since Defendants' Response do not refer to any document in particular, but just state "those documents are produced herewith" without citing to any Bates-stamped number), only for Plaintiff Robledo.  Plaintiffs again request herein the production of the personnel file of <u>all</u> Plaintiffs, including Plaintiff Widmann, and Plaintiff Blanco.

**Document Request No. 2**

Defendants objected to Document Request No. 2 on the basis that it is overbroad and that Defendants cannot ascertain what documents it seeks.

In the spirit of cooperation Plaintiffs hereby narrow their request to:

(i)   The personnel file of each of the witnesses identified in Defendants' responses to Plaintiffs' First Set of Document Requests and Interrogatories
(ii)  All communications including but not limited to notes, electronic mail, text messages, voicemails, memorandas, between witnesses and/or the Defendants, wherein witnesses and/or the Defendants discuss this lawsuit, or wage and hour related issues, or Plaintiff Robledo, or Plaintiff Widmann, or Plaintiff Blanco, or Joan Bolick.

Discovery is broad and the credibility of witnesses is at issue.  Defendants must produce the above-mentioned documents.

**Documents Requests No. 6, 8 and 11**

Plaintiffs hereby reiterate their request for all communications, and all documents, and all electronically memorialized information, concerning payroll records and records of hours worked for all employees of Defendants, including but not limited to sales associates, store manages, and assistant manages since May 2006 (Document Request No. 6).

These documents are highly relevant to this action, in that they are the result of Defendants' payroll policy, which is at heart of this action.  Moreover, the time frame for which Plaintiffs request documents is not overbroad.  The New York Labor Law provides for a six (6) year statute limitation, and Document Request No. 6 precisely seeks the above-mentioned documents for the six (6) years prior to the commencement of this action.

Plaintiffs further reiterate their request for all communications, and all documents, and all electronically memorialized information, concerning the total hours worked including, but not limited to total hours worked each workday, each week, each fortnight, each half month, each month, and or each year by each person employed by Defendants since May 2006, as a sales associate, store manager, or assistant store manager (Document Request No. 8)

Plaintiffs herein reiterate their answer to Defendants' objections to Document Request No. 6.

2

Dennis A. Lalli, Esq.
December 19, 2012
Page 3 of 4

      Additionally, it is obvious that the information Plaintiffs seek is at heart of this matter and must be produced by Defendants. Plaintiffs find it abnormal that Defendants do not even produce documents related to the work schedule of all Plaintiffs (including Plaintiff Widmann and Plaintiff Blanco) and opt-in Plaintiffs.

      Nevertheless, Plaintiffs maintain their request for the above-mentioned documents for each person employed by Defendants since May 2006, as a sales associate, store manager, or assistant store manager.

      Plaintiffs reiterate their request for all communications, and all documents, and all electronically memorialized information, concerning the total additions and deductions from wages paid to each employee each pay period and the nature of those deductions for each employee employed by Defendants since May 2006 (Document Request No. 11).

      Plaintiffs herein reiterate their answer to Defendants' objections to Document Request No. 6.

      Additionally, as Defendants are aware, the above-referenced matter is a wage-and-hour action under the Fair Labor Standards Act and the New York Labor Law. Accordingly, documents related to deductions from wages are obviously discoverable and this request is calculated to lead to the discovery of admissible evidence.

**Document Request No. 9**

      In their response to Plaintiffs' Document Request No. 9, Defendants objected by referring Plaintiffs to Defendants' Objections to Requests No. 6. Accordingly, Defendants are referred to Plaintiffs' above response entitled "*Document Request No. 6.*"

      By this document request, Plaintiffs simply seek to ascertain Defendants' payroll policy and payroll practices. Plaintiffs hereby reiterate their request and supplement it by requesting all documents related to Defendants' payroll policy, payroll practices, Human Resources policy, and Human Resources practices. These documents are wholly discoverable.

**Document Request No. 15**

      Defendants refused to answer Document Request No. 15, stating that the documents it appears to seek are not relevant to the claim or defense of any party to this action.

      Document Request No. 15 seeks all communications, and all documents, and all electronically memorialized information, concerning the contestation and/or denial of unemployment benefits for each employee and/or former employee of the Defendants that was denied Unemployment Insurance since May 2006.

      These documents are, again, wholly discoverable. Unemployment records contain information regarding wage and hour, which is the subject matter of this action. Plaintiffs

Dennis A. Lalli, Esq.
December 19, 2012
Page 4 of 4

demand that Defendants comply with Document Request No. 15 and produce all documents responsive to this request.

Finally, regarding Documents Requests No. 5, 10, wherein Defendants have stated that they do not have any document in their possession, custody, or control, or that they have been unable to locate any document responsive to the request, Plaintiffs hereby ask Defendants to confirm that they have no responsive documents in their possession, custody or control.

**Defendants' Deficiencies Regarding Their Responses to Interrogatories**

In their response to **Interrogatories No. 3 and 9,** Defendants state that such interrogatories were premature, in that the pendency of Plaintiffs' motion to amend the complaint, means that Defendants in all likelihood will have to file a new answer, in which they may raise different affirmative defenses from those raised in Defendants' first Answer.

Plaintiffs hereby demand that Defendants supplement their answers to these Interrogatories on or before the day on which their Answer to Plaintiffs' Amended Complaint will be due.

**Interrogatory No. 4** seeks the identity of "all person(s) who have in any way, either verbally or in writing, and/or formally or informally, complained of failure to pay overtime and/or wages while employed by Defendants since May 2006." Defendants provided a boilerplate objection notwithstanding the fact failure to pay overtime and/or wages are both integral parts of this Complaint and despite the fact that the Defendants had a policy not to pay overtime. Nevertheless, a list of all employees from May 2006 to the present is relevant and must be produced.

Please provide the foregoing supplemental responses to Plaintiffs' First Request for Interrogatories and the Production of Documents on or before Friday, January 4, 2013 in order to avoid unnecessary motion practice.

Should you have any questions, do not hesitate to contact me.

Thank you for your time and attention to this matter.

Very truly yours,
THE HARMAN FIRM, PC

Walker G. Harman, Jr.

cc:   Peter J. Andrews (*via email*)

4