# THE HARMAN FIRM, PC

### ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

April 1, 2013

**VIA FEDERAL EXPRESS**
Hon. Debra Freeman
United States Magistrate Judge
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

<u>Re</u>:   ***Robledo, et al. v. No. 9 Parfume Leasehold, et al.***,
        **12 CV 3579 (ALC)(DCF)** ("*Bond 9 I*")
        - related -
        ***Robledo, et al. v. Bond No. 9, et al.***,
        **12 CV 6111 (ALC)(DCF)** ("*Bond 9 II*")

Dear Judge Freeman:

We represent the Plaintiffs in the above-referenced matters and write with respect to *Robledo, et al. v. No. 9 Parfume Leasehold, et al.,* 12 CV 3579 (ALC)(DCF), the wage-and-hour matter pending before Your Honor and District Judge Carter.

We write to report to the Court that after numerous attempts and after exchanging lengthy letters, the parties have reached an impasse regarding the scope of discovery.   Indeed, Defendants refuse to produce even the most basic discovery and have been refusing to do so for months now.

Plaintiffs initially served their requests for the production of documents and interrogatories on October 8, 2012.  On November 19, 2012, Defendants requested an extension for the time to answer the requests until December 8, 2012.  This request was granted by the Court.

On December 8, 2012, Plaintiffs received Defendants' responses.  They were wholly inadequate and Defendants even refused to answer Plaintiffs' requests with respect to Ms. Widmann and Ms. Blanco who are, at this juncture, opt-in Plaintiffs in this matter.[1]  On December 19, 2012, Plaintiffs wrote a letter to Defendants, pointing out their deficiencies. Defendants' counsel never reached out to Plaintiffs' counsel regarding this letter.[2]  After waiting

---

[1] In their Motion to Amend the Complaint, Plaintiffs seek to add Ms. Widmann and Ms. Blanco as Plaintiffs.  Since this motion was not decided by the Court, Ms. Widmann and Ms. Blanco are, for now, opt-in Plaintiffs.

[2] Attached hereto as *Exhibit A*.

Hon. Debra Freeman, U.S.M.J.
April 1, 2013
Page 2 of 3

for nearly one (1) month, Plaintiffs contacted the Court on January 13, 2013, to request a discovery conference to address outstanding discovery issues.  The Court ordered the Parties to engage in a good-faith meet-and-confer.  Plaintiffs then contacted Defendants' counsel and attempted to schedule this meet-and-confer.  After Defendants abruptly canceling the first meet-and-confer the Parties had scheduled, we were finally able to discuss the status of the discovery with Defendants' counsel on February 28, 2012, nearly four (4) months after Plaintiffs' requests were served.

During this telephone call, Plaintiffs' counsel thought the Parties had made some progress and narrowed the scope of their dispute.  Indeed, Defendants' counsel agreed to produce some of the documents Plaintiffs requested by March 14, 2013 and this was memorialized in a letter Plaintiffs sent Defendants on March 5, 2013.[3]  On March 18, 2013, several days after the deadline the parties agreed to, Plaintiffs received yet another lengthy letter but no document responsive to their requests.  In this letter, Defendants stated that they still refused to produce most of what Plaintiffs asked, but also represented that they needed additional time to gather the responsive documents, and that we would receive some of those "sometimes next week."  To date, Plaintiffs did not receive any documents.

Now, almost six (6) months after they were served with Plaintiffs' requests, Defendants still have not answered Plaintiffs' Requests in good faith and have made every effort to delay discovery in this matter, by canceling appointments, ignoring Plaintiffs' letters, not meeting deadlines, or requesting extensions.

