# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

August 30, 2013

**VIA EMAIL**
Dennis A. Lalli, Esq.
Bond, Schoeneck & King, PLLC
330 Madison Avenue, 39th Floor
New York, New York 10017

      Re:    *Robledo, et al. v. No. 9 Parfume Leasehold, et al.*
               **12 CV 3579  (ALC)(DCF) (S.D.N.Y.)**

Dear Mr. Lalli:

      We write in response to Defendants' Responses and Objections to Plaintiff's Interrogatories and Defendants' Responses and Objections to Plaintiff's First Document Requests, both dated August 23, 2013 (hereinafter referred to collectively as "Defendants' Responses"). We only received Defendants sixty-eight-page (68-page) document production (ROBLEDO-0068–ROBLEDO0141) earlier today.

      First, we remind Defendants of their obligations to preserve evidence. In *Zubulake v. UBS Warburg*, 229 F.R.D. 422 (S.D.N.Y. 2004), the District Court outlined the duties of counsel to preserve potentially relevant evidence. The court explained those duties as follows:

1. First, when litigation is reasonably anticipated or at the commencement of litigation, counsel must issue a "litigation hold" which should be periodically re-issued to keep it fresh in the minds of employees and to make new employees aware of it.

2. Second, counsel should identify the persons who are "likely to have relevant information" and communicate directly with these "key players" to ensure that they are aware of their duty to preserve relevant information. These "key players" are the persons identified in a party's initial disclosures and any supplementation thereof.

3. Third, the court found that counsel have a duty to instruct all employees of their client to produce electronic copies of their relevant active files and to identify, segregate and safely store relevant backup tapes. The court went so far as to suggest that, in an appropriate case, counsel take physical custody of relevant backup tapes to safeguard the information.

*See Zubulake* at 433–34.

Dennis A. Lalli, Esq.
August 30, 2013
Page 2 of 3

You, on behalf of the Defendants, wrote to both Plaintiff Robledo and Plaintiff Widmann on or about February 16, 2012 and threatened to commence litigation against them in connection with their employment with the Defendants. Therefore, the Defendants' obligations (which is ongoing) to preserve documents, including electronic communications, such as emails and text messages, were triggered no later than that date, February 16, 2012. Please confirm that Defendants were instructed to preserve documents, including electronic communications, and have not destroyed or deleted such materials between February 16, 2012 and the present. If the appropriate efforts have not been made to preserve, identify, and produce relevant information, Plaintiff will seek the appropriate relief, including but not limited to preclusion.

Second, Plaintiffs' Document Requests 2–4, 6–15, and 17–18 specifically request, *inter alia*, electronically memorialized information.[1] From our review of your recent document production, it is apparent that Defendants failed to even look for responsive text messages, as none have been produced. Plaintiff hereby reminds Defendants of their obligation to produce all requested responsive documents, including text messages and emails to and from Defendant Laurice Rahme and other witnesses regarding Plaintiffs.

Third, with respect to Plaintiffs' Interrogatories, Defendants have wholly failed to answer many of them. By way of example, Interrogatory No. 3 states: "Identify all person(s) who have in any way, either verbally or in writing, and or formally or informally, complained of failure to pay overtime and/or wages while employed by Defendants since June 2007."

Defendants simply objected and refused to substantively respond. This objection is inappropriate and violative of the Local and Federal Rules. Defendants must issue a fulsome response forthwith.

Similarly, Interrogatory No. 6, which seeks the identity of "all person(s) with knowledge concerning all interactions of Defendants with the New York State Department of Labor, for any matter related to wage-and-hour and overtime."

---

1. Request No. 2 seeks documents regarding witnesses referred to in the Interrogatory responses. Request No. 3 seeks documents regarding complaints involving the Defendants with the U.S. Department of Labor and the New York State Department of Labor. Request No. 4 seeks documents regarding lawsuits related to wage and hour issues involving the Defendants. Request No. 6 seeks payroll records and records of hours worked. Request No. 7 seeks the names and addresses of Defendants' employees. Request No. 8 documents regarding the number of hour worked each day and each week by employees of the Defendants. Request No. 9 seeks documents regarding regular and premium rates of pay. Request No. 10 seeks documents supporting any argument that any employee is exempt from the wage and hour laws. Request No. 11 seeks documents concerning additions and deductions from wages. Request No. 12 seeks documents, including communications, which relate to the terms and conditions of the Plaintiffs' employment with the Defendants. Request No. 13 seeks document, including communications, between the Defendants and the U.S. Department of Labor or the New York State Department of Labor. Request No. 14 seeks documents regarding investigations and settlements involving the Defendants and the U.S. Department of Labor or the New York State Department of Labor. Request No. 15 pertains to documents regarding unemployment benefits. Request No. 17 seeks documents regarding relationships between the various Defendants. Request No. 18 seeks documents on which Defendants will rely on to defend against liability.

Dennis A. Lalli, Esq.
August 30, 2013
Page 3 of 3

    Again, Defendants objected and offered no substantive response.  This Interrogatory is appropriate, reasonably narrow, at issue in this action and must be responded to forthwith.

    Thank you for your time and attention to this matter.

Very truly yours,<br>
THE HARMAN FIRM, PC<br>
<br>
s/<br>
Walker G. Harman, Jr.

cc:    Barbara V. Cusumano (via email, bcusumano@bsk.com)
       Peter J. Andrews (via email)