# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

October 10, 2013

**VIA EMAIL**
Dennis A. Lalli, Esq.
Bond Schoeneck & King
330 Madison Avenue
New York, NY 10017-5001

      **Re:**    *Robledo, et al. v. No. 9 Parfume Leasehold, et al.*
               **12 CV 3579  (ALC)(DCF) (S.D.N.Y.)**

Dear Mr. Lalli:

      We write in response to Defendants' Responses and Objections to Plaintiffs' First Request for Interrogatories and the Production of Documents, supplemented as of September 26, 2013. We request that you remedy the deficiencies set forth herein.

      Plaintiff's Interrogatory No. 3 asks that Defendants, "IDENTIFY all PERSON(s) who have in any way, either verbally or in writing, and/or formally or informally, complained of failure to pay overtime and/or minimum wage while employed by Defendants since June 2007." Defendants objected on the basis of relevance and that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and is overly broad. Your objections are misplaced. Complaints about failing to pay overtime and/or minimum wage are relevant and reasonably calculated to lead to the discovery of admissible evidence in that they will substantiate the allegation that Defendants willfully violated the Fair Labor Standards Act and New York Labor Law. This interrogatory is not overly broad; it is limited to complaints about overtime and/or minimum wage. Defendants are a successful business so it is not plausible that compiling a list of people who complained about not being paid overtime and/or minimum wage will overly burden them. Responsive documentation and information is discoverable and must be produced.

      Plaintiff's Interrogatory No. 5 asks that Defendants, "IDENTIFY all PERSON(s) with knowledge CONCERNING any and all interactions of Defendants with the New York State Department of Labor and/or the United States Department of Labor, for any matter related to wage-and-hour and overtime." Defendants state there is no responsive information; however, Defendants' counsel "attempted to coach [Plaintiff Widmann] by discussing what [she] would say" to the Department of Labor. *Affidavit of Karin M. Widmann*, sworn to September 25, 2012 (Docket Entry 27); *see also, Declaration of Dennis A. Lalli*, dated October 17, 2012 (Docket Entry 40). Accordingly, there must be other people with knowledge of the Defendants' interactions with the Department of Labor. Please identify them.

Dennis A. Lalli, Esq.
October 10, 2013
Page 2 of 4

Plaintiff's Interrogatory No. 7 asks that Defendants, "IDENTIFY all PERSON(s) that are or were employed as sales associates at the Defendants' boutique retail stores within the past six (6) years." Defendants objected on the basis of relevance and that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and is overly broad. Defendants further objected on the basis that the interrogatory is premature in the absence of class certification. Your objections are misplaced. Given the sophistication of Defendants, compiling a list of its sales associates is not unduly burdensome. This interrogatory is not overly broad; it is limited to sales associates. Furthermore, Plaintiffs are entitled to pre-certification discovery on the issues of class certification so that they can ascertain and define the dimensions of the class. *See Youngblood v. Fam. Dollar Stores*, 09 CV 3176 (RMB)(FM), 2011 WL 1742109, at *2–3 (S.D.N.Y. Jan. 5, 2011); *Whitehorn v. Wolfgang's Steakhouse*, 09 CV 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010). A list of sales associates is relevant and reasonably calculated to lead to the discovery of admissible evidence in that it will, *inter alia*, assist in defining the dimensions of the class. It must be produced.

Document Request No. 2 demands, "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION relating, reflecting or referring to any and/or all witnesses identified in Defendants' responses to Plaintiffs' First Set of Interrogatories." On September 26, 2013, Defendants provided approximately 500 pages of documents to supplement their previous production. We were unable to locate any communications to or from the following people identified as supervisors of Plaintiff Veronica Robledo: Robert Keely; Michele Vasapoli; and Lena Lisanti. Please produce communications from these people that are responsive to this request immediately.

Document Request No. 6 demands, "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING payroll records and records of hours worked for all employees of Defendants since June 2007." Defendants objected on the basis of relevance and that the request is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and is overly broad. Defendants further objected on the basis that the request is premature in the absence of class certification. Your objections are misplaced. Given the sophistication of Defendants, producing payroll records, records of hours worked, and documents relating thereto is not unduly burdensome. Furthermore, Plaintiffs are entitled to pre-certification discovery on the issues of class certification so that they can ascertain and define the dimensions of the class. *See Youngblood*, at *2-3; *Whitehorn*, at *2. Accordingly, payroll records, records of hours worked, and documents relating thereto are relevant, reasonably calculated to lead to the discovery of admissible evidence, not overly broad and must be produced forthwith.

