# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

November 5, 2013

**VIA ECF**
Hon. Debra C. Freeman
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    *Robledo v. No. 9 Parfume Leasehold*, **12 CV 3579 (ALC)(DCF)**
              related to
            *Robledo v. Bond No. 9*, **12 CV 6111 (ALC)(DCF)**

Dear Judge Freeman:

      We represent Plaintiffs Veronica Robledo and Karin M. Widmann in the two (2) above actions and write concerning *Robledo v. No. 9 Parfume Leasehold*, 12 CV 3579 (ALC)(DCF). We write the Court because (i) the Parties disagree on important and material discovery issues; (ii) Several letters have been exchanged to that end; (iii) Discussion regarding these issues has taken place over the phone; and (iv) the Parties continue to disagree. Accordingly, we will move to compel the production of the outstanding and deficient discovery.

      Your Honor's Chambers telephoned Plaintiffs' counsel today and directed us to file this document as a Letter Motion rather than Motion by Letter. (This document intends to supersede and deprecate Docket Entries 104–104-9). We were further instructed to verify our compliance with L. CIV. R. 37.1. To that end, Plaintiffs respectfully resubmit the following.

      Pursuant to this Court's Individual Practices, §§ I(C) and II(A), Plaintiffs respectfully renew their request that the Court compel the production of Defendants' outstanding and deficient discovery to which Plaintiffs are clearly entitled. *See* FED. R. CIV. P. 26, and 33–34; L. CIV. R. 26.1–5.

      To the extent that the Court may prefer a pre-motion conference for a motion by letter, Plaintiffs request that it be called as soon as possible. Notwithstanding, we respectfully refer the Court's attention to the Jan. 28, 2013 endorsed letter, wherein the Court states that "[c]ounsel are directed to engage in a full good-faith conference to address all issues raised herein." *See* Docket Entry 69, annexed hereto as *Exhibit A*, at 1. The Parties complied. The Court further held that "[t]o the extent that counsel are unable to resolve their differences, the matter may then be raised with the Court." *Id*.

      It was only two (2) days ago that Defendants finally allowed us to secure dates for depositions that we have sought to take since 2012. They are for Defendants' administrator, Hormidas Caloobanan on Nov. 15 and for Defendant Laurice Rahme on Nov. 19, 2013.

Hon. Debra Freeman
November 5, 2013
Page 2 of 6

Nevertheless, Defendants' incomplete production unduly and unfairly prejudices Plaintiffs and prevents fulsome testimony from being sworn to, or even sought.  While we do not wish to forgo our first chance to depose these witnesses, we respectfully request that the Court allow the two (2) depositions to be continued upon Defendants' complete production and reasonable time for Plaintiffs to review that supplement.

**Defendants have a well-recorded pattern and history of withholding production.**

Again, it has become necessary to seek Your Honor's guidance regarding Defendants' refusal to comply with our discovery demands.  *See, e.g.*, Plaintiffs' letters to the Court regarding Defendants' refusals to comply with their discovery obligations dated (i) Dec. 21, 2012;[1] (ii) Jan. 9, 2013;[2] (iii) Jan. 14, 2013;[3] (iv) Feb. 15, 2013;[4] (v) Feb. 22, 2013;[5] and (vi) Apr. 1, 2013.[6]

Of course, Plaintiffs have also issued multiple letters directly to Defendants wherein Defendants' deficient production is more completely catalogued.  In addition to the two (2) deficiency letters we reference *infra*,[6] Plaintiffs issued additional deficiency letters to Defendants on (vii) Aug. 30, 2013;[7] and finally most recently on (viii) Oct. 10, 2013.[8]

In a letter issued by Defendants' counsel Dennis A. Lalli Oct. 31, 2013, he represents that "apparently plaintiffs were satisfied with defendants' responses . . . and plaintiffs did not seek judicial intervention during the [last] seven and a half weeks."  What that means is Defendants completed ignored Plaintiffs Oct. 10, 2013 letter, which as noted, expressly warned of judicial intervention.  *See Ex. I.* at 4.  Moreover, there has never been a time when Plaintiffs or anyone at Plaintiffs' counsel's office had any notion or made any representation to anyone that Defendants' production was anything close to compliant or satisfactory (let alone complete).

**Plaintiffs respectfully request that the Court order Defendants' compliance with discovery.**

Despite Defendants' responses, which are replete with unfounded and misplaced objections, Plaintiffs made clear in the ten (10) letters *supra*, the scope of the items that we seek

---

1. *See Exhibit B*.

2. *See Exhibit C*.

3. *See Exhibit D*.  *N.b.* that Plaintiff's Jan. 14, 2013 letter to the Court annexes as an exhibit their first-referenced deficiency letter to Defendants, dated Dec. 19, 2012.

4. *See Exhibit E*.

5. *See Exhibit F*.

