Walker G. Harman, Jr. [WH-8044]
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com
pandrews@theharmanfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
VERONIC ROBLEDO, and KARIN WIDMANN,
Each Individually, And On Behalf Of                              12 CV 3579 (ALC)(DCF)
All Other Persons Similarly Situated,

                    *Plaintiffs*,                              **PLAINTIFFS' FIRST**
                                                                                  **REQUEST FOR**
    -against-                                                    **INTERROGATORIES**
                                                                                  **AND THE PRODUCTION**
No. 9 PARFUME LEASEHOLD, LAURICE & CO.                           **OF DOCUMENTS**
UPTOWN, INC., LAURICE WASHINGTON LTD.,
LAURICE & BLEECKER CORP., LAURICE
SOUTHAMPTON, INC., LAURICE MADISON LTD., and
LAURICE RAHME, Individually

                    *Defendants*.
------------------------------------------------------------------------X

      Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2, 26.3, and 33.3 of this Court ("Local Rule" or "Local Rules"), Plaintiffs hereby request that Defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at THE HARMAN FIRM, P.C., 200 West 57th Street, Suite 900 New York, New York, 10019 within 30 (thirty) days after service hereof.

      These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of

1

additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within thirty (30) days, and in no event later than five (5) days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## DEFINITIONS AND INSTRUCTIONS

1.     PRESERVATION LETTER.  The term "preservation letter" means the letter alerting the Defendants of litigation and instructing the Defendants to place a hold on and not destroy certain information.

2.     COMMUNICATION.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     CONCERNING.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.     DOCUMENT.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term herein.  A draft or non-identical copy is a separate document within the meaning of this term.

5.     ELECTRONICALLY MEMORIALIZED INFORMATION.  The term "electronically memorialized information" means any information created, maintained and/or retrievable by electronic means, whether on or by a computer chip, hard disk, floppy diskettes, tape, laser devise or other digitally recorded medium, or any other similar device.  "Electronically memorialized information" includes, but is not limited to, information stored in databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, internet data (including, but not limited to, search logs, internet history, temporary internet files, caches, bookmarks, cookies, lists of websites with saved login information as well as webmail and email, both sent and in draft form, both online and offline, both stored on servers and/or on client computers), personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including

voicemail and voice recording devices, including, but not limited to smartphones and dictation machines).

6. IDENTIFY (with respect to persons). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally the last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identity of that person.

7. IDENTIFY (with respect to documents). When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s).

8. PERSON. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. RECORDING. The term "recording" means tape, wire, digital or other sound recordings of conversations and includes transcripts of any such recorded conversation.

10. ALL/EACH. The term "all" and "each" shall be construed as all and each.

11. AND/OR. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

12. ROBLEDO. The term "ROBLEDO" means Plaintiff in this action, VERONICA ROBLEDO.

13. WIDMANN. The term "WIDMANN" means Plaintiff in this action, KARIN WIDMANN.

14. No. 9 PARFUME LEASEHOLD. The term "No. 9 PARFUME" means Defendant in this

action, No. 9 PARFUME LEASEHOLD.

15. LAURICE & CO. UPTOWN, INC. means Defendant in this action, LAURICE & CO. UPTOWN, INC.

16. LAURICE WASHINGTON LTD. means Defendant in this action, LAURICE WASHINGTON LTD.

17. LAURICE & BLEECKER CORP. means Defendant in this action, RICE & BLEECKER CORP.

18. LAURICE SOUTHAMPTON, INC. means Defendant in this action, LAURICE SOUTHAMPTON, INC.

19. LAURICE MADISON LTD. means Defendant in this action, LAURICE MADISON LTD.

20. LAURICE RAHME.  The term "RAHME" means Defendant in this action, LAURICE RAHME.

21. DEFENDANTS.  The term "DEFENDANTS" means all Defendants in this action, including the Defendants No. 9 PARFUME LEASEHOLD, LAURICE & CO. UPTOWN, INC., LAURICE WASHINGTON LTD., LAURICE & BLEECKER CORP., LAURICE SOUTHAMPTON, INC., LAURICE MADISON LTD., and LAURICE RAHME.

22. The use of the singular form of any word includes the plural and vice versa.

23. If the answer to any interrogatory, or subsection of any interrogatory, is unknown, so state and include the name(s), telephone number(s), and address(es) of any person or organization that might have such information.

24. If any of these interrogatories cannot be answered in full, answer to the extent possible, specify the reasons for Defendants' inability to answer the remainder, and state what

information, knowledge or belief Defendants have concerning the unanswered portion.

25. If Defendants do not possess information to answer an interrogatory, they are under a duty to make a reasonable effort to obtain such information.

26. In producing documents, Defendants are requested to furnish all documents known or available to Defendants regardless of whether the documents are possessed: directly by Defendants, Defendants' agents, employees, representatives or investigators; by Defendants' present or former attorneys or their agents, employees, representatives or investigators; or by any other legal entities controlled by or in any manner affiliated with Defendant.

