

330 Madison Avenue | New York, NY 10017-5001 | bsk.com

DENNIS A. LALLI
dlalli@bsk.com
P: 646.253.2312
F: 646.253.2379

November 8, 2013

Honorable Debra Freeman
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 525
New York, New York  10007-1312

     Re:   *Robledo, et al. v. No. 9 Parfume Leasehold, et al.*
          <u>Case No.: 12-cv-3579 (ALC) (DF)</u>

Dear Judge Freeman:

     I respond on behalf of the defendants to the order you issued yesterday afternoon, instructing defendants to file a substantive response to plaintiffs' letter motion dated November 5, 2013 regarding certain discovery disputes, notwithstanding that plaintiffs wholly flouted your instruction to comply with Local Civil Rule 37.1 by failing to set forth defendants' responses to the discovery demands at issue and by failing to set forth the grounds on which plaintiffs believe they are entitled to relief on each request and response.

     In an attempt to cure at least the first part of plaintiffs' disregard of Local Rule 37.1, we append as exhibit A to this letter Defendants' Responses and Objections to Plaintiffs' First Request for Interrogatories and the Production of Documents. This exhibit sets forth defendants' narrative responses to the discovery demands at issue.

     Further, although none of the seven letters from plaintiffs to the Court that plaintiffs appended to their letter motion appears to have any relevance to the discovery disputes they purport to raise, their letter to me dated October 10, 2013 is indeed relevant to these disputes.  However, they failed to include my response to their letter. Accordingly, we append a copy of that response – a letter dated October 31, 2013 – as exhibit B to this letter.

     Plaintiffs' failure to comply with Rule 37.1 makes it difficult for defendants to make a substantive response to their letter.  Certainly the recitation of the history of the parties' past discovery exchanges that appears at page 2 of their letter motion does nothing to illuminate what discovery is at issue on this motion, so we see no need to respond to it.  Accordingly, we will respond by addressing defendants' reponses to the three interrogatories and six document requests that are set forth at pp. 3 – 4 of plaintiffs' letter motion.

Hon. Debra Freeman
November 8, 2013
Page 2

**INTERROGATORY No. 3.**  This interrogatory asks for the name of any person who complained about failure to pay overtime wages or minimum wages while employed by the defendants.  Defendants objected on the ground that the information sought is not calculated to lead to the discovery of relevant information.

The information sought would have been relevant to the retaliation claims that plaintiffs were seeking to include in an amended complaint, had that claim been added.  But since the amended complaint contained no retaliation claim, this information is irrelevant.  Moreover, as can be seen in exhibit B to this letter, defendants had advised plaintiffs that on March 18, 2013 that one employee had complained about not being paid overtime when she went away on business travel.  So notwithstanding the irrelevance of the information at issue, defendants have provided it.

**INTERROGATORY No. 5.**  This interrogatory asks for the name of anyone whom the plaintiffs supervised while they were employed by the defendants.  Defendants provided that information.  Plaintiffs' letter motion refers to an interrogatory that asks for the name of people with knowledge concerning interactions with the State or U.S. Department of Labor regarding wage payment issues.  It thus appears that they refer to Interrogatory No. 6.  Defendants responded by stating that there is no responsive information.  That is a complete response.

We note that plaintiffs have subpoenaed the New York and U.S. Departments of Labor seeking documents concerning interactions between those Departments and the defendants.  As far as defendants are aware, no such documents exist, so we do not believe that either Department provided any such documents; certainly plaintiffs have not told us that they received any.

We also note that the interrogatory is limited to wage payment matters.  To the extent that plaintiffs contend that defendants should provide information regarding unemployment insurance proceedings, plaintiffs have not requested such documents, and they would not be relevant to the subject matter of this action in any event.

**INTERROGATORY No. 7 and DOCUMENT REQUESTS No. 6, 7, 8, and 9.** These discovery demands ask the defendants to provide, for each employee employed in each of the defendant retail stores in the last six years, (a) name, address, and job title; (b) payroll records and records of hours worked, and (c) regular and overtime rates of pay in each pay period since 2007.[1]  Defendants objected on the ground of

---

[1]  Plaintiffs letter brief says with respect to Document Requests no. 6, 9, and 11 that "Plaintiffs voluntarily narrowed this request from 'each employee' to only the named Parties; Ms. Robledo, Ms. Widmann, and Ms. Rahme."  If they did, they certainly never notified me. Notably, notwithstanding that plaintiffs appended to their letter motion 9 letters that they had sent to the Court or to me, they do not cite to any such letter to substantiate this representation. Defendants believe that this statement is simply untrue.

