

330 Madison Avenue | New York, NY 10017-5001 | bsk.com

**DENNIS A. LALLI**
dlalli@bsk.com
P: 646.253.2312
F: 646.253.2379

November 18, 2013

Honorable Debra Freeman
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 525
New York, New York  10007-1312

    Re:    *Robledo, et al. v. No. 9 Parfume Leasehold, et al.*
            Case No.: 12-cv-3579 (ALC) (DF)

Dear Judge Freeman:

    I write pursuant to Local Civil Rule 37.2 to request an informal conference in pursuit of an order pursuant to Fed.R.Civ.P. 30(d)(3)(A) limiting the plaintiffs' deposition of defendants' witness Hormidas Caloobanan.[1]  Plaintiffs should be precluded from posing questions concerning affidavits submitted in support of or in opposition to the motion to disqualify me that the plaintiffs made last year and which Judge Carter denied on March 20, 2013.  (*See* ECF No. 70.)  Questions concerning the affidavits submitted on the motion to disqualify (as well as questions concerning the events that were alleged on that motion) were made in bad faith, and their sole purpose was to embarrass, annoy, oppress the witness and me, inasmuch as the gravamen of the motion to disqualify was a fabricated allegation that I suborned perjury in a collateral unemployment insurance proceeding that involved a woman named Joan Bolick, who was never an employee of any of the retail store defendants in this action.  More important, nothing in the Bolick proceeding had any relationship whatsoever with the hours worked or compensation paid to any employee of the defendants.  Accordingly, information concerning those events fails to meet even the liberal construction of "relevance" that that term has under Fed.R.Civ.P. 26(b)(1).  *See Palm Bay Int'l v. Marchesi Di Barolo S.p.A.,* No. CV 09-601, 2009 WL 3757054, *2 (E.D.N.Y., Nov. 9, 2009), *citing Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

    For the convenience of the Court, I append to this letter as exhibit A the affidavit of Karin Maria Widmann, the first of the two affidavits at issue, and as exhibit B the declaration of Ms. Caloobanan, the second.

---

[1] In addition, I write in response to the letter that Peter J. Andrews, Esq., counsel for the plaintiffs, sent to the Court on Friday, November 15, 2013, regarding this same issue. Mr. Andrews' letter does not seek any specific relief or cite any authority to support whatever position he intended to assert in his letter. But I do agree with him that it would be appropriate for the Court to conduct a conference.

Hon. Debra Freeman
November 18, 2013
Page 2

My request for an order pursuant to Fed.R.Civ.P. 30(d)(3)(A) arises as a result of questions posed to Ms. Caloobanan at her deposition during the afternoon of last Friday, November 15, 2013. When those questions were posed, I stated that they appeared to be asked solely for the purpose of harassment or annoyance and instructed Ms. Caloobanan not to answer them. I advised Mr. Andrews that I would not object to properly framed questions that might lead to the discovery of evidence relevant to the lawsuit, and identified specifically paragraph 17 of the Widmann affidavit, which contained allegations concerning the time when Ms. Widmann had arrived at the store which might lead to the discovery of relevant evidence (since Ms Widmann claims she often arrived at the store early but was not paid for such time). However, Mr. Andrews did not ask questions concerning the time when Ms. Widmann arrived at the store, but persisted in asking questions that would elicit information concerning the Bolick unemployment insurance proceeding and my preparation of witnesses prior to that hearing. Accordingly, since the information at issue was completely unrelated to the claims or defenses at issue in this case and questions concerning it were not reasonably calculated to lead to the discovery or relevant evidence, I renewed my instruction to Ms. Caloobanan not to answer.[2]

In *Palm Bay, supra,* the court sustained a direction by defense counsel to defendant's 30(b)(1) witness not to answer questions concerning a traffic accident that counsel for the plaintiff characterized as "criminal incidents." The court found that the plaintiff had "failed to establish how such incident could have any application" to the commercial dispute at issue in the case at hand, and precluded questions concerning it because "[t]his application is nothing short of a foray into information which counsel seeks to discredit a non-party serving as Defendant's representative." *Id.* at *10. See also, *Pressley v. City of New York,* No. 11-CV-3234, 2013 WL 6028316, *2 (E.D.N.Y., Nov. 13, 2013) ("this question falls under FED.R.CIV.P. 30(d)(3)(A) because it does not address any claim or defense in the case, the witness is not a party, no good faith basis for asking this question has been provided, and the question is not designed to lead to admissible evidence").

---

[2] I did not ask Mr. Andrews to call the Court at that time because it was already around 2:00 p.m., and we had already agreed that the deposition could not be completed in one day because I had broken my wrist the night before and needed to get X-rays, for which I was able to get an appointment for 4:15 that afternoon. Since the deposition was going to be interrupted in a short while anyway, I saw no need to create further interruption. Although Mr. Andrews made his disagreement with my instruction to Ms. Caloobanan clear, he did not suggest we should interrupt the deposition at that time, either. Thus, although the way the events played out might well be characterized as a "procedural irregularity," it would be proper for the Court to consider this motion nonetheless. See *Palm Bay Int'l,* 2009 WL 3757054 at *11 ("[n]otwithstanding the procedural irregularity, the Court finds that Defendant's counsel was within her right to direct the witness not to answer these questions").

64778.1

Hon. Debra Freeman
November 18, 2013
Page 3

    Likewise, in the instant case there is no discernible relationship between the Bolick unemployment insurance hearing or the witness preparation that preceded it and the claims and defenses in the instant overtime pay lawsuit which could conceivably lead to the discovery of evidence related to any claim or defense at issue in this action. Questions concerning such matters should not be permitted to be asked of Ms. Caloobanan or any other witness in this case.

    Thank you for your attention to this matter.

Very truly yours,

Dennis A. Lalli

cc:    Peter Andrews, Esq. (via e-mail transmission as a pdf document)
        Walker Harman, Esq. (via e-mail transmission as a pdf document)

64778.1