In their latest letter, and during the February 28, 2013 meet-and-confer, Defendants represented that they simply were not interested in complying with Plaintiffs' requests, since a Motion to Amend the Complaint was pending, and that they "should not have to do discovery in a piecemeal fashion."  First, this seems curious since Defendants represented to the Court on November 19, 2012, that they were making every effort to give an appropriate answer to Plaintiffs' requests in order to request an extension from the Court.  Second, Defendants are simply unilaterally deciding that document discovery is to be stayed, without any order to that effect from the Court.[4]

Most importantly, Plaintiffs' Motion to Amend does not change the fact that this action is a wage-and-hour matter, and the causes of actions Plaintiffs are seeking to add do not substantially change the scope of discovery in this matter, which is broad at this stage.  For example, Plaintiffs are entitled to discovery for all Plaintiffs and opt-in Plaintiffs.  Indeed, because this is a Fair Labor Standards Act ("FLSA") action, potential plaintiffs may elect to join the lawsuit by simply filing a *Consent to Become a Party Plaintiff under the FLSA*.  Upon the filing of this form, the potential plaintiff becomes a party plaintiff.  Thus, Plaintiffs are entitled to discover all documents related to all opt-in Plaintiffs.

---

[3] Attached hereto as *Exhibit B*.

[4] On January 9, 2013, the Court stayed depositions pending resolution of Plaintiffs' Motion to Disqualify and Plaintiffs' Motion to Amend.  However, *document* discovery was not stayed.

Hon. Debra Freeman, U.S.M.J.
April 1, 2013
Page 3 of 3

Ms. Widmann and Ms. Blanco each filed *Consents to Become a Party Plaintiff* with the Court, on October 2, 2012 and September 19, 2012 respectively (*See* Docket entries Nos. 21 and 32). Thus, in the event that Plaintiffs' Motion to Amend the Complaint is denied, Ms. Widmann and Ms. Blanco would still remain opt-in Plaintiffs under the FLSA. If the Motion to Amend is granted, Ms. Widmann and Ms. Blanco will become *named* Plaintiffs, instead of *opt-in* Plaintiffs, but this difference is irrelevant for this matter.

We conveyed this to Defendants in our March 5, 2013 letter, but Defendants still refused to produce documents related to Ms. Widmann and Ms. Blanco in their March 18, 2013 letter. Defendants even refused to produce their personal files.

Accordingly, because Defendants are simply refusing to cooperate with Plaintiffs regarding discovery in this action, and because the Plaintiffs have sent numerous letters and spent time unsuccessfully trying to resolve this issue without judicial intervention, Plaintiffs respectfully reiterate their request for a conference with the Court to address all outstanding discovery issues and leave to move to compel.

Plaintiffs remain at the Court's disposal, should the Court require additional information. We thank the Court for its time and attention to this matter.

Very truly yours,
THE HARMAN FIRM, PC

Peter J. Andrews

cc:    Walker G. Harman, Jr. (via email, *wharman@theharmanfirm.com*)
       Dennis A. Lalli, Esq. (via Federal Express)

# EXHIBIT A

# THE HARMAN FIRM, PC

### ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

December 19, 2012

**VIA EMAIL**
Denis A. Lalli, Esq.
Bond, Schoeneck & King
330 Madison Avenue, 39th Floor
New York, NY 10017
dlalli@bsk.com

> **Re:**   *Robledo et al. v. No. 9 Parfume Leasehold, et al.,* 12 CV 3579 (ALC)(DCF)

Dear Mr. Lalli:

We write regarding the deficiencies contained in the Defendants' Responses and Objections to Plaintiff's Set of Document Requests and Interrogatories, and request that Defendants supplement their deficient responses on or before Friday, January 4, 2013.

### Defendants' Deficiencies Regarding Their Responses to Document Requests

As a preliminary matter, we note that in what appear to be an effort to refuse to cooperate with Plaintiffs, Defendants produced only sixty-seven (67) pages of documents in response to the sixteen (16) documents requests made by Plaintiffs, whereas Plaintiffs produced one hundred and sixty nine (169) pages of documents.

We also strongly object to the fact that Defendants do not identify in their Response which document produced is responsive to which request, which makes it unduly burdensome for Plaintiffs to process the information produced by Defendants. Plaintiffs demand that Defendants supplement their answer to Plaintiffs' Set of Document Requests and Interrogatories and identify which document is responsive to which request, by referring to the Bates Stamped numbers.

### Documents Requests No. 1 and 12

Plaintiffs again request a complete copy of the personnel file of each of the Plaintiffs, which is highly relevant to the matter, since it will almost certainly contain information regarding wage and hour (Document Request No. 1).