Document Request No. 7 demands, "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the name, last known address, and job title of each person employed by Defendants since June 2007." Defendants objected on the basis of relevance and that the request is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and is overly broad. Defendants further objected on the basis that the request is premature in the absence of class certification. Your objections are misplaced. Given the sophistication of Defendants, producing

Dennis A. Lalli, Esq.
October 10, 2013
Page 3 of 4

the name, last known address, job title and documents related thereto is not unduly burdensome. Furthermore, Plaintiffs are entitled to pre-certification discovery on the issues of class certification so that they can ascertain and define the dimensions of the class. *See Youngblood*, at *2-3; *Whitehorn*, at *2. Accordingly, the name, last known address, job title, and documents related thereto are relevant, reasonably calculated to lead to the discovery of admissible evidence, not overly broad, and must be produced immediately.

Document Request No. 8 demands, "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the hours worked each workday and the total hours worked each week by each person employed by Defendants since June 2007." Defendants objected on the basis of relevance and that the request is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and is overly broad. Defendants further objected on the basis that the request is premature in the absence of class certification.[1] Your objections are misplaced. Given the sophistication of Defendants, producing the hours worked each workday, the total hours worked each week, and any documents relating thereto is not unduly burdensome. Furthermore, Plaintiffs are entitled to pre-certification discovery on the issues of class certification so that they can ascertain and define the dimensions of the class. *See Youngblood*, at *2-3; *Whitehorn*, at *2. Accordingly, the hours worked each workday, the total hours worked each week, and any documents relating thereto are relevant, reasonably calculated to lead to the discovery of admissible evidence, not overly broad, and must be produced.

Document Request No. 9 demands, "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the regular rates of pay and any premium for overtime hours, including date of payment and the pay periods covered, which was paid TO each employee employed by Defendants since June 2007." Defendants objected on the basis of relevance and that the request is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and is overly broad. Defendants further objected on the basis that the request is premature in the absence of class certification.[2] Your objections are misplaced. Given the sophistication of Defendants, producing the regular rates of pay, any premium for overtime hours including date of payment and the pay periods covered, and any documents related thereto is not unduly burdensome. Furthermore, Plaintiffs are entitled to pre-certification discovery on the issues of class certification so that they can ascertain and define the dimensions of the class. *See Youngblood*, at *2-3; *Whitehorn*, at *2. Accordingly, the regular rates of pay, any premium for overtime hours including date of payment and the pay periods covered, and any documents related thereto are relevant, reasonably calculated to lead to the discovery of admissible evidence, not overly broad, and require immediate production.

Document Request No. 11 demands, "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the total additions and deductions from wages paid to each employee each pay

---

1. Defendants also erroneously objected that this request was duplicative of Document Request No. 6.

2. *See supra*, note 1.

Dennis A. Lalli, Esq.
October 10, 2013
Page 4 of 4

period and the nature of those deductions for each employee employed by Defendants since June 2007." Defendants objected on the basis of relevance and that the request is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and is overly broad. Defendants further objected on the basis that the request is premature in the absence of class certification.[3] Your objections are misplaced. Given the sophistication of Defendants, producing the total additions and deductions from wages paid to each employee each pay period, the nature of those deductions, and any documents relating thereto is not unduly burdensome. Furthermore, Plaintiffs are entitled to pre-certification discovery on the issues of class certification so that they can ascertain and define the dimensions of the class. *See Youngblood*, at *2-3; *Whitehorn*, at *2. Accordingly, the total additions and deductions from wages paid to each employee each pay period, the nature of those deductions, and any documents relating thereto are relevant, reasonably calculated to lead to the discovery of admissible evidence, and not overly broad.

Defendants' failure to respond adequately to Plaintiffs' discovery in a timely manner is hindering the orderly prosecution of this case. If you fail to remedy the deficiencies set forth herein, you understand that Plaintiffs will seek judicial intervention.

Finally, we remind Defendants' counsel that as officers of the court, they are bound to ethical obligations including the voluntary and efficient compliance with all statutes and rules and that permitting your clients to obfuscate discoverable evidence cannot stand.

Thank you for your time and attention to this matter.

> Very truly yours,
> THE HARMAN FIRM, PC
>
>
> _____s/_____
> Walker G. Harman, Jr.


cc: Barbara V. Cusumano, Esq. (via email, cusumab@bsk.com)
    Brian M. Moss, Esq. (via email)
    Peter J. Andrews, Esq. (via email)

---

3. *See supra*, note 1.