6. *See Exhibit G*.  *N.b.* that Plaintiff's Apr. 1, 2013 letter to the Court annexes as exhibits: (i) their first-referenced deficiency letter to Defendants, dated Dec. 19, 2012 (*see also*, *supra* Note 3); in addition to (ii) Plaintiffs' Mar. 5, 2013 deficiency letter to Defendants.

7. *See Exhibit H*.

8. *See Exhibit I*.  Plaintiffs' Oct. 10, 2013 letter to Defendants also stated that "Defendants' failure to respond adequately . . . is hindering the orderly prosecution of this case.  If you fail to remedy the deficiencies set forth herein, you understand that Plaintiffs will seek judicial intervention."  *Ex. I* at 4.

is well within the broad scope of discovery under FED. R. CIV. P. 26.  We respectfully request that the Court order Defendants responses and production to the following:[9] [10]

(i) Plaintiffs' Interrogatory No. 3 demands that Defendants "IDENTIFY all PERSON(s) who have in any way, either verbally or in writing, and/or formally or informally, complained of failure to pay overtime and/or minimum wage while employed by Defendants since June 2007."

(ii) Plaintiff's Interrogatory No. 5 demands that Defendants "IDENTIFY all PERSON(s) with knowledge CONCERNING any and all interactions of Defendants with the New York State Department of Labor and/or the United States Department of Labor, for any matter related to wage-and-hour and overtime."

(iii) Plaintiff's Interrogatory No. 7 demands that Defendants "IDENTIFY all PERSON(s) that are or were employed as sales associates at the Defendants' boutique retail stores within the past six (6) years."  On Oct. 10, 2013, Plaintiffs advised Defendants that their objections based on purported prematurity was not supported by case law.  Plaintiffs are entitled to pre-certification discovery on the issues of class certification so that they can, *inter alia*, ascertain and define the dimensions of the class. *See Youngblood v. Fam. Dollar Stores*, 09 CV 3176 (RMB)(FM), 2011 WL 1742109, at *2–3 (S.D.N.Y. Jan. 5, 2011); *Whitehorn v. Wolfgang's Steakhouse*, 09 CV 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010).

(iv) Plaintiffs' Document Request No. 2 demands "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION relating, reflecting or referring to any and/or all witnesses identified in Defendants' responses to Plaintiffs' First Set of Interrogatories."  Defendants partially mitigated their response to this demand on Sept. 26, 2013, but suspiciously, Plaintiffs were unable to locate any communications to or from the people whom Defendants identified as supervisors of Plaintiff Robledo: Robert Keely; Michele Vasapoli; or Lena Lisanti.

(v) Plaintiffs' Document Request No. 6 demands "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING payroll records and records of hours worked for all employees of Defendants since June 2007."  Pending certification, Plaintiffs voluntarily narrowed this request from "all employees" to only the named individually named Parties: Ms. Robledo, Ms. Widmann, and Defendant Laurice Rahme.

---

9. Plaintiffs herein quote their discovery demands *verbatim*.  *See* L. CIV. R. 37.1.

10. To the extent that Plaintiffs' class has not been certified, the requests herein do not pertain to putative Plaintiffs—only to Ms. Robledo and Ms. Widmann.

Hon. Debra Freeman
November 5, 2013
Page 4 of 6

    (vi)    Plaintiffs' Document Request No. 7 demands "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the name, last known address, and job title of each person employed by Defendants since June 2007."

    (vii)    Plaintiffs' Document Request No. 8 demands "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the hours worked each workday and the total hours worked each week by each person employed by Defendants since June 2007."

    (viii)    Plaintiffs' Document Request No. 9 demands "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the regular rates of pay and any premium for overtime hours, including date of payment and the pay periods covered, which was paid TO each employee employed by Defendants since June 2007." Pending certification, Plaintiffs voluntarily narrowed this request from "each employee" to only the named Parties: Ms. Robledo, Ms. Widmann, and Ms. Rahme.

    (ix)    Plaintiffs' Document Request 11 demands "All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the total additions and deductions from wages paid to each employee each pay period and the nature of those deductions for each employee employed by Defendants since June 2007." Pending certification, Plaintiffs voluntarily narrowed this request from "each employee" to only the named Parties: Ms. Robledo, Ms. Widmann, and Ms. Rahme.

We have met and conferred on these issues. Defendants' Oct. 31, 2013 letter largely responds to our Aug. 30, 2013 letter and largely ignores our deficiency letter issued Oct. 10, 2013. We conducted two (2) conferences by telephone, the latter of which is completely mischaracterized by Defendants in their Oct. 31 letter. They claim that "apparently plaintiffs were satisfied with defendants' responses" and further attempt to play counsel of one another as we complained of last spring. Mr. Lalli narrates tales of communications with one person at this office, then contradicts these tales in later communications, at his convenience. With other counsel, we are not in the habit of keeping the entire office on conference calls and copied on emails in order to avoid being bombarded with multiple versions of Defendants' narrative.