27. Where documents are withheld from production on the basis of privilege, Defendants shall set forth in writing the following: (i) a description of the subject matter and content of the document sufficient to identify it; (ii) the type of document (e.g., letter, memoranda, etc.); (iii) name of the author(s) and/or preparer(s); (iv) name of recipient(s); (v) date of recording or preparation; (vi) the privilege asserted; and (vii) reasons for such assertion.

28. If any documents cannot be produced in full, produce to the extent possible specifying the reasons for the inability to produce the remainder. This document request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all PERSON(s) with knowledge or information regarding Defendants' policies and/or procedures CONCERNING the payments to all employees for compensation and/or

6

wages, and the payroll system.

**INTERROGATORY NO. 2:**

IDENTIFY all PERSON(s) who have ever brought a complaint alleging violations of the Fair Labor Standards Act and/or the New York Labor Law against Defendants, including, but not limited to, lawsuits, internal grievances, and complaints to governmental agencies.

**INTERROGATORY NO. 3:**

IDENTIFY all PERSON(s) who have in any way, either verbally or in writing, and/or formally or informally, complained of failure to pay overtime and/or minimum wage while employed by Defendants since June 2007.

**INTERROGATORY NO. 4:**

IDENTIFY all PERSON(s) that supervised Plaintiffs while in the employ of the Defendants.

**INTERROGATORY NO. 5:**

IDENTIFY all PERSON(s) that Plaintiffs supervised while in the employ of the Defendants.

**INTERROGATORY NO. 6:**

IDENTIFY all PERSON(s) with knowledge CONCERNING any and all interactions of Defendants with the New York State Department of Labor and/or the United States Department of Labor, for any matter related to wage-and-hour and overtime.

**INTERROGATORY NO. 7:**

IDENTIFY all PERSON(s) that are or were employed as sales associates at the Defendants' boutique retail stores within the past six (6) years.

**INTERROGATORY NO. 9:**

IDENTIFY all PERSON(s) who, in any manner, participated in the answering of these interrogatories.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

The complete personnel files of Plaintiffs.

**DOCUMENT REQUEST NO. 2:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION relating, reflecting or referring to any and/or all witnesses identified in Defendants' responses to Plaintiffs' First Set of Interrogatories.

**DOCUMENT REQUEST NO. 3:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all complaints filed with and/or pending before the U.S. Department of Labor, the New York State Department of Labor, or any other Court, tribunal, or administrative agency against Defendants CONCERNING an alleged failure to pay overtime and minimum wage by Defendants and/or its agents.

**DOCUMENT REQUEST NO. 4:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any lawsuit filed against Defendants alleging failure to pay overtime and minimum wage, including but not limited to, Complaints, Answers, Settlement Agreements, or Judgments entered in all such suits.

**DOCUMENT REQUEST NO. 5:**

All employee handbooks and/or personnel manuals and/or written directives distributed and/or posted for employees of Defendants since June 2007.

**DOCUMENT REQUEST NO. 6:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING payroll records and records of hours worked for all employees of Defendants since June 2007.

**DOCUMENT REQUEST NO. 7:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the name, last known address, and job title of each person employed by Defendants since June 2007.

**DOCUMENT REQUEST NO. 8:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the hours worked each workday and the total hours worked each week by each person employed by Defendants since June 2007.

**DOCUMENT REQUEST NO. 9:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the regular rates of pay and any premium for overtime hours, including date of payment and the pay periods covered, which was paid TO each employee employed by Defendants since June 2007.

**DOCUMENT REQUEST NO. 10:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, supporting the basis for any exemption claimed for each employee of Defendants for whom Defendants claims to be exempt from the minimum wage, overtime, and recordkeeping requirements of the New York Labor Law and/or the Fair Labor Standards Act.

**DOCUMENT REQUEST NO. 11:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the total additions and deductions from wages paid to each employee each pay period and the nature of those deductions for each employee employed by Defendants since June 2007.

**DOCUMENT REQUEST NO. 12:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, which relate in anyway to the terms and conditions of Plaintiffs' employment with Defendants.

**DOCUMENT REQUEST NO. 13:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, by and between Defendants and the United States Department of Labor or the New York State Department of Labor relating to the payment of overtime and minimum wage to employees of Defendants.

**DOCUMENT REQUEST NO. 14:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any investigation and settlement by the New York State Department of Labor and/or the United States Department of Labor against Defendants for the violations of the New York Labor Law and the Fair Labor Standards Act.

**DOCUMENT REQUEST NO. 15**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the contestation and/or denial of unemployment benefits for each employee that was denied unemployment benefits since June 2007.

**DOCUMENT REQUEST NO. 17**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING the relationship between the Defendants, including co-ownership, co-management of any of the Defendants with one another.

**DOCUMENT REQUEST NO. 18:**

All COMMUNICATIONS, and all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING upon which Defendants will rely to defend against liability in this matter.

Dated: New York, New York
July 1, 2013

By: *[signature: Walker G. Harman]*
Walker G. Harman, Jr.
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, NY 10019
(212) 425-2600

TO: Dennis A. Lalli, Esq.
Bond, Schoneck & King
Counsel for Defendants