64541.1

Hon. Debra Freeman
November 8, 2013
Page 3

overbreadth, in that the request is for six years, not the two-or three-year limitations period provided by the FLSA, and on the principal ground that plaintiffs' discovery demands were premature, in that they sought even more information than plaintiffs would be entitled if the Court were to grant a motion for conditional certification of a collective action – which the plaintiffs had not yet even done by August 23, 2013, when defendants provided their answers.

Subsequently, albeit after plaintiffs had made their motion for conditional certification on September 5, 2013, this Court, addressing these same discovery demands, stated that "[d]efendants reasonably objected to the scope and timing of these requests, noting *inter alia,* that no collective or Rule 23 class had yet been even conditionally certified. Plaintiff apparently accepted [d]efendants' objections, making no motion under Rule 37(a) to compel any disclosure. Plaintiff is thus hard-pressed to complain that the documents were not produced." *See* ECF No. 102, p. 2.

Plaintiffs still have failed to adduce any reason or argument as to why defendants should be required to produce information regarding the FLSA collective class for which their motion for conditional certification is still pending, much less *more* information than they would be entitled to if such a class were to be certified.

**DOCUMENT REQUEST No. 2.** Document Request No. 2 asks for all documents, all communications, and all electronically memorialized information regarding witnesses identified in defendants' responses to plaintiffs' interrogatories. Defendants responded on the ground this demand was too vague for them to be able to determine what documents were being sought, and in addition on the ground that it was exceedingly overbroad.

In a "meet and confer" with Peter Andrews, one of the plaintiffs' attorneys, I pointed out that plaintiffs' interrogatories had not asked defendants to identify any witnesses. I also noted that defendants' response to the interrogatory (no. 1) that requested the identity of all persons with knowledge or information regarding defendants' wage payment policies and procedures, we had identified only Hormidas Caloobanan. Mr. Andrews asked for her personnel file. In a letter, I described the contents of her file. I have advised Mr. Andrews that nothing in that file appears to me to be relevant, but that defendants would provide any of the documents in it that he wished. Defendants were not asked to provide those documents.

Mr. Harman's letter of October 10, 2013 suggests that defendants should have produced communications regarding three individuals whom defendants had identified as plaintiff Robledo's supervisors. However, defendants did not identify and of these individuals as witnesses, so irrespective of whether plaintiffs would be entitled to the documents sought for these individuals had plaintiffs asked for such documents, these

Hon. Debra Freeman
November 8, 2013
Page 4

individuals are not within the scope of the request that plaintiffs served and that is at issue on this motion.

**DOCUMENT REQUEST No. 11.**  Document Request No. 11 seeks documents regarding "additions and deductions from wages paid to" each of defendants' employees since 2007.  Defendants objected to this Request for the same reasons they objected to Requests No. 6, 7, 8, and 9.  My letter to Mr. Harman dated October 31, 2013 added that there are no allegations in the Complaint that defendants improperly made additions to or deductions from any of their employees' wages.  We see nothing in plaintiffs' letter motion that disagrees with this proposition.

With respect, we are unable to provide a substantive response to the statements set forth at p. 5 of plaintiffs' letter motion.  If those statements are intended to identify a discovery demand, defendants' response to it, and plaintiffs' argument as to why they are entitled to the discovery sought, we are unable to discern it.  I do note that there are some inchoate arguments that have something to do with text messages.  Counsel for the plaintiffs never raised such an issue in any of my "meet and confer" telephone conferences with them.  Defendants do not keep records of text messages, and are unable to do so, since they did not provide their employees with telephones that are capable of receiving text messages; text messages between defendants' employees were sent to and received from employees' personal telephones, over which defendants have no control.

Finally, the last paragraph of plaintiffs' letter motion refers to the fact that on November 4 I learned that several documents from defendants' prior document production were missing.  I obtained them the next morning and supplemented defendants' earlier response, as required by Rule 26(e).  I do not understand what relief plaintiffs seek regarding defendants' effort to comply with their obligations under Rule 26(e).

Thank you for your attention to this matter.