Plaintiffs also reiterate their request for all communications, and all documents, and all electronically memorialized information, which relate in any way to the terms and conditions of the Plaintiffs' employment with Defendants (Document Request No. 12).

Dennis A. Lalli, Esq.
December 19, 2012
Page 2 of 4

Plaintiffs further note that Defendants only agreed to produce a limited number of documents (which are unidentifiable in their production, since Defendants' Response do not refer to any document in particular, but just state "those documents are produced herewith" without citing to any Bates-stamped number), only for Plaintiff Robledo.  Plaintiffs again request herein the production of the personnel file of _all_ Plaintiffs, including Plaintiff Widmann, and Plaintiff Blanco.

**Document Request No. 2**

Defendants objected to Document Request No. 2 on the basis that it is overbroad and that Defendants cannot ascertain what documents it seeks.

In the spirit of cooperation Plaintiffs hereby narrow their request to:

(i)     The personnel file of each of the witnesses identified in Defendants' responses to Plaintiffs' First Set of Document Requests and Interrogatories

(ii)    All communications including but not limited to notes, electronic mail, text messages, voicemails, memorandas, between witnesses and/or the Defendants, wherein witnesses and/or the Defendants discuss this lawsuit, or wage and hour related issues, or Plaintiff Robledo, or Plaintiff Widmann, or Plaintiff Blanco, or Joan Bolick.

Discovery is broad and the credibility of witnesses is at issue.  Defendants must produce the above-mentioned documents.

**Documents Requests No. 6, 8 and 11**

Plaintiffs hereby reiterate their request for all communications, and all documents, and all electronically memorialized information, concerning payroll records and records of hours worked for all employees of Defendants, including but not limited to sales associates, store manages, and assistant manages since May 2006 (Document Request No. 6).

These documents are highly relevant to this action, in that they are the result of Defendants' payroll policy, which is at heart of this action.  Moreover, the time frame for which Plaintiffs request documents is not overbroad.  The New York Labor Law provides for a six (6) year statute limitation, and Document Request No. 6 precisely seeks the above-mentioned documents for the six (6) years prior to the commencement of this action.

Plaintiffs further reiterate their request for all communications, and all documents, and all electronically memorialized information, concerning the total hours worked including, but not limited to total hours worked each workday, each week, each fortnight, each half month, each month, and or each year by each person employed by Defendants since May 2006, as a sales associate, store manager, or assistant store manager (Document Request No. 8)

Plaintiffs herein reiterate their answer to Defendants' objections to Document Request No. 6.

Dennis A. Lalli, Esq.
December 19, 2012
Page 3 of 4

Additionally, it is obvious that the information Plaintiffs seek is at heart of this matter and must be produced by Defendants.  Plaintiffs find it abnormal that Defendants do not even produce documents related to the work schedule of all Plaintiffs (including Plaintiff Widmann and Plaintiff Blanco) and opt-in Plaintiffs.

Nevertheless, Plaintiffs maintain their request for the above-mentioned documents for each person employed by Defendants since May 2006, as a sales associate, store manager, or assistant store manager.

Plaintiffs reiterate their request for all communications, and all documents, and all electronically memorialized information, concerning the total additions and deductions from wages paid to each employee each pay period and the nature of those deductions for each employee employed by Defendants since May 2006 (Document Request No. 11).

Plaintiffs herein reiterate their answer to Defendants' objections to Document Request No. 6.

Additionally, as Defendants are aware, the above-referenced matter is a wage-and-hour action under the Fair Labor Standards Act and the New York Labor Law.  Accordingly, documents related to deductions from wages are obviously discoverable and this request is calculated to lead to the discovery of admissible evidence.

**Document Request No. 9**

In their response to Plaintiffs' Document Request No. 9, Defendants objected by referring Plaintiffs to Defendants' Objections to Requests No. 6.  Accordingly, Defendants are referred to Plaintiffs' above response entitled "*Document Request No. 6*."

By this document request, Plaintiffs simply seek to ascertain Defendants' payroll policy and payroll practices.  Plaintiffs hereby reiterate their request and supplement it by requesting all documents related to Defendants' payroll policy, payroll practices, Human Resources policy, and Human Resources practices.  These documents are wholly discoverable.