**Defendants' destruction or withholding of evidence should preclude their defenses.**

In concert with the above requests, Plaintiffs' Document Requests 2–4, 6–15, and 17–18[11] specifically request, *inter alia*, electronically memorialized information, which was defined to explicitly include text messages and emails.

---

11. *See Plaintiffs' First Request for Interrogatories and the Production of Documents*, dated July 1, 2013, annexed hereto as *Exhibit J*.

Moreover, we have been seeking this production since 2012. For example, in a Dec. 19, 2012 letter to Mr. Lalli, we offered that "[i]n the spirit of cooperation Plaintiffs hereby narrow their request to . . . 'All communications including but not limited to notes, electronic mail, text messages, voicemails, memorandas, between witnesses and/or the Defendants, wherein witnesses and/or the Defendants discuss this lawsuit, or wage and hour related issues, or Plaintiff Robledo, or Plaintiff Widmann, or [then-]Plaintiff [Maria Flores-]Blanco, or Joan Bolick.' " *See Ex. A to Ex. G* at 2.

More troubling is that after the Parties' Feb. 28, 2013 Rule 37.2 meeting, which was memorialized by letter, Mr. Lalli agreed to "Produce all communications, including but not limited to notes, electronic mail, text messages, voicemails, memoranda, between and/or amongst witnesses and/or the Defendants, wherein they discuss this lawsuit, or wage-and-hour-related issues." *See Ex. B to Ex. G* at 1. Plaintiffs recognized that "Defendants failed to even look for responsive text messages, as none has been produced," and "again . . . remind[ed] Defendants of their obligation to produce all . . . text messages and emails to and from Defendant Laurice Rahme and other witnesses regarding Plaintiffs," on Aug. 30, 2013. *See Ex. H* at 2. Defendants did not dispute this in their response, which we received Oct. 31, 2013. In the same letter, we also stated that "Defendants' obligations (which [are] ongoing) to preserve . . . emails and text messages, were triggered no later than . . . February 16, 2012." *Id*.

Based on our clients' statements in addition to standard small-business practice, we have strong reason to believe that if no responsive text messages or emails exist, then Defendants have willfully destroyed evidence, or potential evidence. What defense counsel Dennis A. Lalli refers to as a "kerfuffle" is in fact his willful prevention of Plaintiffs' ability to prosecute this matter. If no responsive text messages exist, we concede that Mr. Lalli probably did not destroy them himself, but rather turned a blind eye to his clients' spoliation of evidence. There is simply no possibility that all responsive production could fail to exist any longer—or be withheld for privilege.[12]

To date, zero (0) text messages have been produced even though many communications between employees and agents of Defendants were transmitted by text message. For this reason, and because we have sought responsive text messages with such determination and clarity since no later than Plaintiffs' Feb. 2012 preservation letter, we respectfully request that the Court preclude Defendants' responses to Plaintiffs' Document Requests 2–4, 6–15, and 17–18. *See* Note 11.

Finally, Plaintiffs respectfully refer the Court's attention to the Oct. 17, 2013 Order that the Parties split the costs of the continued deposition of Plaintiff Veronica Robledo. *See* Docket Entry 102. Since that Order issued, both Plaintiffs' depositions have been rescheduled; Ms. Widmann's has been rescheduled to occur tomorrow since Oct. 29, 2013.

---

12. Defendants also refuse to produce a privilege log pursuant to L. Civ. R. 26.2(a)(1)–(a)(2)(B). Plaintiffs respectfully request that the Court order that Defendants quickly comply.

Hon. Debra Freeman
November 5, 2013
Page 6 of 6

  Nevertheless, and for the second time in as many scheduled depositions, defense counsel Dennis A. Lalli has recovered what he refers to as "Missing Documents" on the eve of deposition at 4:34 p.m.  Mr. Lalli stated that yesterday—that is now no less than sixteen (16) hours prior—he noticed that there were documents that he omitted from his purportedly complete production.  The documents that he just produced pertain to tomorrow's deponent, Ms. Widmann.  If Ms. Widmann is asked to provide testimony regarding this slipshod production, only Plaintiffs will be unfairly prejudiced, which would be outrageous.  Here, we respectfully also seek the Court's guidance on this matter.

  We thank the Court's time and consideration.

> Respectfully submitted,
> THE HARMAN FIRM, PC
>
> _____s/_____
> Walker G. Harman, Jr. [WH-8044]

Encls.

cc: Dennis A. Lalli, Esq. (via ECF)
   Barbara V. Cusumano, Esq. (via ECF)
   Peter J. Andrews, Esq. (via ECF)
   Hon. Debra Freeman (via U.S. mail without encls.)