Very truly yours,

Dennis A. Lalli

cc:    Walker Harman, Esq. (via email transmission as a pdf document)

64541.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VERONICA ROBLEDO, individually and on　　:
behalf of all others similarly situated,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiffs,　　　　　　　:　　　　No. 12 Civ. 3579 (ALC)(DF)
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　- against -　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
NO. 9 PARFUME LEASEHOLD and　　　　　:
LAURICE RAHME, individually,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------X

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS

Defendants respond and object as follows to plaintiffs' "First Request for

Interrogatories and the Production of Documents" as follows:

### INTERROGATORY NO. 1

Identify all person(s) with knowledge or information regarding Defendants' policies and/or procedures concerning the payments to all employees for compensation and/or wages, and the payroll system.

#### Response to Interrogatory No. 1

Hormidas Caloobanan.  Ms. Caloobanan may be contacted through counsel for

the defendants.

### INTERROGATORY NO. 2

Identify all person(s) who have ever brought a complaint alleging violations of the Fair Labor Standards Act and/or the New York Labor Law against Defendants, including but not limited to, lawsuits, internal grievances, and complaints to governmental agencies.

1

### Objections and Response to Interrogatory No. 2

Defendants object to Interrogatory No. 2 on the grounds that, to the extent it seeks the identity of persons other than the plaintiffs in the instant lawsuit, the information it seeks is not relevant to the claim or defense of any party to this action or to the subject matter of this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objectionable nature of this Interrogatory, defendants respond by stating that there is no information that is responsive to it other than the identity of the plaintiffs in the instant lawsuit, and that to the extent this Interrogatory seeks the identity of the plaintiffs to this lawsuit it is objectionable on the ground that it is unreasonably cumulative or duplicative, and that such information may be obtained from some other source (*i.e.*, counsel for the plaintiffs) that is more convenient, less burdensome, or less expensive.

### INTERROGATORY NO. 3

Identify all person(s) who have in any way, either verbally or in writing, and/or formally or informally, complained of failure to pay overtime and/or wages while employed by Defendants since June 2007.

### Objections and Response to Interrogatory No. 3

Defendants object to Interrogatory No. 3 on the grounds that the information it seeks is not relevant to the claim or defense of any party to this action or to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome to produce considering the needs of the case, and is broader than necessary for the purposes of this litigation.

2

## INTERROGATORY NO. 4

Identify all persons(s) that supervised Plaintiffs while in the employ of the Defendants.

### Objections and Response to Interrogatory No. 4

Defendants object to Interrogatory No. 4 on the ground that it is too vague to permit defendants to determine what information it seeks. Notwithstanding the objectionable nature of this interrogatory, and construing it as seeking the identity of each person who supervised either of the plaintiffs at any time while they were employed by one or more of the defendants, defendants state that (a) the following persons supervised plaintiff Robledo at one or more times while she was employed by any of the defendants: Robert Keely, Michele Vasapoli, Lena Lisanti, and Karin Widmann, and (b) the following persons supervised plaintiff Widmann while she was employed by any of the defendants: Laurice Rahme.

## INTERROGATORY NO. 5

Identify all persons that Plaintiffs supervised while in the employ of the Defendants.

### Objections and Response to Interrogatory No. 5

Defendants object to Interrogatory No. 5 on the ground that it is too vague to permit defendants to determine what information it seeks. Notwithstanding the objectionable nature of this interrogatory, and construing it as seeking the identity of each person that either plaintiff supervised at any time while employed by the defendants, defendants state that plaintiff Robledo supervised the following persons at one or more times while she was a Store Manager in 2010: Amelia Clarke, Anna Maria, Alex Nordin, Margaret Siskind, Stephanie Ehlert, Hope Viggian, Charlene Walsh,

3

Michele Vasapoli, and Mark Vincent Maldonado, and that plaintiff Widmann supervised

the following persons at one or more times while she was a Store Manager from mid-

2011 to February 2012:  James Slaba, Veronica Robledo, Diana Romano, Amelia

Araujo, Urszula Serowik, Israelite Nazaire, and Michele Vasapoli.

### INTERROGATORY NO. 6

Identify all person(s) with knowledge concerning all interactions of
Defendants with the New York State Department of Labor and/or the
United States Department of Labor, for any matter related to wage-
and-hour and overtime.

### Objections and Response to Interrogatory No. 6

Defendants object to Interrogatory No. 6 on the grounds that the information it

seeks is not relevant to the claim or defense of any party to this action or to the subject

matter of this action, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Notwithstanding the objectionable nature of this Interrogatory,

defendants respond by stating that there is no responsive information.