**Document Request No. 15**

Defendants refused to answer Document Request No. 15, stating that the documents it appears to seek are not relevant to the claim or defense of any party to this action.

Document Request No. 15 seeks all communications, and all documents, and all electronically memorialized information, concerning the contestation and/or denial of unemployment benefits for each employee and/or former employee of the Defendants that was denied Unemployment Insurance since May 2006.

These documents are, again, wholly discoverable.  Unemployment records contain information regarding wage and hour, which is the subject matter of this action.  Plaintiffs

Dennis A. Lalli, Esq.
December 19, 2012
Page 4 of 4

demand that Defendants comply with Document Request No. 15 and produce all documents responsive to this request.

Finally, regarding Documents Requests No. 5, 10, wherein Defendants have stated that they do not have any document in their possession, custody, or control, or that they have been unable to locate any document responsive to the request, Plaintiffs hereby ask Defendants to confirm that they have no responsive documents in their possession, custody or control.

### **Defendants' Deficiencies Regarding Their Responses to Interrogatories**

In their response to **Interrogatories No. 3 and 9,** Defendants state that such interrogatories were premature, in that the pendency of Plaintiffs' motion to amend the complaint, means that Defendants in all likelihood will have to file a new answer, in which they may raise different affirmative defenses from those raised in Defendants' first Answer.

Plaintiffs hereby demand that Defendants supplement their answers to these Interrogatories on or before the day on which their Answer to Plaintiffs' Amended Complaint will be due.

**Interrogatory No. 4** seeks the identity of "all person(s) who have in any way, either verbally or in writing, and/or formally or informally, complained of failure to pay overtime and/or wages while employed by Defendants since May 2006." Defendants provided a boilerplate objection notwithstanding the fact failure to pay overtime and/or wages are both integral parts of this Complaint and despite the fact that the Defendants had a policy not to pay overtime. Nevertheless, a list of all employees from May 2006 to the present is relevant and must be produced.

Please provide the foregoing supplemental responses to Plaintiffs' First Request for Interrogatories and the Production of Documents on or before Friday, January 4, 2013 in order to avoid unnecessary motion practice.

Should you have any questions, do not hesitate to contact me.

Thank you for your time and attention to this matter.

Very truly yours,
THE HARMAN FIRM, PC

Walker G. Harman, Jr.

cc:    Peter J. Andrews (*via email*)

# EXHIBIT B

# THE HARMAN FIRM, PC

### ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

March 5, 2013

**VIA EMAIL**
Denis A. Lalli, Esq.
Bond, Schoeneck & King
330 Madison Avenue, 39th Floor
New York, NY 10017
dlalli@bsk.com

> **Re:**   ***Robledo, et al. v. No. 9 Parfume Leasehold, et al.*,**
> **12 CV 3579 (ALC)(DCF)**
> related to
> ***Robledo, et al. v. Bond No. 9, et al.*,**
> **12 CV 6111 (ALC)**

Dear Mr. Lalli:

We represent the Plaintiffs in the above-referenced matters and write to memorialize the content of our conversation on February 28, 2013.

During our conversation, Defendants agreed to:[1]

(i)   Produce the personnel file of Hormidas Caloobanan, *in part*.  You stated that you would look into the file and let us know its content, so that the parties may agree to which parts of this file are relevant to the lawsuit, and that you would produce those parts.

(ii)   Produce all communications, including but not limited to notes, electronic mail, text messages, voicemails, memoranda, between and/or amongst witnesses and/or the Defendants, wherein they discuss this lawsuit, or wage-and-hour-related issues.  You stated that you would produce those documents as long as they are related to wage-and-hour issues only, and not to the race discrimination case, and as long as they are not privileged.  Plaintiffs ask that you produce the communications between witnesses and/or the Defendants, including but not limited to Defendant Rahme and Hormidas Caloobanan.

(iii)   Answer Interrogatory No. 4 which seeks the identity of "all person(s) who have in any way, either verbally or in writing, and/or formally or informally, complained of failure to pay overtime and/or wages while employed by Defendants since May 2006."