### INTERROGATORY NO. 7

Identify all person(s) that are or were employed by Defendants as
sales associates at the Defendants' boutique retail stores within the
past six (6) years.

### Objections to Interrogatory No. 7

Defendants object to Interrogatory No. 7 on the grounds that it is premature, in

that there has been no motion for conditional certification of a collective action or

certification of a Rule 23 class; defendants will provide such information if, to the extent

that, and when they are required to do so in accordance with the Court's disposition of

such a motion if plaintiffs make one.  Defendants further object to Interrogatory No. 7 to

the extent that it is overbroad in time, and that the information it seeks is not relevant to

4

the claim or defense of any party to this action or to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome to produce considering the needs of the case, or is broader than is necessary for the purposes of this litigation.

## INTERROGATORY NO. 9

Identify all person(s) who, in any manner, participated in the answering of these interrogatories.

### Objections and Response to Interrogatory No. 9

Defendants, noting that there is no Interrogatory No. 8 in plaintiffs' Interrogatories, object to Interrogatory No. 9 on the grounds that it is so vague that defendants cannot ascertain what information it seeks, and on the additional grounds that to the extent that it asks for the identity of the person who drafted defendants' Responses and Objections, it both seeks information that is excluded from discovery pursuant to the attorney-client privilege and the work product doctrine. Notwithstanding the objectionable nature of this Interrogatory, and construing it as seeking the identity of any person who provided information responsive to these interrogatories, defendants respond by identifying Hormidas Caloobanan, who may be contacted through counsel for the defendants.

## DOCUMENT REQUEST NO. 1

The complete personnel file of each of the Plaintiffs.

### Objections and Response to Request No. 1

Defendants object to Request No. 1 to the extent that it seeks production of documents that do not pertain to the hours plaintiffs worked, the compensation either of them was paid, or the job duties either of them were responsible for discharging, on the

5

grounds that to this extent the documents it seeks are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, are broader than necessary for the purposes of this litigation, and have been produced previously in connection with proceedings on the Complaint of Discrimination plaintiff filed previously with the Division of Human Rights of the New York State Division Executive Department.  To the extent that Request No. 1 seeks production of documents from defendants' personnel file for either plaintiff that pertain to the hours either of them worked, the compensation either of them was paid, or the job duties either was responsible for discharging, those documents are included within the documents numbered Robledo 0001 through Robledo 0049 that were provided to the plaintiffs last year, and in the documents numbered Robledo 0068 through Robledo 0141.

## DOCUMENT REQUEST NO. 2

> All communications, and all documents, and all electronically memorialized information concerning, relating, reflecting or referring to any and/or all witnesses identified in defendants' responses to Plaintiffs' First Set of Interrogatories.

### Objections to Request No. 2

Defendants object to Request No. 2 on the grounds that it is so vague that defendants cannot ascertain what documents it seeks, and on the additional grounds that the documents it appears to seek are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, and are broader than is necessary for the purposes of this litigation.

6

### DOCUMENT REQUEST NO. 3

All communications, and all documents, and all electronically memorialized information, concerning any and all complaints filed with and/or pending before the U.S. Department of Labor, the New York State Department of Labor, or any other Court, tribunal, or administrative agency against Defendants concerning an alleged failure to pay overtime and minimum wage by Defendants and/or its [*sic*] agents.

### Objections and Response to Request No. 3

Defendants object to Request No. 3 on the grounds that the documents it seeks

are not relevant to the claim or defense of any party to this action or to the subject

matter of this action, are not reasonably calculated to lead to the discovery of

admissible evidence, are unduly burdensome to produce considering the needs of the

case, and are broader than is necessary for the purposes of this litigation.

Notwithstanding the objectionable nature of this Request, defendants respond by stating

that there are no documents that are responsive to it.

### DOCUMENT REQUEST NO. 4

All communications, and all documents, and all electronically memorialized information, concerning any lawsuit filed against Defendants alleging failure to pay overtime and minimum wage, including but not limited to, Complaints, Answers, Settlement Agreements or Judgments entered in all such suits.

### Objections and Response to Request No. 4

Defendants object to Request No. 4 on the grounds that, to the extent it seeks

documents concerning any lawsuit other than the instant lawsuit, the documents it seeks

are not relevant to the claim or defense of any party to this action or to the subject matter

of this action, are not reasonably calculated to lead to the discovery of admissible

evidence, are unduly burdensome to produce considering the needs of the case, and are

7

broader than is necessary for the purposes of this litigation.  Notwithstanding the objectionable nature of this Request, defendants respond by stating that there are no documents that are responsive to it other than documents that pertain to the instant lawsuit, and that to the extent this Request seeks documents that pertain to the instant lawsuit it is objectionable on the ground that it is unreasonably cumulative or duplicative, and that such documents may be obtained from some other source that is more convenient, less burdensome, or less expensive.