---

[1] Plaintiffs are hereby memorializing what Defendants agreed to produce during the February 28, 2013 meet and confer.  This should not be construed in any way as a decision from Plaintiffs to narrow the scope of their requests.  Indeed, Plaintiffs reserve the right to apply to the Court to compel the production of all documents and all information that were initially sought in Plaintiffs' First Set of Document Requests and Interrogatories.  However, Plaintiffs hope to narrow the scope of the dispute as much as possible in an effort to avoid wasting resources.

Dennis A. Lalli, Esq.
March 5, 2013
Page 2 of 3

We agreed on those documents being produced within two (2) weeks, *i.e.* on or before March 14, 2013.

Further, you repeatedly stated that Plaintiffs were not entitled to any discovery for Plaintiff Widmann and Plaintiff Blanco because the Court had not ruled on Plaintiffs' Motion to Amend the Complaint, and thus, that Plaintiffs Widmann and Blanco are purportedly not yet Plaintiffs in this action.  Plaintiffs wholly disagree.  As you know, this action is a wage and hour matter, and potential plaintiffs may elect to join the lawsuit by simply filing a *Consent to Become a Party Plaintiff under the Fair Labor Standards Act*.  Upon the filing of this form, the potential plaintiff becomes a party plaintiff and thus, Plaintiffs are entitled to discover all documents related to all opt-in Plaintiffs

Plaintiffs Widmann and Blanco filed *Consents to Become a Party Plaintiff* with the Court, respectively on October 2, 2012 and September 19, 2012 (*See* Docket entries Nos. 21 and 32). Thus, in the unlikely event that Plaintiffs' Motion to Amend the Complaint were denied, Plaintiffs Widmann and Blanco would still remain party Plaintiffs as opt-in Plaintiffs under the FLSA.  If the Motion is granted, Plaintiffs Widmann and Blanco will become *named* Plaintiffs, instead of *opt-in* Plaintiffs, but this difference is irrelevant for this matter.

Accordingly, we ask that you reconsider your position and produce all documents that we previously requested pertaining to Plaintiffs Widmann and Blanco, which you have refused to produce so far.  These documents should be produced on or before March 14, 2013 and this production should include:[2]

(iv) A complete copy of the personnel file of Plaintiffs Widmann and Blanco (*Document Request No. 1)*;

(v) All communications, all documents, and all electronically memorialized information, related in any way to the terms and conditions of the Plaintiffs' employment with Defendants, including that of Plaintiffs Widmann and Blanco (*Document Request No. 12)*;

(vi) All communications, and all documents, and all electronically memorialized information, concerning payroll records and records of hours worked for Plaintiffs Robledo, Widmann and Blanco since May 2006 (*Document Request No. 6)*;

(vii) All communications, and all documents, and all electronically memorialized information, concerning the total hours worked, including but not limited to total hours worked each workday, each week, each fortnight, each half month, each month, and or each year by Plaintiffs Robledo, Widmann and Blanco since May 2006 (*Document Request No. 8)*;

Finally, you agreed to answer Interrogatories No. 3 and 9 within twenty (20) days of the filing of Defendants' Answer in this matter.

---

[2] This should not be construed in any way as a decision by Plaintiffs to narrow the scope of their requests. Plaintiffs reserve the right to apply to the Court to compel the production of all documents and all information that were initially sought in Plaintiffs' First Set of Document Requests and Interrogatories.

Dennis A. Lalli, Esq.
March 5, 2013
Page 3 of 3

Also, we ask again that you confirm that Defendants have no responsive documents to Document Requests No. 5 and 10 in their possession, custody or control.

Defendants refused to answer Plaintiffs' other Requests, including Document Request No. 2 in full, and Document Requests Nos. 6, 8, 9, 11, and 15.  After Defendants have had the opportunity to supplement their document production and their answers to Plaintiffs' Interrogatories (*i.e.* by March 14, 2013), Plaintiffs will decide whether it is necessary to move to compel in this matter.

Should you feel the need to meet and confer once more prior to March 14, 2013 in order to avoid unnecessary motion practice, please do not hesitate to contact me and we will be happy to make the necessary arrangements.

Thank you for your attention to this matter.

Very truly yours,
THE HARMAN FIRM, PC


_____s/_____
Peter J. Andrews


cc:    Walker G. Harman, Jr. (*via email*)