### DOCUMENT REQUEST NO. 5

All employee handbooks and/or personnel manuals and/or written directives distributed and/or posted for employees of Defendants since June 2007.

### Objections and Response to Request No. 5

Defendants object to Request No. 5 on the grounds that to the extent it seeks documents that pertain to matters other than recording hours worked, the compensation sales associates or managers are paid, or the job duties they were responsible for discharging, the documents it seeks are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, and are broader than is necessary for the purposes of this litigation.  Notwithstanding the objectionable nature of this Request, defendants respond by producing herewith all documents responsive thereto that are presently in defendants' possession, custody, or control; those documents are included within the documents numbered Robledo 0050 through Robledo 0067 that were provided to the plaintiffs last year.

8

## DOCUMENT REQUEST NO. 6

All communications, and all documents, and all electronically memorialized information, concerning payroll records and records of hours worked for all employees of Defendants since June 2007.

### Objections to Request No. 6

Defendants object to Request No. 6 on the grounds that it is premature, in that

there has been no motion for conditional certification of a collective action or certification

of a Rule 23 class; defendants will provide the documents requested if, to the extent

that, and when they are required to do so in accordance with the Court's disposition of

such a motion if plaintiffs make one and if the Court grants it, in whole or in part.

Defendants further object to Request No. 6 to the extent that the time frame for which it

seeks documents is overbroad, to the extent that it seeks documents concerning

employees other than sales associates or store managers, and on the grounds that it

seeks documents that are not relevant to the claim or defense of any party to this action

or to the subject matter of this action, are not reasonably calculated to lead to the

discovery of admissible evidence, are unduly burdensome to produce considering the

needs of the case, or are broader than is necessary for the purposes of this litigation.

## DOCUMENT REQUEST NO. 7

All communications, and all documents, and all electronically memorialized information, concerning the name, last known address and job title of each person employed by Defendants since June 2007.

### Objections to Request No. 7

Defendants object to Request No. 7 on the grounds that it is premature, in that

there has been no motion for conditional certification of a collective action or certification

of a Rule 23 class; defendants will provide the documents requested if, to the extent

9

that, and when they are required to do so in accordance with the Court's disposition of

such a motion if plaintiffs make one and if the Court grants it, in whole or in part.

Defendants further object to Request No. 7 to the extent that the time frame for which it

seeks documents is overbroad, to the extent that it seeks documents concerning

employees other than sales associates or store managers, and on the grounds that it

seeks documents that are not relevant to the claim or defense of any party to this action

or to the subject matter of this action, are not reasonably calculated to lead to the

discovery of admissible evidence, are unduly burdensome to produce considering the

needs of the case, or are broader than is necessary for the purposes of this litigation.

## DOCUMENT REQUEST NO. 8

> All communications, and all documents, and all electronically
> memorialized information, concerning the hours worked each
> workday and the total hours worked each by each person employed
> by Defendants since June 2007.

### Objections to Request No. 8

For their objections and response to Request No. 8, defendants refer plaintiffs to

defendants' foregoing Objections to Request No. 6, noting that defendants object to

Request No. 8 on the additional ground that it is redundant of Request No. 6.

## DOCUMENT REQUEST NO. 9

> All communications, and all documents, and all electronically
> memorialized information, concerning the regular rates of pay and
> any premium for overtime hours, including date of payment and the
> pay periods covered, which was paid to each employee employed by
> Defendants since June 2007.

### Objections to Request No. 9

For their objections to Request No. 9, defendants refer plaintiffs to defendants' foregoing Objections and Response to Request No. 6, noting that defendants object to Request No. 9 on the additional ground that it is redundant of Request No. 6.

### DOCUMENT REQUEST NO. 10

All communications, and all documents, and all electronically memorialized information, supporting the basis for any exemption claimed for each employee of Defendants for whom Defendants claims [sic] to be exempt from the minimum wage, overtime, and recordkeeping requirements of the New York Labor Law and/or the Fair Labor Standards Act.

### Objections and Response to Request No. 10

Defendants object to Request No. 10 on the grounds that it is so vague that defendants cannot ascertain what documents it seeks, and on the additional grounds that to the extent that it seeks documents concerning employees other than store managers since June 2007 whom the defendants treated as exempt from the overtime pay requirements of the Fair Labor Standards Act and/or the New York Labor Law, the documents it seeks are not relevant to the claim or defense of any party to this action or to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome to produce considering the needs of the case, and are broader than is necessary for the purposes of this litigation. Notwithstanding the objectionable nature of this Request, defendants respond by stating that they have been unable to locate any communications, documents, or electronically memorialized information that pertain to defendants' contention that all or some of their store managers are exempt from the overtime pay requirements of the New York Labor Law and/or the Fair Labor Standards Act.

11

## DOCUMENT REQUEST NO. 11

All communications, and all documents, and all electronically memorialized information, concerning the total additions and deductions from wages paid to each employee each pay period and the nature of those deductions for each employee employed by Defendants since June 2007.

### Objections to Request No. 11

For their objections to Request No. 11, defendants refer plaintiff to defendants' foregoing Objections to Request No. 6, noting that defendants object to Request No. 11 on the additional ground that it is redundant of Request No. 6.

## DOCUMENT REQUEST NO. 12

All communications, and all documents, and all electronically memorialized information which relate in any way to the terms and conditions of the Plaintiffs' employment with Defendants.

### Objections and Response to Request No. 12

For their objections and response to Request No. 12, defendants refer plaintiff Robledo to defendants' foregoing Objections and Response to Requests No. 1 and 5.

## DOCUMENT REQUEST NO. 13

All communications, and all documents, and all electronically memorialized information, by and between the Defendants and the United States Department of Labor and/or the New York State Department of Labor relating to the payment of overtime and minimum wage to employees of the Defendants.

### Objections and Response to Request No. 13

For their objections and response to Request No. 13, defendants refer plaintiff Robledo to defendants' foregoing Objections and Response to Request No. 3, noting that defendants object to Request No. 13 on the additional ground that it is redundant of Request No. 3.

## DOCUMENT REQUEST NO. 14

All communications, and all documents, and all electronically memorialized information, concerning any investigation and settlement by the New York State Department of Labor and/or the United States Department of Labor against the Defendants for violations of the New York Labor Law and the Fair Labor Standards Act.

### Objections and Response to Request No. 14

For their objections and response to Request No. 14, defendants refer plaintiff

Robledo to defendants' foregoing Objections and Response to Requests No. 3 and 13,

noting that defendants object to Request No. 14 on the additional ground that it is

redundant of Requests No. 3 and 13.

## DOCUMENT REQUEST NO. 15

All communications, and all documents, and all electronically memorialized information, concerning the contestation and/or denial of unemployment benefits for each employee and/or former employee of the Defendants that was denied Unemployment Insurance since June 2007.

### Objections to Request No. 15

Defendants object to Request No. 15 the grounds that the word "contestation" is

so vague that defendants cannot ascertain what documents it seeks, and on the

additional grounds that the documents it appears to seek are not relevant to the claim or

defense of any party to this action or to the subject matter of this action, are not

reasonably calculated to lead to the discovery of admissible evidence, are unduly

burdensome to produce considering the needs of the case, and are broader than is

necessary for the purposes of this litigation.

## DOCUMENT REQUEST NO. 17

All communications, and all documents, and all electronically memorialized information concerning the relationship between the

13

defendants, including co-ownership, co-management of any of the Defendants with one another.

### Objections and Response to Request No. 17

Defendants, noting that there is no Request No. 16 in plaintiffs' requests for production, object to Request No. 16 on the grounds that it is so vague that defendants cannot ascertain what documents it seeks. Notwithstanding the objectionable nature of this Request, defendants respond by stating that defendant Rahme is the sole owner of each of the corporate defendants.

### DOCUMENT REQUEST NO. 18

All communications, and all documents, and all electronically memorialized information upon which Defendants will rely to defend against liability in this matter.

### Objections and Response to Request No. 18

Defendants object to Request No. 18 on the grounds that it is so vague that defendants cannot ascertain what documents it seeks, and on the additional grounds that it is premature in that discovery has only begun and at this stage of the proceeding it is not at all clear that there is any liability that defendants will need to defend against. Notwithstanding the objectionable nature of this Request, defendants respond by stating

that they will provide the documents requested at the time and in the manner prescribed

by the rules of the Court.

Dated:        August 23, 2013

BOND, SCHOENECK & KING, PLLC

By:_____
        Dennis A. Lalli (DL-0575)

330 Madison Avenue, 39th Floor
New York, New York  10017
Phone: 646-253-2300
Fax: (646) 253-2301
E-mail:   dlalli@bsk.com

Attorneys for the Defendants

To:        Walker G. Harman, Jr., Esq.
        Peter L. Andrews, Esq.
        The Harman Firm, PC
        200 West 57th Street, Suite 900
        New York, New York  10019

        Attorneys for the Plaintiff

15

62065.1



**BOND** SCHOENECK & KING

330 Madison Avenue | New York, NY 10017-5001 | bsk.com

Dennis A. Lalli
dlalli@bsk.com
P: 646.253.2312
F: 646.253.2379

August 23, 2013

Peter J. Andrews, Esq.
The Harman Firm, PC
200 West 57th Street, Suite 900
New York, New York 10019

Re:   Robledo, et al. v. No. 9 Parfume Leasehold, et al.
      Civil Action No. 12 Civ. 3579 (ALC) (DCF) (S.D.N.Y.)

Dear Mr. Andrews:

Here are Defendants' Responses and Objections to Plaintiffs' First Request for Interrogatories [*sic*] and the Production of Documents.

Inasmuch as this is Ms. Caloobanan's second day back from a lengthy vacation, I have been unable to have her execute a Verification for the interrogatory answers. As I explained to your colleague Mr. Walker on the telephone earlier this week, I will provide that verification upon receipt of the Verification of the plaintiffs' interrogatory answers.

I will look forward to speaking with you or Mr. Walker on Monday.

Very truly yours,

Dennis A. Lalli

DAL/omo
Enc.

62235.1

A Professional Limited Liability Company

# EXHIBIT B



**BOND** SCHOENECK & KING

330 Madison Avenue | New York, NY 10017-5001 | **bsk.com**

Dennis A. Lalli
dlalli@bsk.com
P: 646.253.2312
F: 646.253.2379

October 31, 2012

**VIA E-MAIL AS PDF DOCUMENT**

Walker G. Harman, Jr., Esq.
The Harman Firm, PC
200 West 57th Street, Suite 900
New York, New York 10019

      Re:    Robledo, et al. v. No. 9 Parfume Leasehold, et al.
             Civil Action No. 12 Civ. 3579 (RLC) (S.D.N.Y.)

Dear Mr. Harman:

      Reluctantly, I respond to your letter of October 10, 2013 regarding defendants' responses to plaintiffs' second First Request for Interrogatories and the Production of Documents, which were provided on August 23, 2013, more than two months ago. I say "reluctantly" because it has become an annoyance to have to do things over and over again with your firm because of your failure to communicate with your colleagues. I already had a "meet and confer" with Peter Andrews regarding defendants' responses on September 5, 2013. He and I reviewed all of defendants' responses and apparently plaintiffs were satisfied with defendants' responses. Certainly Mr. Andrews did not indicate that he thought judicial intervention was necessary, and plaintiffs did not seek judicial intervention during the intervening seven and a half weeks.

      Moreover, plaintiffs' second First Request for Interrogatories and the Production of Documents was virtually identical with your first First Set of Document Requests and Interrogatories. Accordingly, defendants' responses of August 23, 2013 were virtually identical with defendants' responses to your first set of document requests and interrogatories, dated December 10, 2012. On February 28, 2013, Mr. Andrews and I had a "meet and confer" regarding the December responses, and I responded to his objections with my letter of March 18, 2013, which apparently you failed to read, because your October 10 letter retreads ground well-trod at that time.

      In the future, let's do these things once. Not over and over again.

      Your letter of October 10, 2013 faults defendants' objection to plaintiffs' Interrogatory No. 3. We adhere to our objections and reject your arguments to the contrary. However, you may wish to observe that my letter of March 18, 2013 addressed the identical arguments that Mr. Andrews made, as follows:

64339.1

A Professional Limited Liability Company

Walker G. Harman, Esq.
October 31, 2013
Page 2

"Notwithstanding defendants' objection to Interrogatory No. 4, and solely to avoid the cost of discovery motion practice that defendants would prevail upon if either party sought intervention of the court, defendants supplement their answer to Interrogatory No. 4 by stating that in 2011 Michelle Vasapoli, a Regional Account Executive, inquired whether she was entitled to overtime pay for time spent traveling.  She was told that she was not entitled to overtime pay for such time because her position as a Regional Account Executive is exempt from the overtime pay requirements imposed by law."[1]  In short, you had your answer already, which you would have realized with either a little more communication with your colleague or a little more diligence.

Your letter of October 10, 2013 faults defendants' answer to Interrogatory No. 5, to the effect that there are no persons with knowledge concerning interactions with the State or U.S. Department of Labor regarding wage and hour or overtime matters.  First, you should know that this answer is accurate, because you subpoenaed both of those departments regarding matters involving the defendants and clearly their answer was that there were no responsive documents; certainly you have not forwarded any such documents to defendants.  Second, you quote an affidavit from Ms. Widmann in which I am alleged to have attempted to coach Ms. Widmann regarding what she would say to the Department of Labor.  You neglect (and I fail to see how it could be other than intentionally) to note that when I was preparing Ms. Widmann for her testimony, it was in regard to an unemployment insurance proceeding, not a proceeding that had anything to do with wage and hour matters or overtime pay.  And third, Ms. Widmann's affidavit is full of mistruths that are the result of either her own fabrication or that of her attorneys.  Defendants adhere to their response to Interrogatory No. 5.

Defendants objected to Interrogatory No. 7 on the ground that it sought the identity of all of defendants' sales associates within the last six years on the ground that it was premature because the court had not yet ruled on a motion for conditional certification of an FLSA collective action and because it is overbroad in time.  Judge Freeman's Order of October 17, 2013 declared that defendants' objection that this interrogatory is premature was reasonable, noting that plaintiffs' failure to make a motion to compel disclosure indicated apparent acceptance of defendants' objection.  We also note that the request for six years' worth of information is overbroad, in that the limitations period for FLSA claims is two years unless there is a showing – a showing that plaintiffs have not made or even alleged in other than in wholly conclusory allegations – that defendants' violations were willful.  Finally, it may be observed that your reliance on case law concerning plaintiffs' discovery prior to making a motion for conditional certification of a collective action is misplaced because your motion has been made already and as far as I can tell from reviewing plaintiffs' supporting papers is likely to be denied.

---

[1]  Plaintiffs' first Interrogatory No. 4 was identical with their second Interrogatory No. 3.

64339.1

Walker G. Harman, Esq.
October 31, 2013
Page 3

Your criticism of defendants' objection to Document Request No. 2 is nonsensical. That Request seeks documents regarding witnesses identified in defendants' responses to plaintiffs' interrogatories. Since plaintiffs' interrogatories did not ask for the identity of any witnesses, and more to the point, since defendants' responses to plaintiffs' interrogatories did not identify any witnesses, defendants' objection on grounds of vagueness was entirely reasonable, and we adhere to it. We note that the fact that certain individuals were identified as supervisors of plaintiff Robledo does not mean that they are witnesses; certainly defendants have not identified any of those individuals as witnesses and cannot decide whether to do so until we have deposed the plaintiffs.

Your dissatisfaction with defendants' objections to Requests No. 6, 7, 8, and 9, which demand production of payroll records and other documents for all of defendants' employees since June 2007, is identical with your dissatisfaction with defendants' objections to Interrogatory No. 7. Therefore, for our response to your concerns about defendants' objections to Requests No. 6,7, 8, and 9, kindly refer to our response to your concerns about defendants' objections to Interrogatory No. 7. *See supra* at 2.

Your concerns regarding defendants' objection to providing, in response to Request No. 11, documents concerning additions to and deductions from wages paid to all of defendants' employees since June 2007 are rejected not only for the same reasons set forth at page 2 above in regard to Interrogatory No. 7, but also because there are no allegations in the Complaint regarding additions to or deductions from any employee's wages.

Finally, I observe that the contentions set forth in your letter of October 10 do not raise the question of whether, assuming that defendants' objections are sound insofar as they pertain to plaintiffs' demand for information or documents concerning employees other than the plaintiffs, defendants' responses adequately provided the information and documents requested in regard to the plaintiffs themselves. Inasmuch as Mr. Andrews did not raise this issue during our "meet and confer" conversations of February 28 or September 5, 2013, I assume that the fact that your letter likewise does not do so is intentional. Nonetheless, in light Judge Freeman's Order dated October 17, 2013, please be advised that to the extent that those interrogatories and requests for production sought information or documents concerning the plaintiffs themselves, defendants' recent supplemental production provided such information and documents.

Very truly yours,

Dennis A. Lalli

DAL/omo

64339.1